SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Mark Schobinger,*
*on behalf of himself and all others*
*similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

MARK SCHOBINGER, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

TWITTER, INC. and X CORP.,

Defendants

Case No.   3:23-cv-3007

**CLASS ACTION COMPLAINT AND
JURY DEMAND**

1. BREACH OF CONTRACT
2. PROMISSORY ESTOPPEL

1
CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.      INTRODUCTION**

1.      Plaintiff Mark Schobinger files this Class Action Complaint against Defendants Twitter, Inc. and X Corp. (collectively "Twitter"), on his own behalf and on behalf of other current and former Twitter employees who were employed by the Company as of January 1, 2023, and who have not been paid their annual bonus for 2022.  Plaintiff brings claims for breach of contract and promissory estoppel.

2.      As described further below, Twitter has an employee cash performance bonus plan ("PBP" or "Bonus Plan") that is paid out annually.  Each year, the company has an overall target for the bonus plan, and employees each have a calculated amount of bonus (which is based on a percentage of their base salary) they will receive if the company pays bonus out at the target amount.  Traditionally, individuals covered by the bonus plan who are employed by the company at the time bonuses are paid out (typically in March) receive their annual bonus for the prior year.

3.      In the months leading up to Elon Musk's acquisition of Twitter in October 2022, the company's executives, including former Chief Financial Officer, Ned Segal, repeatedly promised Plaintiff and the company's other employees that 2022 bonuses would be paid out at fifty percent (50%) of target. This promise was repeated following Musk's acquisition. Plaintiff and other Twitter employees relied upon the promise that they would receive their 2022 bonus when choosing to remain employed by Twitter following Musk's acquisition of the company and/or deciding to forgo other employment opportunities.

4.      However, despite Twitter's promises that it would pay 2022 bonuses at fifty percent (50%) of target, Twitter refused to pay employees who remained employed by the company in the first quarter of 2023, any bonus.

5.      Plaintiff files this action, bringing claims for breach of contract and promissory estoppel, on behalf of himself and other current and former Twitter employees who were employed in the first quarter of 2023 but did not receive their bonus.

## II.     PARTIES

6.      Plaintiff Mark Schobinger is an adult resident of Round Rock, Texas. As such, he is a citizen of Texas. He was employed by Twitter as Senior Director, Compensation, from February 11, 2019, until May 26, 2023. Plaintiff was originally responsible for overseeing executive and incentive compensation when he was hired by Twitter. In November 2022, he assumed responsibility for all employee compensation for the company globally.

7.      Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all individuals who were employed by Twitter in the first quarter of 2023 and were covered by Twitter's Bonus Plan but did not receive their annual bonus for 2022.

8.      Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California. As such, it is a citizen of Delaware and California.

9.      Defendant X Corp. is a Nevada corporation, headquartered in San Francisco, California. As such, it is a citizen of Nevada and California.

10.      In or about March 2023, Twitter merged with X Corp., and as a result Twitter and X Corp. are a single entity. X Corp. has successor liability for Twitter's unlawful acts.

## III.     JURISDICTION

11.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff and Defendants are citizens of different states, and the matter in controversy for the class exceeds $5 million.

12.      This Court has personal jurisdiction over Defendants, as they are headquartered in this District and conduct substantial business operations in this District.

CLASS ACTION COMPLAINT

## IV.    **STATEMENT OF FACTS**

13.     Twitter is a social media company that previously employed thousands of people across the United States.

14.     Twitter has an employee cash performance bonus plan ("PBP" or "Bonus Plan") that is paid out annually (typically in March) for the prior year.  Each year, the company has an overall target for the bonus plan, and employees each have a calculated amount of bonus they will receive (based on their base pay) if the company pays out the target amount.

15.     Throughout the year, Twitter funds the Bonus Plan based upon a target amount. Historically, the company has paid out at least 50% of the target each year.  Traditionally, employees who were separated based upon job elimination, prior to the payout date, were paid one hundred percent (100%) of their targeted bonus.

