1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   Kassia Stephenson, Bar No. 336175
4  kassia.stephenson@morganlewis.com
   One Market, Spear Street Tower
5  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
6  Fax:    +1.415.442.1001

7  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
8  ashlee.cherry@morganlewis.com
   1400 Page Mill Road
9  Palo Alto, CA  94304
   Tel:    +1.650.843.4000
10 Fax:    +1.650.843.4001

11 Attorneys for Defendants
   TWITTER, INC. and X CORP.

12

13                **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN FRANCISCO DIVISION**

16

17 MARK SCHOBINGER, on behalf of himself      Case No. 3:23-cv-03007-VC
   and all others similarly situated,
18                                            **DEFENDANT TWITTER, INC.'S**
                                              **NOTICE OF MOTION AND MOTION**
19              Plaintiff,                     **TO DISMISS PLAINTIFF'S**
                                              **COMPLAINT**
20              vs.
                                              **MEMORANDUM OF POINTS AND**
21 TWITTER, INC. and X CORP.,                  **AUTHORITIES IN SUPPORT**
                                              **THEREOF**
22              Defendants.
                                              Date:      September 21, 2023
23                                            Time:      10:00 a.m.
                                              Judge:     Hon. Vince Chhabria
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2023, at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 4 on the 17th Floor of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant X Corp. as successor in interest to Defendant Twitter, Inc. (hereinafter, "Twitter"), will, and hereby does, move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint for failure to state a claim upon which relief can be granted, based on the following grounds:

1.      Plaintiff's first cause of action for breach of contract fails to state a claim because Plaintiffs do not allege facts sufficient to support a plausible breach of contract claim.

2.      Plaintiff's second cause of action for promissory estoppel fails to state a claim because Plaintiffs do not allege facts sufficient to support a plausible promissory estoppel claim.

Twitter's Motion to Dismiss is based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice and its attached Exhibit, the pleadings on file herein and such arguments and admissible evidence as may be presented at the time of hearing.

Dated: August 4, 2023                                    MORGAN, LEWIS & BOCKIUS LLP


                                                        By   _/s/ Eric Meckley_
                                                             Eric Meckley
                                                             Brian D. Berry
                                                             Ashlee N. Cherry
                                                             Kassia Stephenson

                                                             Attorneys for Defendant
                                                             TWITTER, INC.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

-i-

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT BACKGROUND .............................................................................. 1

    A. Plaintiff Mark Schobinger's Claims ......................................................... 1

    B. The 2022 Global Discretionary Performance Bonus Plan ....................... 2

III. LEGAL STANDARD ............................................................................................ 4

    A. Legal Standard for Motion to Dismiss Under Rule 12(b)(6). .................. 4

IV. ARGUMENT ......................................................................................................... 5

    A. The Court May Consider the PBP in Ruling Upon Twitter's Motion. ..... 5

    B. Plaintiff Fails to State a Claim for Breach of Contract. ........................... 7

        1. Plaintiff Does Not Have a Contractual Right to a Bonus Under the Plan. ................................................................................ 7

        2. Plaintiff Cannot Rely on Alleged Oral Promises That Contradict the PBP. .................................................................... 10

        3. Plaintiff Fails to Allege Substantive Facts Showing that He Is an "Eligible Employees" Under the Terms of the PBP. ....... 11

    C. Plaintiff Fails to State a Claim for Promissory Estoppel. ...................... 12

        1. The Promissory Estoppel Claim Fails Given the Existence of the PBP. ........................................................................... 12

        2. Plaintiff Cannot Plead Reasonable Reliance as a Matter of Law Given the Terms of the PBP. ......................................... 13

V. CONCLUSION .................................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-ii-

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:22-CV-07226-AMO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addicks Servs., Inc. v. GGP-Bridgeland, LP*,
    596 F.3d 286 (5th Cir. 2010)....................................................................... 13

*AMC Tech., LLC v. Cisco Sys., Inc.*,
    No. 11-cv-3403-PSG, 2012 WL 174949 (N.D. Cal. Jan. 20, 2010) ...................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................... 4, 5

*B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*,
    No. C 07-02864 JSW, 2007 WL 3232276 (N.D. Cal. Nov. 1, 2007) ..................... 13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................... 5

*Brock v. Baskin Robbins, USA, Co.*,
    No. 5:99-CV-274, 2003 WL 21309428 (E.D. Tex. Jan. 17, 2003).................... 13, 14

*Castranova v. Teknekron Infoswitch, Inc.*,
    No. CIV.A. 3:00-CV-0361-, 2003 WL 22143793 (N.D. Tex. Aug. 18, 2003)............ 8, 9

*Colodney v. Cnty. of Riverside*,
    No. EDCV1300427VAPSPX, 2013 WL 12200649 (C.D. Cal. Aug. 16, 2013),
    *aff'd*, 651 F. App'x 609 (9th Cir. 2016) ......................................................... 6

*Condrey v. SunTrust Bank of Georgia*,
    429 F.3d 556 (5th Cir. 2005)........................................................................ 10

*Crane v. Rave Restaurant Group, Inc.*,
    552 F.Supp.3d 692 (E.D. Tex. 2021) ............................................................... 9

