SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Mark Schobinger, on behalf of himself
and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants | CASE NO. 3:23-cv-03007-VC<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: September 21, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................. 2

III. LEGAL STANDARD ......................................................................................... 4

IV. ARGUMENT ..................................................................................................... 4

    A. The Court Cannot Consider Twitter's Prior Policy on Bonuses Without Converting Defendants' Motion to a Summary Judgement Motion ................................................. 4

    B. Plaintiff's Complaint Clearly States Claims Upon Which Relief Can Be Granted Notwithstanding the 2022 Bonus Plan Document ........................................................ 10

        1. California Law Applies to Plaintiff's Breach of Contract and Promissory Estoppel Claims .......................................................................................................... 10

        2. Plaintiff Adequately Pleads Breach of Contract Based on Defendants' Oral Statements Agreeing to Pay the 2022 Annual Bonus ........................................... 12

        3. Plaintiff Has Sufficiently Stated Plausible Breach of Contract Claims Under Either of Defendants' Contradictory Characterizations of the 2022 Bonus Plan Document ...................................................................................................... 16

            i. Defendants' Parol Evidence Rule Arguments Are Inapplicable if the 2022 Bonus Plan Document is an Unenforceable Contract ................................ 16

            ii. If the 2022 Bonus Plan Document is an Enforceable Contract That Forbids Subsequent Oral Modification (Which it Does Not), Then Defendants Have Breached the Contract's Implied Covenant of Good Faith and Fair Dealing 18

        4. Plaintiff's Complaint Meets the Notice Pleading Standard as to His Eligibility Under the Bonus Plan .......................................................................................... 20

        5. Plaintiff Has Sufficiently Stated Plausible Promissory Estoppel Claims ............. 21

V. CONCLUSION ................................................................................................... 25

## TABLE OF AUTHORITIES

**Cases**

*Alameda County Title Ins. Co. v. Panella*,

    24 P.2d 163 (Cal. 1933) .......................................................................................... 23

*AMC Tech., LLC v. Cisco Sys., Inc.*,

    2012 WL 174949 (N.D. Cal. Jan. 20, 2012) ......................................................... 22

*AmeriPOD, LLC v. DavisREED Constr. Inc.*,

    2017 WL 2959351 (S.D. Cal. July 11, 2017) ...................................................... 24

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ........................................................................................ 4, 21

*Casa Herrera, Inc. v. Beydoun*,

    83 P.3d 497 (Cal. 2004) ......................................................................................... 12

*Charnay v. Cobert*,

    51 Cal. Rptr. 3d 471 (Cal. App. 2d Dist. 2006) ...................................................... 13

*Chinn v. China Nat. Aviation Corp.*,

    138 Cal.App.2d 98 (Cal.App. 1956) ....................................................................... 15

*Coto Settlement v. Eisenberg*,

    593 F.3d 1031 (9th Cir. 2010) ............................................................................ 7, 9

*Cottle v. Plaid Inc.*,

    536 F. Supp. 3d 461(N.D. Cal. 2021) ............................................................. 6, 7, 9

*Drake v. Option One Mortg. Corp.*,

    2010 WL 11464891 (C.D. Cal. Apr. 15, 2010) ....................................................... 22

*EcoHub, LLC v. Recology Inc.*,

    2023 WL 3852700 (N.D. Cal. June 6, 2023) .............................................................. 9

*Fanucchi & Limi Farms v. United Agri Products*,

    414 F.3d 1075 (9th Cir. 2005) ................................................................................... 14

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,

    2020 WL 513287 (N.D. Cal. Jan. 31, 2020).............................................................. 6

*Fleet v. Bank of Am. N.A.*,

    178 Cal. Rptr. 3d 18 (Cal. App. 4th Dist. 2014)...................................................... 25

*Frontier Oil Corp. v. RLI Ins. Co.*,

    153 Cal. App. 4th 1436 (Cal. 2007) ........................................................................ 11

*Garcia v. World Sav., FSB*,

    107 Cal. Rptr. 3d 683 (Cal. App. 2d Dist. 2010)..................................................... 23

*Gutride Safier LLP v. Reese*,

    2013 WL 4104462 (N.D. Cal. Aug. 9, 2013) .......................................................... 12

*Harris v. TAP Worldwide, LLC*,

    248 Cal. App. 4th 373 (Cal. App. 2d Dist. 2016)................................................... 17

*Herbalife Intl. of Am., Inc. v. E. Computer Exch. Inc.*,

    2022 WL 2065592 (C.D. Cal. June 8, 2022) .......................................................... 24

*Hunter v. Sparling*,

    197 P.2d 807 (Cal. App. 1st Dist. 1948)........................................................... 21, 23

*In re Hyundai & Kia Fuel Econ. Litig.*,

    926 F.3d 539 (9th Cir. 2019) ................................................................................... 11

*India Paint & Lacquer Co. v. United Steel Prod. Corp.*,

    123 Cal. App. 2d 597 (Cal. App. 2 Dist. 1954) .......................................................... 18

*Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*,

    1 P.3d 63 (Cal. 2000) .................................................................................................. 23

*Khoja v. Orexigen Therapeutics, Inc.*,

    899 F.3d 988 (9th Cir. 2018) ................................................................................ passim

*King v. U.S. Bank Nat'l Ass'n*,

    53 Cal. App. 5th 675 (Cal. App. 3d Dist. 2020) ....................................................... 20

*Kliff v. Hewlett Packard Co.*,

    318 F. App'x 472 (9th Cir. 2008) .............................................................................. 22

*Knievel v. ESPN*,

    393 F.3d 1068 (9th Cir. 2005) ..................................................................................... 7

*Kreuzberger v. Wingfield*,

    96 Cal. 251 (Cal. 1892) ............................................................................................. 17

*Lee v. City of Los Angeles*,

    250 F.3d 668 (9th Cir. 2001) ....................................................................................... 5

*L'Garde, Inc. v. Raytheon Space and Airborne Sys.*,

    2013 WL 12113998 (C.D. Cal. Sept. 6, 2013) .......................................................... 22

*Loc. Motion, Inc. v. Niescher*,

    105 F.3d 1278 (9th Cir. 1997) ................................................................................... 17

*Lone Star Steel Co. v. Scott*,

    759 S.W.2d 144 (Tex. App. 1988) ............................................................................. 14

*MacIsaac & Menke Co. v. Cardox Corp.*,

    193 Cal. App. 2d 661, 14 Cal. Rptr. 523, (Ct. App. 1961) ........................................................ 14

*Mendiondo v. Centinela Hosp. Medical Center*,

    521 F.3d 1097 (9th Cir. 2008) ......................................................................................... 21