16.     In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company.

17.     Following this announcement, many employees raised concerns regarding the company's policies following this anticipated acquisition, including concerns about their compensation and annual bonus.

18.     In order to allay employees' concerns and try to prevent them from leaving Twitter to work at other companies, Twitter made various promises to employees.

19.     One of the promises was that employees would receive their annual bonus for 2022 under the company's Bonus Plan.

20.     Both before and after Musk's acquisition was completed in October 2022, Twitter's management continuously promised the company's employees, including Plaintiff, that their annual bonus for 2022 would be paid under the Bonus Plan.

21.     For example, during an all-hands meeting in the months leading up to Musk's acquisition being completed in October 2022, Twitter's former Chief Financial Officer, Ned

4
CLASS ACTION COMPLAINT

Segal, informed the company's employees, including Plaintiff, that 2022 bonuses under the Bonus Plan would be paid out at fifty percent (50%) of target.

22.     Twitter's actions throughout 2022 reinforced the promise conveyed by Segal and its other management employees that employees, including Plaintiff, would be paid their annual bonus at fifty percent (50%) of target.

23.     Specifically, consistent with its past practice and the promises made by management to its employees, Twitter did in fact fund the Bonus Plan at fifty percent (50%) of targeted employee bonuses for 2022. The money for employees' annual bonuses under the Bonus Plan was accounted for by Twitter's financial team and was available to be paid to Twitter's employees during the first quarter of 2023.

24.     Plaintiff, like many other Twitter employees, relied on Twitter's promise to pay his 2022 annual bonus in choosing to remain employed by Twitter following Musk's acquisition of the company.

25.     In the months following Musk's acquisition of Twitter, Plaintiff regularly received calls from recruiters and companies regarding other employment opportunities. However, Plaintiff turned down these opportunities, secure in the knowledge that Twitter would pay him his promised 2022 annual bonus during the first quarter of 2023.

26.     However, rather than pay employees who remained employed by Twitter the annual bonus promised to them, the company refused to pay any employees their 2022 annual bonus.

27.     Based on Twitter's reneging on various promises it had made to employees, including its failure to pay promised bonuses, Plaintiff left the company in May 2023.

## COUNT I

### Breach of Contract

During the months leading up and following Elon Musk's acquisition of Twitter, Twitter repeatedly promised employees that they would receive their annual bonus under the company's Bonus Plan and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus.  Plaintiff and other employees accepted these offers by continuing to work for Twitter, rather than looking for and accepting other job opportunities. However, Twitter reneged on this agreement.  It refused to pay annual bonuses to employees during the first quarter of 2023 (or thereafter), despite funding the Bonus Plan throughout 2022 and accounting for the payment of such annual bonuses. Thus, Plaintiff, on behalf of himself and other employees, allege that Twitter breached its contract to the employees by not paying the promised bonuses.

## COUNT II

### Promissory Estoppel

During the months leading up and following Elon Musk's acquisition of Twitter, Twitter repeatedly promised employees that they would receive their annual bonus under the company's Bonus Plan and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus.  In reasonable reliance on these promises, Plaintiff and other employees continued to work for Twitter, rather than looking for and accepting other job opportunities. However, Twitter reneged on this promise. It refused to pay annual bonuses to employees during the first quarter of 2023 (or thereafter), despite funding the Bonus Plan throughout 2022 and accounting for the payment of such annual bonuses. Thus, Plaintiff and other employees were harmed by their reliance on this promise, including that they lost opportunities to obtain other employment at the time they were relying on the promise.

**JURY DEMAND**

Plaintiff requests a trial by jury on the claims asserted here.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a.  Declare and find that Defendants are liable to Plaintiff and other and other similarly situated Twitter employees for breach of contract and under the doctrine of promissory estoppel;

b.  Certify this case as a class action;

c.  Award compensatory damages, in an amount according to proof;

d.  Award pre- and post-judgment interest; and

e.  Award any other relief to which Plaintiff and other similarly situated Twitter employees may be entitled.

Respectfully submitted,

MARK SCHOBINGER, on behalf of himself and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:          June 20, 2023

7
CLASS ACTION COMPLAINT