*Dittman v. D.B. Zwim & Co., L.P.*,
    No. H-09-402, 2010 WL 519692 (S.D. Tex. Feb. 8, 2010) ................................... 12

*Dow Chemical Company v. Buchanan Hauling & Rigging, Inc.*,
    No. 4:21-CV-2604, 2022 WL 17406392 (S.D. Tex. Nov. 7, 2022),
    *report and recommendation adopted*, No. CV H:21-2604, 2022 WL 17405832
    (S.D. Tex. Nov. 29, 2022)............................................................................ 10

*Drake v. Option One Mortgage Corp.*,
    No. SACV0901450CJCRNBX, 2010 WL 11464891 (C.D. Cal. Apr. 15, 2010)................ 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-iii-

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:22-CV-07226-AMO

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Duran v. Bar-S Foods Co.*,
  No. CV H-15-0788, 2015 WL 13119411 (S.D. Tex. Oct. 27, 2015).......................................... 9

*Hum. Res. Advantage, LLC v. Hanover Ins. Co.*,
  No. 121CV01610JLTBAM, 2022 WL 1214899 (E.D. Cal. Apr. 25, 2022).............................. 7

*Ileto v. Glock, Inc.*,
  349 F.3d 1191 (9th Cir. 2003)................................................................................................ 4

*Inglish v. Prudential Ins. Co. of Am.*,
  928 S.W.2d 702 (Tex.App.Houston (1st Dist.) 1996, *writ denied*) ........................................ 12

*Klees v. Liberty Life Assur. Co. of Bos.*,
  110 F. Supp. 3d 978 (C.D. Cal. 2015).................................................................................... 6

*Kliff v. Hewlett Packard Co.*,
  318 F. App'x 472 (9th Cir. 2008) .......................................................................................... 12

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005)................................................................................................ 6

*L'Garde, Inc. v. Raytheon Space and Airborne Sys., 11-CV-4592-GW (AGRx)*,
  2013 WL 12113998 (C.D. Cal. Sept. 6, 2013)................................................................ 13, 14

*Lenk v. Monolithic Power Sys., Inc.*,
  No. 15-CV-01148-NC, 2015 WL 7429498 (N.D. Cal. Nov. 23, 2015).................................. 9

*LeTourneau Technologies Drilling Systems, Inc. v. Nomac Drilling, LLC*,
  676 F.Supp.2d 534 (S.D. Tex. 2009) ............................................................................... 13, 14

*Long v. Authentic Athletix LLC*,
  No. 16-CV-03129-JSC, 2017 WL 1064988 (N.D. Cal. Mar. 20, 2017) ................................ 7

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006).................................................................................................. 6

*Medical Components, Inc. v. Osiris Medical, Inc.*,
  226 F.Supp.3d 743 (W.D. Tex. 2016)............................................................................... 10, 11

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008)................................................................................................ 5

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009).................................................................................................. 5

*Nanometrics Incorporated v. Optical Solutions, Inc.*,
  No. 18-CV-00417-BLF, 2019 WL 13123294 (N.D. Cal. Nov. 26, 2019)............................ 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case No. 3:22-CV-07226-AMO

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Nichols v. Enterasys Networks, Inc.*,
   495 F.3d 185 (5th Cir. 2007)...................................................................... 8

*Omnitech International, Inc. v. Clorox Company*,
   11 F.3d 1316 (5th Cir. 1994)................................................................. 13, 14

*Oster v. Caithness Corp.*,
   2017 WL 3727174 (N.D. Cal. Aug. 30, 2017)...................................... 13, 14

*Parrino v. FHP, Inc.*,
   146 F.3d 699, *superseded by statute on other grounds as recognized in*
   *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006)...................... 7

*Peak v. TigerGraph, Inc.*,
   No. 21-CV-02603-PJH, 2021 WL 4061703 (N.D. Cal. Sept. 7, 2021) ...................... 6

*Perez v. Alcoa Fujikura, Ltd.*,
   969 F.Supp. 991 (W.D. Tex. 1997)............................................................ 10

*Shahriary v. Teledesic LLC*,
   60 F. App'x 157 (9th Cir. 2003) .............................................................. 9

*Shanklin v. Columbia Mgmt. Advisors, L.L.C.*,
   No. CIV.A. H-07-2690, 2008 WL 4899631 (S.D. Tex. Nov. 12, 2008) .................... 8

*Simones v. Jerde P'ship, Inc.*,
   No. 221CV08265VAPKESX, 2022 WL 2784773 (C.D. Cal. Jan. 19, 2022)............... 10

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996)................................................................... 5

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011).................................................................. 5

*Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG*,
   460 F. App'x 709 (9th Cir. 2011) ............................................................. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007).............................................................................. 5

*U.S. v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011).................................................................... 5

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981).................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case No. 3:22-CV-07226-AMO

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 4, 5, 6, 7

**Statutes**

Cal. Civ. Code § 1646 .......................................................................................... 7

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

vi

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS AND/OR STRIKE
Case No. 3:22-CV-07226-AMO