*Merzi v. Brumfield*,

    2023 WL 4113242 (Tex. App. Beaumont, 2023) ...................................................... 17

*Moncada v. West Coast Quartz Corp.*,

    164 Cal.Rptr.3d 601 (Cal. App. 6 Dist., 2013) ...................................................... 15

*Navarro v. Block*,

    250 F.3d 729 (9th Cir. 2001) ........................................................................................... 4

*Oster v. Caithness Corp.*,

    2017 WL 3727174 (N.D. Cal. Aug. 30, 2017) ...................................................... 22

*Pointe W. Ctr., LLC v. It's Alive, Inc.*,

    476 S.W.3d 141 (Tex. App. 2015) ......................................................................... 14

*Pond v. General Electric Co.*,

    256 F.2d 824 (9th Cir. 1958) ........................................................................................... 4

*Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*,

    14 Cal. Rptr. 2d 335 (Cal. App. 4th Dist. 1992) ...................................................... 19

*Redd v. Williams Radiator Co.*,

    112 Cal.App. 353 (Cal.App. 3 Dist. 1931) ............................................................ 16

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*,

    291 P.3d 316 (Cal. 2013) .......................................................................................... 13

*Russell v. Landrieu*,

 621 F.2d 1037 (9th Cir. 1980) ................................................................... 4

*Sateriale v. R.J. Reynolds Tobacco Co.*,

 697 F.3d 777 (9th Cir. 2012) ........................................................... 24, 25

*Senne v. Kansas City Royals Baseball Corp.*,

 934 F.3d 918 (9th Cir. 2019) ................................................................. 10

*Shanklin v. Columbia Management Advisors, L.L.C.*,

 2008 WL 4899631 (S.D. Tex. 2008) ................................................... 16

*Sharp v. S&S Activewear, L.L.C.*,

 69 F.4th 974 (9th Cir. 2023) ................................................................. 5

*Signal Hill Aviation Co. v. Stroppe*,

 158 Cal. Rptr. 178 (Cal. App. 2d Dist. 1979) ................................... 23

*Swierkiewicz v. Sorema N. A.*,

 534 U.S. 506 (2002) ............................................................................... 21

*Taylor v. Breed*,

 58 F.R.D. 101 (N.D. Cal. 1973) ........................................................... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

 551 U.S. 308 (2007) ............................................................................... 4

*Terry v. Travelers Insurance Co.*,

 2005 WL 8176615 (E.D.Cal. 2005) ................................................... 21

*Thrifty Payless, Inc. v. The Americana at Brand, LLC*,

 160 Cal. Rptr. 3d 718 (Cal. App. 2d Dist. 2013) ............................ 20

*Toscano v. Greene Music*,

    21 Cal. Rptr. 3d 732 (Cal. App. 4th Dist. 2004)......................................................... 23

*United States v. Ritchie*,

    342 F.3d 903 (9th Cir. 2003) ......................................................................................... 8

*West v. Hunt Foods*,

    225 P.2d 978 (Cal. App. 1st Dist. 1951)...................................................................... 21

*West v. JPMorgan Chase Bank, N.A.*,

    154 Cal. Rptr. 3d 285 (Cal. App. 4th Dist. 2013)....................................................... 22

*West v. Quintanilla*,

    573 S.W.3d 237 (Tex., 2019) ...................................................................................... 17

*Wheeler v. White*,

    398 S.W.2d 93 (Tex. 1965) ......................................................................................... 24

*Williams v. Gorton*,

    529 F.2d 668 (9th Cir. 1976) ........................................................................................ 4

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*,

    10 Cal. App. 5th 56 (Cal. App. 2 Dist. 2017).............................................................. 14

**Statutes**

28 U.S.C. § 1746................................................................................................................... 8

Cal. Civ. Code § 1646......................................................................................................... 11

Cal. Civ. Code § 1698......................................................................................................... 14

Cal. Civ. Proc. Code Ann. § 1860........................................................................................ 6

**Rules**

Fed R. Civ. P. 8(a) ................................................................................................ 21

Fed. R. Civ. P. 12(b)(6)................................................................................. 4, 5, 8, 16

Fed. R. Civ. P. 12(d) ......................................................................................... 5, 9

Fed. R. Civ. P. 56(e) ............................................................................................. 8

Fed. R. Evid. 201 ................................................................................................. 6

Fed. R. Evid. 901(a) ............................................................................................. 7

I.        **INTRODUCTION**

Defendants premise their Motion to Dismiss on an analysis of the "2022 Global Discretionary Performance Bonus Plan," which they wrongly attach as an exhibit to their motion. Defendants claim that they have unfettered discretion to deny employees the annual bonuses the employees were promised and earned under the terms of the plan. However, Defendants' arguments for dismissal miss the mark.

The primary flaw in Defendants' motion is that the document they have (impermissibly) included with their motion, *see* Dkt. 17, is **neither** the contract **nor** the promise at issue in Plaintiff's claims for breach of contract and promissory estoppel.  Thus, Defendants' arguments related to that document are largely irrelevant to the claims asserted in Plaintiffs' complaint and therefore do not justify dismissing Plaintiff's claims at this early stage. As the complaint makes clear, the relevant contracts and promises at issue in this case are the statements made by Twitter's leadership leading up to and following billionaire Elon Musk's purchase of the company that employees would be paid 2022 bonuses at fifty percent (50%) of target. *See, e.g.*, Compl., Dkt. 1 at ¶¶ 2–3. While these statements may reference certain *figures* in the document, the statements are nevertheless separate and apart from Twitter's *prior* promulgation of the document Defendants have unilaterally and erroneously alleged govern the claims at issue in this case.

Moreover, even assuming the bonus plan document is correctly before the Court, and that it governs Plaintiff's claims, Defendants are mistaken in arguing that the parol evidence rule (under Texas law as well as under California law) forecloses subsequent oral modifications or novations of what they allege to be an unsigned and entirely discretionary "fully integrated

agreement." Dkt. 16 at 17.  Basic principles of contract law (in both Texas and California) make abundantly clear that written contracts can be subsequently modified or novated orally, and that new oral promises can generally supersede prior written promises.

Because Defendants have misconstrued both the nature of Plaintiff's claims and the tenets of applicable contract law, Defendants' arguments that "Plaintiff's breach of contract claim must be dismiss [sic] without leave to amend" and "Plaintiff's promissory estoppel must [sic] be dismissed without leave to amend" fall well short of the rigorous standards for granting a motion to dismiss. Dkt. 16 at 17, 21. As a result, Defendants' motion should be denied.