## I.     INTRODUCTION

Plaintiff Mark Schobinger claims that Twitter failed to pay him and other employees an annual performance bonus under the terms of Twitter's "Global Discretionary Performance Bonus Plan" (the "PBP").  As the title reflects, the PBP is discretionary.  Under the PBP terms, Twitter had discretion to decide whether to fund a Performance Bonus Pool.  Twitter also had discretion to adjust the amount of the Performance Bonus Pool and to modify the amount of any individual Performance Bonus.  Only "Eligible Employees" could receive a "Performance Bonus" under the terms of the PBP, and Twitter retained discretion to terminate any Eligible Employee's participation in the PBP at any time. The PBP was fully integrated and expressly superseded all other written and oral statements regarding its subject matter. All of these material terms are unambiguous and readily apparent from the face of the PBP and, as a result, Plaintiff's claims for breach of contract and promissory estoppel based upon company executives alleged oral promises of pay bonuses under the PBP fail and must be dismissed – without leave to amend.

The Court should grant Twitter's Motion in its entirety and dismiss the Complaint.

## II.    RELEVANT BACKGROUND

### A.     Plaintiff Mark Schobinger's Claims

Plaintiff Mark Schobinger is the former Senior Director, Compensation at Twitter. Compl., ¶ 6.  Plaintiff worked at Twitter from February 2019 until May 2023, when he voluntarily resigned.  *Id.*, ¶¶ 6, 27.

Plaintiff alleges that Twitter pays its employees annual bonuses pursuant to the terms of an "employee cash performance bonus plan ('PBP' or 'Bonus Plan')".  *Id.*, ¶¶ 2, 14.  Plaintiff alleges that Twitter sets "an overall target for the performance bonus plan, and employees each have a calculated amount of bonus that they will receive if the company pays out the target amount."  *Id.*  Plaintiff further alleges that Twitter funds the performance bonus plan throughout the year and has historically paid out at least 50% of the overall target.  *Id.*, ¶ 15.

Plaintiff alleges that, following the announcement of Twitter's acquisition, "the company's executives, including former Chief Financial Officer, Ned Segal, repeatedly promised Plaintiff and the company's other employees that 2022 bonuses would be paid out at fifty percent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

(50%) of target." *Id.*, ¶¶ 3,19-21.  Plaintiff alleges that Twitter made these promises to assuage employee concerns about the acquisition and to promote employee retention.  *Id.*, ¶ 18.  Plaintiff alleges that he and "many other Twitter employees" relied on Twitter's promises in deciding to continue working for Twitter during the acquisition.  *Id.*, ¶¶ 24-25.

Plaintiff alleges that although Twitter allegedly funded the performance bonus plan at 50% of targeted employee bonuses, Twitter refused to pay out bonuses under the terms of the performance bonus plan.  *Id.*, ¶¶ 23, 26.  Plaintiff further alleges that due to Twitter's alleged refusal to pay the 2022 bonus, Plaintiff left the company in May 2023.

Plaintiff seeks to represent a putative class defined as "all individuals who were employed by Twitter in the first quarter of 2023 and were covered by Twitter's Bonus Plan but did not receive their annual bonus for 2022."  *Id.*, ¶ 7.

**B.      The 2022 Global Discretionary Performance Bonus Plan**

The "employee cash performance bonus plan ("PBP" or "Bonus Plan")" applicable to calendar year 2022 that the Plaintiff expressly and repeatedly references in the Complaint is the 2022 Global Discretionary Performance Bonus Plan (the "PBP").  Request for Judicial Notice ("RFJN"), Ex. A.

The PBP expressly describes the Performance Bonus as "discretionary".  The PBP contains numerous provisions reiterating the overall discretionary nature of the PBP and Twitter's discretion regarding the funding of the PBP, eligibility and inclusion, and payment of any Performance Bonus, including the following:

- "In the event that an Eligible Employee is subject to disciplinary action (including but not limited to a written warning) during the Plan Year or at any time prior to the Performance Bonus Payout Date, Twitter reserves the right *in its sole discretion* to reduce or eliminate any Performance Bonus Payout earned by the Eligible Employee, subject to local law."  *Id.*, p. 1 (emphasis added).

- "An Eligible Employee's target Performance Bonus is a target percentage of the employee's eligible earnings as designated by the Eligible Employee's Twitter Group employing entity, *in its discretion*."  *Id.*, p. 2 (emphasis added).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

- "Notwithstanding the foregoing and subject to applicable law, solely in the event of unforeseen and extraordinary circumstances as determined by the Compensation Committee, the Compensation Committee *reserves the right in its discretion* to determine a Performance Bonus Pool amount based on an alternative formula and/or elect not to fund any Performance Bonus Pool for the Plan Year." *Id.*, p. 2 (emphasis added).

- "*If* a Performance Bonus Pool is established, Twitter will allocate a portion of the Performance Bonus Pool to each member of Staff to distribute to their managers, *who will exercise discretion* following the end of the Plan Year to determine individual Performance Bonuses to Eligible Employees, based on the Eligible Employee's target percentage and the manager's assessment of the Eligible Employee's individual performance and overall contribution to the team and the Twitter Group's goals." *Id.*, p. 2 (emphasis added).

- "Subject to applicable law, Twitter *reserves the right* to terminate any Eligible Employee's participation in the Plan at any time." *Id.*, p. 2 (emphasis added).