## II.      <u>BACKGROUND</u>

In the weeks leading up to controversial billionaire Elon Musk's acquisition of Twitter, "many employees raised concerns regarding the company's policies following this anticipated acquisition, including concerns about their compensation and annual bonus." Compl. at ¶ 17. "In order to allay employees' concerns and try to prevent them from leaving Twitter to work at other companies, Twitter made various promises to employees," including that employees (Plaintiff included) would be paid their bonuses at fifty percent (50%) of what their targets would otherwise be under the 2022 bonus plan, notwithstanding the discretionary language in the plan. *Id.* at 18–23. In reliance on these promises, Plaintiff and many other employees forewent their right to end their employment with Twitter, and despite "regularly receiv[ing] calls from recruiters and companies regarding other employment opportunities," "Plaintiff turned down these opportunities, secure in the knowledge that Twitter would pay him his promised 2022 annual bonus during the first quarter of 2023." *Id.* at ¶¶ 24–25. As such, Plaintiff and other employees "lost opportunities to obtain other employment at the time they were relying on the

promise." *Id.* at Count II. As a result of Twitter's breach of its contract and promise to pay

Plaintiff and the putative class their owed bonuses in exchange for forgoing other opportunities

and declining to exercise their right to terminate their employment with Twitter, Plaintiff has

filed this suit for breach of contract and promissory estoppel.

In response, Twitter has filed a Motion to Dismiss. Dkt. 16. The very first two sentences

of the Introduction to Defendants' motion reveals their mistaken understanding of Plaintiff's

claims: "Plaintiff Mark Schobinger claims that Twitter failed to pay him and other employees an

annual performance bonus *under the terms of* Twitter's 'Global Discretionary Performance

Bonus Plan' (the 'PBP'). As the title reflects, the PBP is discretionary." *Id.* at 8 (emphasis

added). Of course, as the operative complaint makes clear, Plaintiff is *not* suing under the terms

of Twitter's bonus plan; he is suing for breach of contract and promissory estoppel based upon

Twitter's subsequent promises to pay employees bonuses (which were to be calculated consistent

with the plan) in exchange for their decision to remain employed at Twitter following its

acquisition by a controversial figure. The complaint states:

> In the months leading up to Elon Musk's acquisition of Twitter in October
> 2022, the company's executives, including former Chief Financial Officer, Ned
> Segal, repeatedly promised Plaintiff and the company's other employees that
> 2022 bonuses would be paid out at fifty percent (50%) of target. This promise
> was repeated following Musk's acquisition. Plaintiff and other Twitter
> employees relied upon the promise that they would receive their 2022 bonus
> when choosing to remain employed by Twitter following Musk's acquisition of
> the company and/or deciding to forgo other employment opportunities.

Compl. ¶ 3.

Thus, it was this promise — that, if employees declined to exercise their right to cease

employment with Twitter and pursue other employment opportunities following Musk's

acquisition, they would be guaranteed their annual bonus at fifty percent of their targets — that is

the basis for Plaintiff's breach of contract and promissory estoppel claims.

## III.   <u>LEGAL STANDARD</u>

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Ordinarily a motion to dismiss should be disfavored, and doubts should be resolved in favor of the pleader." *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976) (citing *Pond v. General Electric Co.*, 256 F.2d 824, 826–27 (9th Cir. 1958)); *see also Taylor v. Breed*, 58 F.R.D. 101, 105 (N.D. Cal. 1973) ("Ordinarily a motion to dismiss should not be granted. Where there is any doubt about the character of the action, doubts should be resolved in favor of the pleader."). Under the standard set forth by the Supreme Court in *Bell Atlantic*, Rule 12(b)(6) "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Finally, "courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and "must resolve all factual disputes in favor of the plaintiffs in a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Russell v. Landrieu*, 621 F.2d 1037, 1042 (9th Cir. 1980).

## IV.   <u>ARGUMENT</u>

### A.   <u>The Court Cannot Consider Twitter's Prior Policy on Bonuses Without Converting Defendants' Motion to a Summary Judgement Motion</u>

When faced with a motion to dismiss under Rule 12(b)(6), "[a]t this early stage of

litigation, [a court's] only task is to assess whether the allegations in [the plaintiff's] complaint, taken as true, state a plausible claim." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 979 (9th Cir. 2023). "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d); *see also Khoja*, 899 F.3d at 998 (quoting *id.*) (internal citation omitted) ("When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Then, both parties must have the opportunity 'to present all the material that is pertinent to the motion.'").

"There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* As to taking judicial notice of the 2022 bonus plan, this Court only "may do so 'not for the truth of the facts recited therein, but for the existence of the [document].'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). As such, while this Court may take notice of the *fact* that a 2022 policy document related to bonuses *existed*, it may **not** take notice of any disputed aspects related to that policy and would abuse its discretion "by taking judicial notice of disputed matters of fact to support its ruling," including by "incorrectly t[aking] judicial notice of the validity of" the discretion-granting provisions of the plan, which Plaintiff contends were superseded by Twitter's subsequently announced benefits policies. *Id.*; *cf.* Dkt. 17 at 7 ("Subject to applicable law, Twitter, Inc. retains full discretion to

interpret, amend, modify, terminate or revoke the Plan and any individual PAF at its sole

discretion."). Given the factual dispute over the operative contractual terms[1] (the oral

representations ceding discretion and promising bonuses in exchange for Plaintiff forgoing other

job opportunities, or the older document Defendants have proffered), Defendants' request for

judicial notice of the 2022 Bonus document lacks merit. *See also Cottle v. Plaid Inc.*, 536 F.

Supp. 3d 461, 477 (N.D. Cal. 2021) (declining to take judicial notice of policies and terms of use

that Plaintiffs dispute were operative at the time of the aggrieved conduct because "Plaintiffs

dispute the relevance of the materials" and so "disputes about the meaning and relevance of these

materials" preclude their judicial noticing).

   The second exception, the incorporation by reference doctrine, is only available in "those

rare instances when assessing the sufficiency of a claim requires that the document at issue be

---

[1]    This Court has held that it is improper to notice judicially a document when "the court would not be equipped to resolve the factual issues presented by defendant's motion to dismiss…even if it took judicial notice of those materials." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, 2020 WL 513287, at *9 n.5 (N.D. Cal. Jan. 31, 2020). Moreover, because Rule 201 only "allows the court to 'judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,'" even where — as here — a party's attorney argues in its request for judicial notice that the document is "a true and correct" copy, a court cannot judicially notice documents "submitted to the court without a sworn declaration explaining any information that would allow the court to understand their reliability—e.g., how they were taken, whether they are accurate and faithful reproductions, when they were taken, where the subjects of the images were sourced, etc." *Id.* (quoting Fed. R. Evid. 201); *cf.* Cal. Civ. Proc. Code Ann. § 1860 ("For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the Judge be placed in the position of those whose language he is to interpret.").

reviewed, even at the pleading stage," *Khoja*, 899 F.3d at 1002 (citing *Knievel v. ESPN*, 393 F.3d