- "Any Twitter Group entity may assign its rights under the Plan to any other Twitter Group entity (as applicable) at any time *at its absolute discretion.*" *Id.*, p. 3 (emphasis added).

- "Subject to applicable law, Twitter, Inc. *retains full discretion to interpret, amend, modify, terminate or revoke the Plan and any individual PAF [Plan Acknowledgement Form] at its sole discretion, including the modification of any individual Performance Bonus,* and its determinations are final and binding." *Id.*, p. 3 (emphasis added).

- "The resolution of any questions with respect to payments and entitlements pursuant to the provisions of this Plan shall be determined by the Performance Bonus Plan Administrator, *in his/her sole discretion, and all such determinations shall be final and conclusive.*" *Id.*, p. 3 (emphasis added).

The PBP also states that "[t]o be eligible to receive a discretionary performance bonus

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1 payment under the Plan ('Performance Bonus'), subject to applicable law, each Eligible

2 Employee must satisfy each of seven enumerated criteria.  To be eligible, an employee must:

3    (1) be a regular employee of a Twitter Group company; and (2) be actively employed
     in good standing on the Performance Bonus Payout Date (as defined below), have
4    successfully completed any probationary period (if based outside the U.S.); and (3)
     be in a Twitter Group role designated as eligible (excluding members of Staff); and
5    (4) if placed on a performance improvement plan or written performance counseling
     during the Plan Year, have successfully completed the requirements of the
6    applicable plan/counseling within the Plan Year; and (5) not be subject to
     disciplinary action or termination for significant misconduct (including but not
7    limited to violation(s) of Twitter Group policy including the Code of Conduct and/or
     any applicable Company or Twitter Group employee playbook) during the Plan
8    Year or at any point before the Performance Bonus Payout Date; and (6) not be in a
     role that is eligible to earn any type of incentive compensation under the Twitter
9    Incentive Compensation Plan; and (7) not be a fixed-term contract employee.

10

11 *Id.*, p. 1.

12    The PBP requires that "Subject to applicable law, Eligible Employees whose employment

13 ends at any time before the Performance Bonus Payout Date will not be eligible for any

14 Performance Bonus under the Plan."

15    The PBP is fully integrated and constitutes the "Entire Agreement" regarding the subject

16 of bonus payments: "This Plan, along with each PAF, constitutes the entire agreement and

17 understanding between the relevant Twitter Group employing entity and each Eligible Employee

18 relating to the subjects covered by this Plan and supersedes and replaces any and all other plans,

19 agreements, plan summaries, representations, discussions and/or understandings (written or

20 oral)." *Id.*, p. 3.

21 **III.    LEGAL STANDARD**

22    **A.    Legal Standard for Motion to Dismiss Under Rule 12(b)(6).**

23    A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

24 the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a Rule

25 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true,

26 to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

27 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard is

28 not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

4

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability."

2   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57).  A complaint

3   must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a

4   cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

5   2009) ("[B]are assertions… amounting to nothing more than a 'formulaic recitation of the

6   elements'" of a claim "are not entitled to an assumption of truth" (quoting *Iqbal*, 556 U.S. at 681)).

7   Therefore, the Court may not "assume the truth of legal conclusions merely because they are cast

8   in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981);

9   *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (holding that "[c]onclusory

10  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

11  failure to state a claim").

12          The Court considers whether the pleading's "factual content … allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged," such that "it is not

14  unfair to require the opposing party to be subjected to the expense of discovery and continued

15  litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Dismissal is required when a

16  complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable

17  legal theory.  *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

18  1104 (9th Cir. 2008); Fed. R. Civ. P. 12(b)(6).

19  **IV.   ARGUMENT**

20          **A.      The Court May Consider the PBP in Ruling Upon Twitter's Motion.**

21          When ruling on a motion to dismiss, a court may "consider unattached evidence on which

22  the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

23  central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *U.S.*

24  *v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Tellabs, Inc. v. Makor Issues & Rights,*

25  *Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as

26  other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

27  particular, documents incorporated into the complaint by reference, and matters of which a court

28  may take judicial notice.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

Courts in the Ninth Circuit, including courts in the Northern District, have applied the incorporation by reference doctrine to contract documents, such as employment, compensation, or benefit plan documents, where the documents were referenced in the complaint and served as the basis for the claims. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (citations omitted)). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). *See also, e.g.*, *Peak v. TigerGraph, Inc.*, No. 21-CV-02603-PJH, 2021 WL 4061703, at *4 (N.D. Cal. Sept. 7, 2021) (applying the incorporation by reference doctrine to compensation plan documents, finding that "[t]he gravamen of the lawsuit is that [Defendant] failed to compensate [Plaintiff] under the terms of their agreements, so it is appropriate for the court to consider the agreements."); *Klees v. Liberty Life Assur. Co. of Bos.*, 110 F. Supp. 3d 978, 982 (C.D. Cal. 2015) (applying the incorporation by reference doctrine to an insurance policy and letters regarding the payment of benefits, finding that the documents were "explicitly or implicitly referenced in the complaint, and Plaintiff's complaint depends on, at a minimum, the existence of a contract and the termination of benefits that are alleged to be owed under the contract. It is therefore appropriate to consider these documents along with the complaint in the motion to dismiss"); *Colodney v. Cnty. of Riverside*, No. EDCV1300427VAPSPX, 2013 WL 12200649, at *2 (C.D. Cal. Aug. 16, 2013), *aff'd*, 651 F. App'x 609 (9th Cir. 2016) (applying the incorporation by reference doctrine to "documents detailing the County's offer and [plaintiff's] acceptance of employment, and the terms of that employment" where the plaintiff alleged that the County did not hire him or dismiss him properly, finding that the "documents detailing the County's offer and his acceptance of employment, and the terms of that employment, form[ed] the basis of the Complaint").