1068 (9th Cir. 2005)), and it, too, is similarly unhelpful to Defendants. The Ninth Circuit has

explained that "the doctrine of incorporation by reference [permits courts] to consider documents

in situations where the complaint necessarily relies upon a document or the contents of the

document are alleged in a complaint, the document's authenticity is not in question and there are

no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031,

1038 (9th Cir. 2010). This Court has further elaborated:

> Incorporation by reference is appropriate 'if the plaintiff refers extensively to
> the document or the document forms the basis of the plaintiff's claim.' However,
> if a document 'merely creates a defense to the well-pled allegations in the
> complaint, then that document did not necessarily form the basis of the
> complaint.' Further, 'the mere mention of the existence of a document is
> insufficient to incorporate the contents of a document.' The Ninth Circuit has
> instructed that 'the doctrine is not a tool for defendants to short-circuit the
> resolution of a well-pleaded claim.' Thus, 'while a court 'may assume [an
> incorporated document's] contents are true for purposes of a motion to dismiss
> under Rule 12(b)(6) ... it is improper to assume the truth of an incorporated
> document if such assumptions only serve to dispute facts stated in a well-
> pleaded complaint.' *Id.*; *see also id.* at 1014 ('The incorporation-by-reference
> doctrine does not override the fundamental rule that courts must interpret the
> allegations and factual disputes in favor of the plaintiff at the pleading stage.').

*Cottle* 536 F. Supp. 3d at 476–77.

Here, Plaintiff does not "necessarily rel[y] upon" the 2022 bonus plan document, it is

unauthenticated,[2] there are material disputes as to its relevance, and Defendants have proffered

---

[2]      *But see* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying
an item of evidence, the proponent must produce evidence sufficient to support a finding that the
item is what the proponent claims it is."); 28 U.S.C. § 1746 (requiring certain documents to be
dated, signed, and attested to as true under penalty of perjury); *United States v. Ritchie*, 342 F.3d
903, 909 (9th Cir. 2003) ("[I]t it would have been improper for the court to consider the
declaration and exhibits attached to the government's opposition without converting the motion

the document solely to create a defense to the allegations in Plaintiff's well-pled complaint.

Plaintiff refers to the 2022 bonus plan because its formula was the reference point for Twitter's

subsequent promises to pay bonuses at fifty percent (50%) of employees' targets. Compl. ¶¶ 20–

23. The Ninth Circuit "has held that 'the mere mention of the existence of a document is

insufficient to incorporate the contents of a document' under *Ritchie*," *Khoja*, 899 F.3d at 1002

(quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), and has further emphasized

that "if the document merely creates a defense to the well-pled allegations in the complaint, then

that document did not necessarily form the basis of the complaint. Otherwise, defendants could

use the doctrine to insert their own version of events into the complaint to defeat otherwise

cognizable claims." *Id.* This is exactly how Defendants are attempting to use the 2022 bonus

plan document: Defendants have included the document, which is referenced in Plaintiff's

complaint but does not serve as the basis for his claims, for the sole purpose of creating a

contractual defense to the claims at issue. At the same time, the parties strongly disagree over the

document's relevance (with Defendants claiming it is the operative contract and Plaintiffs

claiming it has been superseded by subsequent contract), and thus it fails to satisfy the

requirement that "there are no disputed issues as to the document's relevance." *Eisenberg*, 593

---

to dismiss into a motion for summary judgment and giving Horner an opportunity to respond.
Even if the court had converted the Rule 12(b)(6) motion into a Rule 56 motion, we note that the
Hieronymus declaration does not comply with the requirements of Rule 56. In ruling on a motion
for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the
declaration complies with 28 U.S.C. § 1746. But such documents must be based on 'personal
knowledge,' Fed.R.Civ.P. 56(e), and must be 'subscribed by' the declarant, 28 U.S.C. § 1746. A
declaration signed by someone else for the declarant does not comply.").

F.3d at 1038. *See also EcoHub, LLC v. Recology Inc., 2023 WL 3852700 (N.D. Cal. June 6, 2023) at \*5* ("Moreover, even were the court to consider the merits of defendant's argument and make a factual determination, the parties have presented competing factual descriptions [of the proffered document] that the court is not equipped to resolve based on the papers before it."); *Cottle*, 536 F. Supp. 3d at 477–78 (refusing to allow incorporation by reference on motion to dismiss of privacy policies plaintiffs allege postdate their claims because "those policies are not the primary driver behind Plaintiffs' claims," the "privacy policies 'create[ ] a defense' to these allegations, a defense that Plaintiffs expressly dispute in the" complaint, "[t]he sufficiency of [defendant's] privacy policy is a key disputed issue in this case[, so r]esolution of that issue is inappropriate at this stage," and "Plaintiffs dispute the relevance of these materials as well as their authenticity").  For these reasons, the document plainly does not qualify for incorporation by reference.[3]

Finally, the Ninth Circuit has made abundantly clear that these two doctrines — judicial notice and incorporation by reference — are extremely disfavored at the motion to dismiss stage because, precisely as is the case here, they are ripe for abuse by defendants seeking to tailor-make an incomplete evidentiary record to serve as the basis for short-circuiting the trial process. The Ninth Circuit, cautioning district courts not to fall into the trap of allowing defendants to abuse these procedural devices at the motion to dismiss stage, has explained:

The overuse and improper application of judicial notice and the incorporation-

_____

[3]      Because neither judicial notice nor incorporation by reference are proper vehicles by which this Court can consider the document, unless the Court excludes the document, "the motion must be treated as one for summary judgment under Rule 56," entitling the parties to full discovery. Fed. R. Civ. Pro. 12(d); *Khoja*, 899 F.3d at 998.

by-reference doctrine [ ] can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery…. If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Khoja*, 899 F.3d at 998–99 (internal citations omitted). This Court should heed the Ninth

Circuit's warning and refuse to give credence to Defendants' self-serving, hand-picked evidence

at the motion to dismiss stage.

B. **Plaintiff's Complaint Clearly States Claims Upon Which Relief Can Be Granted Notwithstanding the 2022 Bonus Plan Document**

1. California Law Applies to Plaintiff's Breach of Contract and Promissory Estoppel Claims

As an initial matter, Defendants are incorrect in arguing that Texas law governs

Plaintiff's breach of contract and promissory estoppel claims; these claims are squarely governed

by California state law. "A district court considering state law claims brought in federal court

must utilize the choice-of-law rules of the forum state—here, California." *Senne v. Kansas City*

*Royals Baseball Corp.*, 934 F.3d 918, 928 (9th Cir. 2019) (citing *Klaxon Co. v. Stentor Electric*

*Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). "By default, California courts apply California law

unless a party litigant timely invokes the law of a foreign state, in which case it is the foreign law

proponent who must shoulder the burden of demonstrating that foreign law, rather than

California law, should apply to class claims." *Id.* (quoting *In re Hyundai & Kia Fuel Econ. Litig.*,

926 F.3d 539, 561 (9th Cir. 2019) (en banc)).

California law states: "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. "The apparent purpose of Civil Code section 1646 is to determine the choice of law with respect to the interpretation of a contract in accordance with the parties' presumed *intention at the time they entered into the contract.*" *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1449 (Cal. 2007), *as modified* (Sept. 5, 2007) (emphasis added). The 2022 Bonus Plan document, and the subsequent oral promises, do not indicate a place of performance; they apply to all eligible Twitter Group employees wherever they may work, and irrespective of whether or not they move to other jurisdictions. The only presumed constant was Twitter's headquarters in California, which is also the place of Twitter's performance in paying the bonuses.