A court may use the incorporation by reference doctrine to consider extrinsic evidence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1  even if a complaint deliberately fails to mention a critical document upon which it relies.  *Parrino*

2  *v. FHP, Inc.*, 146 F.3d 699, 706, *superseded by statute on other grounds as recognized in Abrego*

3  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  This "[p]revents plaintiffs from

4  surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which

5  their claims are based." *Id.*

6        Here, the Complaint repeatedly and expressly references the "employee cash performance

7  bonus plan" ("PBP" or "Bonus Plan").  *See, e.g.*, Compl. ¶¶ 2, 7, 14, 15, 19, 20, 23, Count I,

8  Count II.  The gravamen of the Complaint is that Twitter did not pay performance bonuses owed

9  under the PBP, and Plaintiff's claims depend upon the PBP.  The PBP is clearly central to the

10  claims.  As a result, the Court may take judicial notice of the PBP and consider it when ruling on

11  the Motion.  *See* RFJN, Ex. A.

12        **B.    Plaintiff Fails to State a Claim for Breach of Contract.**

13            1.    Plaintiff Does Not Have a Contractual Right to a Bonus Under the Plan.

14        A federal court sitting in diversity applies the forum state's choice of law rules to

15  determine what law applies to an alleged contract.  *See, e.g., Long v. Authentic Athletix LLC*, No.

16  16-CV-03129-JSC, 2017 WL 1064988, at *4 (N.D. Cal. Mar. 20, 2017).  Accordingly, here,

17  "California's choice-of-law statute, Civil Code section 1646, determines the applicable law in

18  governing the interpretation of a contract."  *Hum. Res. Advantage, LLC v. Hanover Ins. Co.*, No.

19  121CV01610JLTBAM, 2022 WL 1214899, at *6 (E.D. Cal. Apr. 25, 2022) (citing *Frontier Oil*

20  *Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1443 (2007), *as modified* (Sept. 5, 2007)).  "The

21  California choice-of-law provision for a breach of contract action states, 'A contract is to be

22  interpreted according to the law and usage of the place where it is to be performed; or, if it does

23  not indicate a place of performance, according to the law and usage of the place where it is

24  made.'"  *Id.* (citing Cal. Civ. Code § 1646).  Here, Plaintiff is a resident and citizen of the State of

25  Texas (Compl., ¶ 6), and performance under the PBP (*i.e.*, payment of the bonus) would have

26  occurred in Texas.  Thus, pursuant to California's choice-of-law statute, Texas law applies to

27  Plaintiff's common law claims.

28        Under Texas law, Plaintiff's breach of contract claim fails because the PBP does not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

confer upon Plaintiff a contractual right to a bonus.  "[W]hen an employment contract does not guarantee a bonus in a fixed, nondiscretionary amount, and the bonus offered is an incentive to encourage the employee to perform in accordance with the previously existing contract of employment, the promise to pay a bonus is unenforceable for want of sufficient consideration, since the employee is only giving the same service it has already contracted with the employer to render."  *Shanklin v. Columbia Mgmt. Advisors, L.L.C.*, No. CIV.A. H-07-2690, 2008 WL 4899631, at *12 (S.D. Tex. Nov. 12, 2008); *see also Castranova v. Teknekron Infoswitch, Inc.*, No. CIV.A. 3:00-CV-0361-, 2003 WL 22143793, at *2 (N.D. Tex. Aug. 18, 2003) ("the law is well-established that a promise to pay a bonus is unenforceable for want of sufficient consideration since the employee is only giving the same service he has already contracted with the employer to render").  Conversely, valuable consideration may exist "if the purpose and effect of the promise is to induce the employee to refrain from doing something he is otherwise entitled to do under his regular contract of employment or to induce the employee to do something he is not otherwise required to do under his regular contract of employment."  *See Castranova,* 2003 WL 22143793, at *2.

Here, the PBP expressly provides that it was intended "[t]o motivate, recognize, and reward our Tweeps for their hard work and contributions to the achievement of company and individual performance objectives."  RFJN, Ex. A.  The PBP clearly was meant to incentivize employees to perform their jobs—something they would do regardless of the existence of the PBP.  Given that the PBP rewards employees for performing their job duties, rather than some additional duties not otherwise part of their existing jobs, no valid or enforceable contract exists under Texas law.  *See Castranova,* 2003 WL 22143792, at *2 (citing *Stone v. Moore*, 375 F.2d 110, 112 (5th Cir. 1967)) ("If the employee has a pre-existing duty to perform his job, a gratuitous promise of additional compensation for doing that job does not create a valid and enforceable contract").