Regardless, given any obscurity on this point, the statute instructs to default to the contract law of the place where the contract — in this case, Twitter's corporate policy — was made, which would be California. It is simply inconceivable that Twitter would have intended its policy to be governed differently for each employee depending on the law of the employee's state or country. And, if the parties' intentions were truly indecipherable, the governmental interests test would nevertheless result in the application of California law. *See Gutride Safier LLP v. Reese*, 2013 WL 4104462, at *4–7 (N.D. Cal. Aug. 9, 2013).[4]

------

[4]    If the Court is inclined to disagree with Plaintiff that Defendants' proffered document should be excluded *and* disagree that California law governs his breach of contract and promissory estoppel claims, Plaintiff respectfully requests an evidentiary hearing to determine at this early stage facts related to the parties' intentions relative to this document (i.e. where the

2.  <u>Plaintiff Adequately Pleads Breach of Contract Based on Defendants' Oral
    Statements Agreeing to Pay the 2022 Annual Bonus</u>

The main thrust of Defendants' Motion to Dismiss, Dkt. 16, is that Plaintiff's claims fail

because his complaint relies upon oral representations "to contradict the terms of the Plan, which

is a fully integrated agreement, in violation of the parol evidence rule." Dkt. 16 at 17. This

argument is fatally flawed in that it reflects a clear misunderstanding of the parol evidence rule.

It is certainly true that "under the parol evidence rule, all prior or contemporaneous oral

negotiations are merged in the written contract, which is conclusive in the absence of a plea of

actual fraud or mistake." *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 503 (Cal. 2004) (internal

quotations and citation omitted).

However, Plaintiff does *not* allege that Twitter's oral promises to pay his and other

employees' bonuses were "*prior* or *contemporaneous*" representations, *id.* (emphasis added), but

rather were *subsequent* to the 2022 bonus plan document's publication. A basic tenet of the parol

evidence rule is that it does not bar evidence of *subsequent* oral modifications, novations,

recissions, or supersessions. As California's appellate courts have explained:

> The parol evidence rule, codified in Code of Civil Procedure section 1856,
> subdivision (a), prohibits a party from resorting to extrinsic evidence of a prior
> or contemporaneous oral agreement to contradict a plain and unambiguous term
> of a fully integrated agreement. Charnay's allegations, however, involve
> promises made subsequent to the execution of the parties' retainer agreement,
> not a prior or contemporaneous oral agreement. Accordingly, the parol evidence
> rule is simply inapplicable. (*Marani v. Jackson* (1986) 183 Cal.App.3d 695,
> 699, fn. 2, 228 Cal.Rptr. 518 [parol evidence rule excludes only extrinsic
> evidence of prior or contemporaneous oral agreements, not subsequent oral
> agreements]; *Conley v. Matthes* (1997) 56 Cal.App.4th 1453, 1465, 66

---

Performance Bonus Plan Administrator was located, where bonus funds were held, where
bonuses were sent, whether Plaintiff's work predominated in California or Texas, etc.).

Cal.Rptr.2d 518 [same].)

*Charnay v. Cobert*, 51 Cal. Rptr. 3d 471, 483–84 (Cal. App. 2d Dist. 2006) (internal footnotes

omitted). The California Supreme Court has further clarified:

> Section 1856, subdivision (f) establishes a broad exception to the operation of
> the parol evidence rule: 'Where the validity of the agreement is the fact in
> dispute, this section does not exclude evidence relevant to that issue.' This
> provision rests on the principle that the parol evidence rule, intended to
> protect the *terms* of a valid written contract, should not bar evidence challenging the
> *validity* of the agreement itself. 'Evidence to prove that the instrument is void or
> voidable for mistake, fraud, duress, undue influence, illegality, alteration, lack
> of consideration, or another invalidating cause is admissible. This evidence does
> not contradict the terms of an effective integration, because it shows that the
> purported instrument has no legal effect.'

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 291 P.3d 316, 319 (Cal.

2013) (emphasis in original). Here, the discretionary components of the 2022 bonus plan

document are "void or voidable for…alteration," *id.*, as they have been modified, novated, or

superseded by Twitter's subsequent oral promises.

Indeed, oral modification, novation, recission, and supersession of an integrated written

contract are all explicitly permitted by California Civil Code § 1698, which provides:

> (a) A contract in writing may be modified by a contract in writing.
> (b) A contract in writing may be modified by an oral agreement to the extent
> that the oral agreement is executed by the parties.
> (c) Unless the contract otherwise expressly provides, a contract in writing may
> be modified by an oral agreement supported by new consideration. The statute
> of frauds (Section 1624) is required to be satisfied if the contract as modified is
> within its provisions.
> (d) Nothing in this section precludes in an appropriate case the application of
> rules of law concerning estoppel, oral novation and substitution of a new
> agreement, rescission of a written contract by an oral agreement, waiver of a
> provision of a written contract, or oral independent collateral contracts.

Cal. Civ. Code § 1698. "An oral agreement fully executed by one party, if supported by

consideration, will constitute a valid modification of a prior written agreement." *MacIsaac &*

*Menke Co. v. Cardox Corp.*, 193 Cal. App. 2d 661, 670, 14 Cal. Rptr. 523, 528 (Ct. App. 1961)

(citation omitted); *see also Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075 (9th

Cir. 2005) (holding written contract was orally novated under California law and Plaintiff met

pleading standard as to breach of contract and promissory estoppel claims); *accord Pointe W.*

*Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 151 (Tex. App. 2015) (alteration in original)

(internal citations and quotations omitted) ("[A] written contract not required by law to be in

writing, may be modified by a subsequent oral agreement even though it provides it can be

modified only by a written agreement. Such a written bargain or agreement is of no higher legal

degree than an oral one, and either may vary or discharge the other. Accordingly, proof that a

contract provision requires modifications to be in writing does not establish as a matter of law

that the parties did not modify the contract orally."); *Lone Star Steel Co. v. Scott*, 759 S.W.2d

144, 152–53 (Tex. App. 1988), *writ denied* (Mar. 8, 1989) (same).