In addition, no contractual right to a bonus exists given the discretionary nature of the PBP.  *See, e.g., Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185 (5th Cir. 2007) (where a contract "include[s] the very terms giving [an employer] discretion to adjust" amounts paid to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   paid to an employee, there is no basis for a breach of contract claim); *see also Crane v. Rave*

2   *Restaurant Group, Inc.*, 552 F.Supp.3d 692, 703-705 (E.D. Tex. 2021) (where a bonus was

3   subject to the approval of the defendant's Board of Directors, who retained "discretion to interpret

4   the Company's achievement of the bonus targets and take into consideration unusual, one-time, or

5   forward-looking factors that affected the Company's historical results or may affect the

6   Company's future prospects," there was no contractual right to a bonus payment).

7           Here, the PBP, which is entitled the "Global *Discretionary* Performance Bonus Plan"—is

8   replete with express statements of its discretionary nature.  *See, e.g.,* RFJN, Ex. A, p. 1 (Prefatory

9   Language) (reference to the "discretionary Performance Bonus") (emphasis added); *Id.*, p. 1

10   ("Employee Eligibility") ("[t]o be eligible to receive a discretionary performance bonus payment

11   under the Plan…"); *Id.*, p. 3 ("Miscellaneous") ("Twitter, Inc. retains full discretion to interpret,

12   amend, modify, terminate or revoke the Plan … at its sole discretion, including the modification

13   of any individual Performance Bonus, and its determinations are final and binding").  Further, the

14   PBP explicitly gives Twitter the discretion to elect not to fund any Performance Bonus Pool for

15   the Plan Year and to adjust the amount of the Performance Bonus Pool (the sum from which

16   individual bonuses are paid).  *Id.*, p. 2 ("Funding of the Performance Bonus Plan").  Because a

17   discretionary bonus plan cannot form the basis of a claim for breach of contract, dismissal is

18   mandated.  *See, e.g., Duran v. Bar-S Foods Co.*, No. CV H-15-0788, 2015 WL 13119411, at *7

19   (S.D. Tex. Oct. 27, 2015) (granting motion to dismiss and finding incentive bonus based on

20   annualized base salary failed to support a claim for breach of contract to the extent the defendant

21   had discretion to pay a smaller bonus).

22           Although Texas law applies to Plaintiff's common law claims given his residency and

23   citizenship in the State of Texas, his claims also would fail under California law.  *See*, *e.g.*,

24   *Shahriary v. Teledesic LLC*, 60 F. App'x 157, 162 (9th Cir. 2003) (where plaintiff was "eligible

25   to receive an annual bonus in the discretion of [defendant]," defendant "had no obligation to

26   award [plaintiff] a bonus").  Courts in the Ninth Circuit routinely dismiss breach of contract

27   claims predicated upon the payment of a discretionary bonus.  *See Lenk v. Monolithic Power Sys.,*

28   *Inc.*, No. 15-CV-01148-NC, 2015 WL 7429498, at *5 (N.D. Cal. Nov. 23, 2015) (dismissing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   contract claim where bonus plan stated that "[b]onuses may be paid based on the Company's

2   financial performance and [employee's] performance" and such bonuses, if any, were "subject to

3   your Manager(s) discretion"); *see also Simones v. Jerde P'ship, Inc.*, No.

4   221CV08265VAPKESX, 2022 WL 2784773, at *4 (C.D. Cal. Jan. 19, 2022) (dismissing breach

5   of contract claim where "the decision to award bonuses was subject to a vote by the

6   Compensation Committee … [which] suggests the Company had discretion over bonuses and

7   could decline to award them for any number of reasons").  Plaintiff's breach of contract claim

8   must be dismiss without leave to amend.

9          2.    <u>Plaintiff Cannot Rely on Alleged Oral Promises That Contradict the PBP.</u>

10          Plaintiff's breach of contract claim also fails because Plaintiff is relying on evidence to

11   contradict the terms of the Plan, which is a fully integrated agreement, in violation of the parol

12   evidence rule.  "The parol evidence rule is a rule of substantive law which provides that extrinsic

13   evidence is not admissible to vary, add to, or contradict the terms of a written instrument that is

14   facially complete and unambiguous."  *See Perez v. Alcoa Fujikura, Ltd.*, 969 F.Supp. 991, 1006

15   (W.D. Tex. 1997); *see also Nanometrics Incorporated v. Optical Solutions, Inc.*, No. 18-CV-

16   00417-BLF, 2019 WL 13123294, at *4 (N.D. Cal. Nov. 26, 2019) (citations omitted) (same).

17   "An integration clause … determines the applicability of the parol evidence rule to a contract."

18   *Dow Chemical Company v. Buchanan Hauling & Rigging, Inc.*, No. 4:21-CV-2604, 2022 WL

19   17406392, at *3 (S.D. Tex. Nov. 7, 2022), *report and recommendation adopted*, No. CV H:21-

20   2604, 2022 WL 17405832 (S.D. Tex. Nov. 29, 2022).  Under Texas law, any alleged agreements

21   or understandings not contained in an integrated agreement are barred by the parol evidence rule.