     Even if the 2022 bonus plan document did "expressly provide[]" that oral modification is

unavailable, Cal. Civ. Code § 1698, (which it did not), this still would not doom Plaintiff's

claims. *See Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78 (Cal. App.

2 Dist. 2017) ("[N]otwithstanding a provision in a written agreement that precludes oral

modification, the parties may, by their words or conduct, waive contractual rights."). The

integration clause in the bonus plan document here merely provides that it "supersedes and

replaces" all other (then-existing) plans. Dkt. 17 at 7. Under both California law and Texas law,

this allows for subsequent, binding oral modifications, novations, recissions, and supersessions.

     Yet the 2022 bonus plan document goes further: it provides, "Subject to applicable law,

Twitter, Inc. retains full discretion to interpret, amend, modify, terminate, or revoke the Plan…at

its sole discretion…and its determinations are final and binding." *Id.* This statement not only disavows any purported integration clause forbidding subsequent modification; it expressly permits such changes. Thus, Twitter's subsequent oral modifications expressly disavowing its discretion to not pay out the bonuses and committing to pay bonuses at fifty percent (50%) of targets changed the terms of the plan and made what may have previously been illusory promises binding.

Of course, such changes needed to be supported by consideration on both sides. Twitter's consideration was foregoing its right to withhold these bonuses and committing to pay them; the employees' consideration was foregoing other job opportunities and foregoing their right to terminate their employment leading up to and following Musk's acquisition of Twitter. California courts have found such promises constitute adequate consideration for a valid contract to be formed. *See, e.g., Moncada v. West Coast Quartz Corp.*, 164 Cal.Rptr.3d 601, 610 (Cal. App. 6 Dist., 2013) ("The promise was clear and definite: continue working at West Coast until the company is sold, and at that time, we will pay you a bonus that will enable you to retire. Plaintiffs understood defendants' promise, and acted on their end by continuing to work at West Coast until the company was sold. The first amended complaint alleges facts sufficient to state a cause of action for breach of contract."); *Chinn v. China Nat. Aviation Corp.,* 138 Cal.App.2d 98 (Cal.App. 1956) (collecting cases*); Redd v. Williams Radiator Co.*, 112 Cal.App. 353 (Cal.App. 3 Dist. 1931) (holding promise to work for three months in exchange for bonus was valid contract supported by consideration); *accord Shanklin v. Columbia Management Advisors, L.L.C.*, 2008 WL 4899631, at *13 (S.D. Tex. 2008).

As such, Defendants' attempts to discount the oral promises made subsequent to the 2022 bonus plan document fail as a matter of law.

3. <u>Plaintiff Has Sufficiently Stated Plausible Breach of Contract Claims Under Either of Defendants' Contradictory Characterizations of the 2022 Bonus Plan Document</u>

In their Motion to Dismiss, Defendants seemingly advance contradictory and conflicting characterizations of the 2022 bonus plan document they assert dooms Plaintiff's complaint. On the one hand, Defendants argue in the first half of their motion that "no contractual right to a bonus exists given the discretionary nature of the PBP," that "no valid or enforceable contract exists" due to lack of consideration, and that "the PBP does not confer upon Plaintiff a contractual right to a bonus." Dkt. 16 at 7–10. On the other hand, Defendants disavow this view in the second half of their motion, arguing that "Plaintiff is relying on evidence to contradict the terms of the Plan, which is a fully integrated agreement, in violation of the parol evidence rule." Dkt. 16 at 17.

Obviously, these are directly contradictory positions that cannot both be true and instead reflect Defendants' thinly veiled attempt at threading the needle to dismiss Plaintiff's well-pled claims before discovery. Even still, under either of Defendants' characterizations of the 2022 bonus plan document, Plaintiff's claims survive Defendants' Rule 12(b)(6) attack.

i. *<u>Defendants' Parol Evidence Rule Arguments Are Inapplicable if the 2022 Bonus Plan Document is an Unenforceable Contract</u>*

If Defendants' first conception of the 2022 bonus plan document is correct — that "no

valid or enforceable contract exists,"[5] Dkt.16 at 7–10 — their parol evidence rule arguments are entirely inapplicable.

As both the Ninth Circuit and California Supreme Court have made clear, "the parol evidence rule only applies when the court is interpreting a contract that is enforceable." *Loc. Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997); *Kreuzberger v. Wingfield*, 96 Cal. 251, 255 (Cal. 1892) (internal citations omitted) ("[I]n order for this rule to have any application, the writing must be one which by legal construction shows upon its face that it was intended to express the whole contract between the parties. It does not apply to a mere memorandum …which does not of itself import any contract."); *accord Merzi v. Brumfield*, 2023 WL 4113242, at *5 (Tex. App. Beaumont, 2023) (citing *West v. Quintanilla*, 573 S.W.3d 237 (Tex., 2019) ("[T]he parol evidence rule only applies to valid, written, integrated contracts.").

Relying on this "established principle that the parol evidence rule applies only when the writing to be protected is a complete contract and not a mere memorandum of a contract," California courts have cautioned that for Defendants' "arguments to prevail, it would be necessary to establish that the . . . documents it relied upon constituted a complete, integrated

---

[5]     Defendants assert two grounds for their (initial) contention that the 2022 bonus plan document is not an enforceable contract. First, Defendants claim that the document demands no consideration from employees. If true, this would make the contract unenforceable. *See Harris v. TAP Worldwide, LLC*, 248 Cal. App. 4th 373, 385 (Cal. App. 2d Dist. 2016) ("[A] contract is illusory where one party provides no legal consideration."). Second, Defendants assert the contract gives Twitter absolute discretion to modify its terns or revoke them entirely. This too, if true, would deprive the document of contractual status. *See id.* ("A contract is unenforceable as illusory when one of the parties has the unfettered or arbitrary right to modify or terminate the agreement or assumes no obligations thereunder.").

contract between the parties, under which circumstances the familiar rule that parol evidence is

not admissible … would apply." *India Paint & Lacquer Co. v. United Steel Prod. Corp.*, 123

Cal. App. 2d 597, 606 (Cal. App. 2 Dist. 1954). Thus, if Defendants' first conception of the

bonus plan document is correct, Defendants have failed to assert any valid basis for precluding

Plaintiff's claims under the parol evidence rule: if there is no valid and enforceable contract,

there is no integrated agreement; and if there is no integrated agreement, there is no legal basis

for objecting to Plaintiff's assertion of a subsequent oral contract.[6]

      ii.   <u>*If the 2022 Bonus Plan Document is an Enforceable Contract That Forbids Subsequent Oral Modification (Which it Does Not), Then Defendants Have Breached the Contract's Implied Covenant of Good Faith and Fair Dealing*</u>

      Accepting *arguendo* that Defendants' second, entirely contradictory position is correct in

its entirety — that "Plaintiff is relying on evidence to contradict the terms of the [bonus] Plan,

which is a fully integrated agreement, in violation of the parol evidence rule," Dkt. 16 at 17[7] —

Defendants have still failed to provide a legitimate reason for dismissing Plaintiff's claims. Even

assuming that Plaintiff's breach of contract claim is based entirely on the 2022 bonus document

and that this is (1) a valid, enforceable contract supported by adequate consideration on both

---

[6]    As explained *infra*, even if the 2022 bonus plan document is a fully integrated contract, Defendants' parol evidence arguments are inapposite and do not preclude Plaintiff's assertion of a subsequent oral contract. Plaintiff merely accepts Defendants' position to demonstrate that their arguments wholly lack merit no matter how they are interpreted.