22   *See Medical Components, Inc. v. Osiris Medical, Inc.*, 226 F.Supp.3d 743, 751 (W.D. Tex. 2016)

23   (citing *Jack H. Brown & Co. v. Toys "R" Us, Inc.*, 906 F.2d 169, 174 (5th Cir. 1990)); *see also*

24   *Condrey v. SunTrust Bank of Georgia*, 429 F.3d 556, 564 (5th Cir. 2005) ("By its very definition,

25   an integration or merger clause negates the legal introduction of parol evidence; it is a provision

26   in a contract to the effect that the written terms may not be varied by prior or oral agreements

27   because all such agreements have been merged into the written document").  The same is true

28   under California law.  *See Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

460 F. App'x 709, 711 (9th Cir. 2011) (finding that, "[i]n California, an integration clause offers persuasive evidence that the parties intended for the writing to be such a final expression" and holding that the integration clause made clear the agreement was fully integrated and the parol evidence rule applied).

Here, the Plan contains an integration clause that plainly states that it "constitutes the entire agreement … relating to the subjects covered by this Plan and supersedes and replaces any and all other … representations, discussions and/or understandings (written or oral)."  RFJN, Ex. A, p. 3 ("Miscellaneous").  Plaintiff cannot rely on alleged oral promises as extrinsic evidence to supplant the terms of the PBP that clearly give Twitter discretion regarding funding of the Performance Bonus Pool, determination of an "Eligible Employee" and participation in the PBP, and payment of any Performance Bonus, as such evidence is plainly barred by the parol evidence rule.  *Medical Components, Inc.*, 226 F.Supp.3d at 750 (citations omitted) ("[w]hen interpreting an integrated writing, the parol evidence rule precludes considering evidence that would render a contract ambiguous when the document, on its face, is capable of a definite legal meaning").  For this additional reason, Plaintiff's breach of contract claim must be dismiss without leave to amend.

3.     <u>Plaintiff Fails to Allege Substantive Facts Showing that He Is an "Eligible Employees" Under the Terms of the PBP.</u>

Even if Plaintiff's breach of contract claim could survive the fatal defects discussed above (which it cannot), Plaintiff's claim fails because he has not pleaded sufficient facts demonstrating that he is an "Eligible Employee[s]" under the terms of the PBP.  The Plan states that "[t]o be eligible to receive a discretionary performance bonus payment under the Plan … each Eligible Employee must satisfy each of the following criteria…"  *See* RFJN, Ex. A, p. 1 ("Employee Eligibility").  The PBP then delineates seven factors that must be satisfied to be eligible to receive a discretionary performance bonus payment.  *See*, *supra*, at 4:4-12.  The Complaint contains no allegations that Plaintiff satisfied any (let alone all) of these seven criteria.  Plaintiff's breach of contract claim must also be dismissed on this additional independent basis.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

11

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1

**C.**      <u>**Plaintiff Fails to State a Claim for Promissory Estoppel.**</u>

2

       1.      <u>The Promissory Estoppel Claim Fails Given the Existence of the PBP</u>.

3

       Promissory estoppel is an equitable claim, and "the purpose of promissory estoppel is to

4

make a promise binding in the absence of consideration." *Drake v. Option One Mortgage Corp.*,

5

No. SACV0901450CJCRNBX, 2010 WL 11464891, at *4 (C.D. Cal. Apr. 15, 2010) (citations

6

omitted); *see also Inglish v. Prudential Ins. Co. of Am.,* 928 S.W.2d 702 (Tex.App.Houston (1st

7

Dist.) 1996, *writ denied*) (equitable claims are predicated on the absence of an express contract

8

controlling the circumstances. As a result, a claim for promissory estoppel is "barred when a

9

relationship is governed by a valid, enforceable, express contract." *Dittman v. D.B. Zwim & Co.,*

10

*L.P.*, No. H-09-402, 2010 WL 519692, at *7 (S.D. Tex. Feb. 8, 2010) (discussing Texas law); *see*

11

*also Kliff v. Hewlett Packard Co.*, 318 F. App'x 472, 477 (9th Cir. 2008) (discussing California

12

law).

13

       Here, Plaintiff predicates his promissory estoppel claim on a promise to pay a

14

Performance Bonus under the terms of the PBP. *See* Compl., Count II ("During the months

15

leading up and following Elon Musk's acquisition of Twitter, Twitter repeatedly promised

16

employees that they would *receive their annual bonus under the company's Bonus Plan* and that

17

the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus") (emphasis added).

18

Plaintiff alleges that the PBP constitutes a valid and enforceable contract. *See* Compl., Count I.

19

Given that his promissory estoppel claim is expressly predicated on the terms of this alleged

20

contract, the promissory estoppel claim cannot lie under either Texas or California law. *See*

21

*Drake*, 2010 WL 11464891, at *5 (granting dismissal with prejudice because "[i]n their

22

promissory estoppel claim, Plaintiffs allege that the[] Defendants promised to pay them according

23

to the Standard Severance Package if they remained on the job until the closing date… Plaintiffs

24

have alleged the existence of a contract that covers the dispute over the severance payments, so

25

their claim for promissory estoppel fails as a matter of law"); *Kliff*, 318 F. App'x at 477 (finding

26

that "the district court properly granted summary judgment in favor of HP as to Kliff's claim for

27

promissory estoppel because, in light of the fact that the parties entered into a contract, Kliff's

28

claim was properly brought as one for breach of contract, rather than promissory estoppel.") The

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

Court should dismiss the promissory estoppel claim.