[7]    *See supra* Note 6. The parol evidence rule is plainly inapplicable to these facts. Plaintiff merely accepts the second of Defendants' conflicting claims — including their erroneous claim that the parol evidence rule bars consideration of subsequent oral agreements and promises related to employee bonuses — to demonstrate that no matter which way their arguments are sliced, Defendants are unable to prevail on a motion to dismiss.

sides and without so much discretion so as to be illusory, *and* (2) that such contract is fully

integrated, *and* (3) that the parol evidence rule definitively forecloses any possibility of

subsequent oral modification, novation, recission, or supersession, dismissal would still be

improper. This is because such a contract would still necessarily contain the implied covenant of

good faith and fair dealing. "In essence, the covenant is implied as a *supplement* to the express

contractual covenants, to prevent a contracting party from engaging in conduct which (while not

technically transgressing the express covenants) frustrates the other party's rights to the benefits

of the contract." *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 14 Cal. Rptr. 2d 335,

338 (Cal. App. 4th Dist. 1992), *reh'g denied and opinion modified* (Jan. 6, 1993), *as modified on

denial of reh'g* (Mar. 25, 1993) (emphasis in original). Twitter's exploitation of purported

discretionary powers authorized under the contract in order to deprive Plaintiff of his bonus

would breach this covenant of the contract. Such was the case in *King v. U.S. Bank National

Association*, where California's appellate court explained:

> The jury found King and U.S. Bank entered into a contract for a bonus in 2012,
> the conditions were met, and U.S. Bank unfairly interfered with King's right to
> receive the bonus. U.S. Bank does not challenge any of the jury's specific
> findings in this regard. It instead argues King 'undisputedly became ineligible to
> receive a bonus when he was terminated in December' and '[t]he implied
> covenant cannot impose a duty to pay a bonus that contradicts the plan's express
> terms.'
>
> U.S. Bank misses the mark. The implied covenant verdict does not impose a
> duty to pay a bonus in contravention of the express conditions stated in the
> bonus plan. The verdict holds U.S. Bank responsible for breaching its implied
> duty to act in good faith and in accordance with fair dealing by depriving King
> of the benefits of the contract. Plainly stated, but for U.S. Bank's bad faith act of
> terminating King *to avoid paying him the bonus*, King would have received it.
> '[W]here a contract confers on one party a discretionary power affecting the
> rights of the other, a duty is imposed to exercise that discretion in good faith and
> in accordance with fair dealing.' (*Cal. Lettuce Growers v. Union Sugar Co.*
> (1955) 45 Cal.2d 474, 484, 289 P.2d 785.).

> That King was an at-will employee is legally insignificant for purposes of
> evaluating the validity of the verdict under the circumstances presented.

*King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 706–07 (Cal. App. 3d Dist. 2020), *as*

*modified on denial of reh'g* (Aug. 24, 2020) (emphasis in original).

The same would be true here: Twitter would have breached the implied covenant of good

faith and fair dealing by dangling a bonus plan in front of its employees to induce extra efforts,

but then refusing to pay out the earned bonuses, even though Twitter had funded the plan

throughout the year and the bonus amounts were accounted for and available to pay. Thus,

Plaintiff has asserted a viable breach of contract claim.[8]

> 4. Plaintiff's Complaint Meets the Notice Pleading Standard as to His Eligibility Under
> the Bonus Plan

Defendants also argue that "Plaintiff's claim fails because he has not pleaded sufficient

facts demonstrating that he is an 'Eligible Employee[s]' [sic] under the terms of the PBP." Dkt.

16 at 18. This argument, though, falls flat, as it misunderstands the specificity required to meet

the notice pleading standard. Plaintiff need not prove his case at the pleading stage, as

Defendants seek to imply. Rather, under the notice pleading standard, "The complaint need not

contain detailed factual allegations, but it must provide more than "a formulaic recitation of the

elements of a cause of action." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097,

---

[8]    "A breach of the implied covenant of good faith is a breach of the contract, and 'breach
of a specific provision of the contract is not ... necessary' to a claim for breach of the implied
covenant of good faith and fair dealing." *Thrifty Payless, Inc. v. The Americana at Brand, LLC*,
160 Cal. Rptr. 3d 718, 730 (Cal. App. 2d Dist. 2013) (alteration in original) (internal citations
omitted).

1104 (9th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). "Under the federal notice pleading standard, the threshold for successfully pleading a breach of contract claim is extremely low." *Terry v. Travelers Insurance Co.*, 2005 WL 8176615, at *5 (E.D.Cal. 2005) (first citing  Fed R. Civ. P. 8(a), then citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11, 512 (2002)).

Here, it is clear from the complaint that Plaintiff was an eligible employee. For example, the complaint states, "Plaintiff turned down these opportunities, secure in the knowledge that Twitter would pay him his promised 2022 annual bonus during the first quarter of 2023." Compl. ¶ 25. The Complaint also states that Plaintiff remained employed by Defendants until May 2023. Compl. ¶¶ 6, 27. It further includes details such as, "Twitter repeatedly promised employees that they would receive their annual bonus under the company's Bonus Plan and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus. Plaintiff and other employees accepted these offers by continuing to work for Twitter." Compl. Count I. Thus, Plaintiff has adequately pled that he is an eligible employee.

5.   Plaintiff Has Sufficiently Stated Plausible Promissory Estoppel Claims

Under California law, an employee adequately makes out prima facie cases for both recovery on a parol contract and promissory estoppel when he is induced by his employer to remain in his employment via promises of future benefits. *West v. Hunt Foods*, 225 P.2d 978 (Cal. App. 1st Dist. 1951); *Hunter v. Sparling*, 197 P.2d 807 (Cal. App. 1st Dist. 1948). The instant matter is squarely on all fours with *Hunt Foods* and *Hunter*.