2.   Plaintiff Cannot Plead Reasonable Reliance as a Matter of Law Given the Terms of the PBP.

To state a *prima facie* claim of promissory estoppel, a plaintiff must allege: (1) a promise; (2) foreseeability of reliance by the promisor; and (3) actual, substantial, and reasonable reliance by the promisee to his detriment. *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 300 (5th Cir. 2010); *see also Oster v. Caithness Corp.*, 2017 WL 3727174, at *13 (N.D. Cal. Aug. 30, 2017) ("The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."); *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 WL 3232276, *6 (N.D. Cal. Nov. 1, 2007) (same).

Notably, "in the face of a merger and integration clause … and absent fraud apparent from the underlying document, no reliance on [] non-written assertions can be reasonable as a matter of law." *See Brock v. Baskin Robbins, USA, Co.*, No. 5:99-CV-274, 2003 WL 21309428, at *5 (E.D. Tex. Jan. 17, 2003); *see also Omnitech International, Inc. v. Clorox Company*, 11 F.3d 1316, 1330 (5th Cir. 1994) (refusing "to look past the written terms of the [parties'] agreements" and holding under Louisiana law, which is materially identical to Texas, that plaintiff's reliance on representations made "outside the scope of the fully-integrated, written agreements" was unreasonable as a matter of law); *LeTourneau Technologies Drilling Systems, Inc. v. Nomac Drilling, LLC*, 676 F.Supp.2d 534, 546 (S.D. Tex. 2009) (reliance on oral representations that are directly contradicted by the express, unambiguous terms of a written agreement unreasonable as a matter of law); *see also Oster*, 2017 WL 3727174, at *13 ("A plaintiff cannot reasonably rely on extra-contractual promises when an unambiguous integration clause excludes such promises or representations from the parties' agreement."); *L'Garde, Inc. v. Raytheon Space and Airborne Sys., 11-CV-4592-GW (AGRx)*, 2013 WL 12113998, at *17–18 (C.D. Cal. Sept. 6, 2013) (holding in the context of a fraud claim that "there cannot be justifiable reliance where a plaintiff claims to have relied upon a promise or representation which is wholly inconsistent with an express term of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

the contract knowingly executed by the plaintiff"); *AMC Tech., LLC v. Cisco Sys., Inc.*, No. 11-cv-3403-PSG, 2012 WL 174949, at *6 (N.D. Cal. Jan. 20, 2010) ("Even if Cisco's promise was clear and all the other elements of a promissory estoppel claim met, the integration clause by its terms bars any extra-contractual promises regarding its subject matter.")

Here, the PBP clearly and unambiguously states that payment of a Performance Bonus under the terms of the Plan was discretionary. *See, e.g.,* RFJN, Ex. A, p. 3 ("Miscellaneous") ("Twitter retains full discretion to interpret, amend, modify, terminate, or revoke the Plan … including the modification of any individual Performance Bonus…"); *see also id.*, p. 2 ("Funding of the Performance Bonus Plan").  Further, the PBP contains an express integration clause.  *See* RFJN, Ex. A, p. 3 ("Entire Agreement") ("This Plan … constitutes the entire agreement and understanding between the relevant Twitter Group employing entity and each Eligible Employee relating to the subjects covered by this Plan and supersedes and replaces any and all other plans, agreements, plan summaries, representations, discussions and/or understandings (written or oral)").  Plaintiff's allegation that the "company's executives, including former Chief Financial Officer, Ned Segal" promised that Twitter would pay out 2022 bonuses (*see* Compl., ¶¶ 3, 18-21) directly contradicts the integration provision and discretionary provisions in the PBP.  *See, e.g.,* RFJN, Ex. A.  As a result, Plaintiff's alleged reliance upon such promises was unreasonable as a matter of Texas law.  *See* Compl., ¶ 24; *see also Brock*, 2003 WL 21309428, at *5; *Omnitech International, Inc.*, 11 F.3d at 1330; *LeTourneau Technologies Drilling Systems, Inc.*, 676 F.Supp.2d at 546.  Although Texas law applies here, the same is true under California law.  *See Oster*, 2017 WL 3727174, at *13; *L'Garde, Inc.*, 2013 WL 12113998, at *17–18; *AMC Tech., LLC*, 2012 WL 174949, at *6.  Plaintiff's promissory estoppel must be dismissed without leave to amend.

## V.    CONCLUSION

The Court should grant Twitter's Motion and dismiss Plaintiff's Complaint without leave to amend and order all relief in favor of Twitter that the Court finds appropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

TWITTER'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1    Dated: August 4, 2023                          MORGAN, LEWIS & BOCKIUS LLP

2

3                                              By   */s/ Eric Meckley*

4                                                   Eric Meckley
                                                    Brian D. Berry
5                                                   Ashlee N. Cherry
                                                    Kassia Stephenson

6                                                   Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                15              TWITTER'S NOTICE OF MOTION AND
                                                                  MOTION TO DISMISS
                                                             Case No. 3:23-CV-03007-VC