While Defendants cite extensively to the Ninth Circuit's unpublished, nonprecedential

opinion in *Kliff v. Hewlett Packard Co.*, 318 F. App'x 472, 477 (9th Cir. 2008), for the proposition that the existence of a written contract bars *any* promissory estoppel claims, this mischaracterizes *Kliff*'s holding and reasoning. There, the plaintiff's promissory estoppel claims were premised upon oral promises *predating* a subsequent integrated written contract. *Id.* at 475. As a result, the Ninth Circuit reasoned that "even if evidence of oral assurances during the interview process…were found to have resulted in an oral contract, it would have been, pursuant to California law, superseded by the written contract." *Id.* at 475. This makes sense: by agreeing to the written contract, the plaintiff in *Kliff* disavowed reliance on prior promises.[9] *But see West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285 (Cal. App. 4th Dist. 2013) (reversing trial court's dismissal of breach of contract claims premised upon loan agreement and promissory estoppel claims premised upon prior oral representations that compliance with loan agreement would result in offer for loan modification). However, where claims for breach of contract and promissory estoppel are both premised upon the same representations, and where these representations are found to amount to "an enforceable contract amply supported by consideration," promissory estoppel "constitutes an alternative ground for holding that there was a legally enforceable obligation." *Hunter v. Sparling*, 197 P.2d 807, 815–16 (Cal. App. 1st Dist.

---

[9]     Likewise, in all other California cases Defendants cite for their contention that promissory estoppel claims based upon oral representations are foreclosed by the existence of a written contract, these oral representations also occurred before or during the contract's formation and were thus extinguished by the contract. *See* Dkt. 16 at 20–21 (citing *Drake v. Option One Mortg. Corp.*, 2010 WL 11464891 (C.D. Cal. Apr. 15, 2010); *Oster v. Caithness Corp.*, 2017 WL 3727174 (N.D. Cal. Aug. 30, 2017); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 2013 WL 12113998 (C.D. Cal. Sept. 6, 2013); *AMC Tech., LLC v. Cisco Sys., Inc.*, 2012 WL 174949 (N.D. Cal. Jan. 20, 2012)). Tellingly, other than *Drake*, these cases were all decided at summary judgement or on directed verdicts.

1948).

Thus, even if the 2022 bonus plan document is found to be a valid and enforceable contract, *contra* Dkt. 16 at 7–10, Defendants cannot rely upon this contract to preclude Plaintiff's promissory estoppel claims premised upon Defendants' *subsequent* oral representations. *See Alameda County Title Ins. Co. v. Panella*, 24 P.2d 163, 165–66 (Cal. 1933) (holding promisor can be estopped as a result of his subsequent oral agreement or representation from contending only written contract or executed oral agreement can modify contract). More importantly, it is well established that, even in the face of a preexisting written contract between the parties, a plaintiff can prevail on promissory estoppel claims based upon subsequent representations by the other party. *See, e.g.*, *Garcia v. World Sav., FSB*, 107 Cal. Rptr. 3d 683, 690–97 (Cal. App. 2d Dist. 2010). As such, Plaintiff has adequately pled promissory estoppel claims based on Twitter's later oral statements.

Defendants' argument fares no better under their conflicting view that the 2022 bonus plan document is not an unenforceable contract. If, as Defendants initially contend, the 2022 bonus plan document is *not* a valid or enforceable contract, no such bar would prevent Plaintiff's promissory estoppel claims. *See Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*, 1 P.3d 63, 69 (Cal. 2000) ("Promissory estoppel was developed to do rough justice when a party lacking contractual protection relied on another's promise to its detriment."); *Toscano v. Greene Music*, 21 Cal. Rptr. 3d 732, 737 (Cal. App. 4th Dist. 2004) (quoting *Signal Hill Aviation Co. v. Stroppe*, 158 Cal. Rptr. 178, 185 (Cal. App. 2d Dist. 1979)) ("Conceptually, promissory estoppel is distinct from contract in that the promisee's justifiable and detrimental reliance on the promise is regarded as a substitute for consideration required as an element of an enforceable contract.");

*accord Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965) ("Where the promisee has failed to bind the promisor to a legally sufficient contract, but where the promisee has acted in reliance upon a promise to his detriment, the promisee is to be allowed to recover [under the doctrine of equitable estoppel]."). Indeed, under binding Ninth Circuit precedent, claims for both breach of contract and promissory estoppel survive a motion to dismiss even where a contract gives the defendant "discretion limited only by the implied duty of good faith performance." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 788 (9th Cir. 2012) (applying California law in reversing district court's granting of motion to dismiss).

Finally, Defendants' promissory estoppel arguments fail in any event due to the procedural posture of the case. The caselaw is clear that at the motion to dismiss stage, both breach of contract and promissory estoppel claims should be permitted to move forward pending further factual development. *See AmeriPOD, LLC v. DavisREED Constr. Inc.*, 2017 WL 2959351, at *2 (S.D. Cal. July 11, 2017) (internal citation omitted) (collecting cases) ("When the parties dispute the terms of a contract at the motion to dismiss stage—before any factual development—it will be difficult to determine whether the claims for promissory estoppel and breach of contract concern the same particular subject matter. In such situations, it is appropriate for a claimant to plead both promissory estoppel and breach of contract….As such, this dispute is better resolved at summary judgment, when the facts have been more fully established."); *Herbalife Intl. of Am., Inc. v. E. Computer Exch. Inc.*, 2022 WL 2065592, at *4 (C.D. Cal. June 8, 2022) (collecting cases) ("Courts, however, have permitted plaintiffs to proceed simultaneously with claims for promissory estoppel and breach of contract at the pleading stage when there are disputes as to whether a valid contract has been formed, as is the case here.");

*Fleet v. Bank of Am. N.A.*, 178 Cal. Rptr. 3d 18, 27–28 (Cal. App. 4th Dist. 2014) (same);

*Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012) ("The plaintiffs'

promissory estoppel claim…. rises or falls with the contract claim. Given that we have concluded

that the alleged contract is sufficiently definite to survive a motion to dismiss, we vacate

dismissal of the promissory estoppel claim as well."). Accordingly, Plaintiff is entitled to pursue

both his breach of contract and promissory estoppel claims at this juncture.

V.    **CONCLUSION**

      For the foregoing reasons, the Court should deny Defendants' motion to dismiss.

                        Respectfully submitted,

                        MARK SCHOBINGER, on behalf of himself and
                        all others similarly situated,

                        By his attorneys,

                        /s/ Shannon Liss-Riordan
                        Shannon Liss-Riordan, SBN 310719
                        Bradley Manewith (*pro hac vice* forthcoming)
                        LICHTEN & LISS-RIORDAN, P.C.
                        729 Boylston Street, Suite 2000
                        Boston, MA 02116
                        (617) 994-5800
                        Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:        August 18, 2023

**CERTIFICATE OF SERVICE**

      I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document

was served on counsel for Defendants Twitter, Inc. and X Corp. via the CM/ECF system on

August 18, 2023.

                        /s/ Shannon Liss-Riordan
                        Shannon Liss-Riordan