SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Mark Schobinger, on behalf of himself
and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated, <br><br>         Plaintiff, <br><br>   v. <br><br> TWITTER, INC. and X CORP., <br><br>         Defendants | CASE NO. 3:23-cv-03007-VC <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT** <br><br> Date: September 21, 2023 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 2

III. ARGUMENT .................................................................................................... 3

    A. The Court Cannot Consider Twitter's Prior Policy on Bonuses Without Converting
    Defendants' Motion to a Summary Judgement Motion .................................................. 3

    B. Plaintiff's Complaint Clearly States Claims Upon Which Relief Can Be Granted
    Notwithstanding the 2022 Bonus Plan Document .......................................................... 6

        1. California Law Applies to Plaintiff's Claims ........................................................ 6

        2. Plaintiff Adequately Pleads Breach of Contract Based on Defendants' Oral
        Statements Agreeing to Pay the 2022 Annual Bonus ............................................. 7

        3. Plaintiff Has Sufficiently Stated Plausible Breach of Contract Claims Under
        Either of Defendants' Contradictory Characterizations of the 2022 Bonus Plan
        Document ........................................................................................................ 10

            i. Defendants' Parol Evidence Rule Arguments Are Inapplicable if the
            2022 Bonus Plan Document is an Unenforceable Contract ........................ 11

            ii. If the 2022 Bonus Plan Document is an Enforceable Contract That
            Forbids Subsequent Oral Modification (Which it Does Not), Then
            Defendants Have Breached the Contract's Implied Covenant of Good
            Faith and Fair Dealing ............................................................................ 12

        4. Plaintiff's Complaint Adequately Pleads He is Eligible for a Bonus. ................. 12

        5. Plaintiff Has Sufficiently Stated Plausible Promissory Estoppel Claims ............. 13

IV. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Alameda County Title Ins. Co. v. Panella*,

    24 P.2d 163 (Cal. 1933)............................................................................................... 14

*AMC Tech., LLC v. Cisco Sys., Inc.*,

    2012 WL 174949 (N.D. Cal. Jan. 20, 2012)................................................................ 14

*AmeriPOD, LLC v. DavisREED Constr. Inc.*,

    2017 WL 2959351 (S.D. Cal. July 11, 2017).............................................................. 15

*Casa Herrera, Inc. v. Beydoun*,

    83 P.3d 497 (Cal. 2004)................................................................................................ 7

*Charnay v. Cobert*,

    51 Cal. Rptr. 3d 471 (Cal. App. 2d Dist. 2006)........................................................... 8

*Coto Settlement v. Eisenberg*,

    593 F.3d 1031 (9th Cir. 2010) ................................................................................. 4, 5

*Cottle v. Plaid Inc.*,

    536 F. Supp. 3d 461(N.D. Cal. 2021)...................................................................... 4, 5

*Drake v. Option One Mortg. Corp.*,

    2010 WL 11464891 (C.D. Cal. Apr. 15, 2010) ......................................................... 14

EcoHub, LLC v. Recology Inc.,

    2023 WL 3852700 (N.D. Cal. June 6, 2023)............................................................... 5

*Fanucchi & Limi Farms v. United Agri Products*,

    414 F.3d 1075 (9th Cir. 2005) ..................................................................................... 8

*Fleet v. Bank of Am. N.A.*,

    178 Cal. Rptr. 3d 18 (Cal. App. 4th Dist. 2014).........................................................................15

*Frontier Oil Corp. v. RLI Ins. Co.*,

    153 Cal. App. 4th 1436 (Cal. 2007) .............................................................................................6

*Garcia v. World Sav., FSB*,

    107 Cal. Rptr. 3d 683 (Cal. App. 2d Dist. 2010)........................................................................14

*Gutride Safier LLP v. Reese*,

    2013 WL 4104462 (N.D. Cal. Aug. 9, 2013) ................................................................................7

*Herbalife Intl. of Am., Inc. v. E. Computer Exch. Inc.*,

    2022 WL 2065592 (C.D. Cal. June 8, 2022) ..............................................................................15

*Hunter v. Sparling*,

    197 P.2d 807 (Cal. App. 1st Dist. 1948).............................................................................13, 14

*In re Hyundai & Kia Fuel Econ. Litig.*,

    926 F.3d 539 (9th Cir. 2019) .........................................................................................................6

*India Paint & Lacquer Co. v. United Steel Prod. Corp.*,

    123 Cal. App. 2d 597 (Cal. App. 2 Dist. 1954) .........................................................................11

*Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*,

    1 P.3d 63 (Cal. 2000)...................................................................................................................15

*Khoja v. Orexigen Therapeutics, Inc.*,

    899 F.3d 988 (9th Cir. 2018) ...............................................................................................3, 4, 5

*King v. U.S. Bank Nat'l Ass'n*,

    53 Cal. App. 5th 675 (Cal. App. 3d Dist. 2020)........................................................................12

*Kliff v. Hewlett Packard Co.*,

    318 F. App'x 472 (9th Cir. 2008) ......................................................................... 13

*Knievel v. ESPN*,

    393 F.3d 1068 (9th Cir. 2005) ............................................................................... 4

*Kreuzberger v. Wingfield*,

    96 Cal. 251 (Cal. 1892) ........................................................................................ 11

*Lee v. City of Los Angeles*,

    250 F.3d 668 (9th Cir. 2001) ................................................................................. 3

*L'Garde, Inc. v. Raytheon Space and Airborne Sys.*,

    2013 WL 12113998 (C.D. Cal. Sept. 6, 2013) ..................................................... 14

*Loc. Motion, Inc. v. Niescher*,

    105 F.3d 1278 (9th Cir. 1997) ............................................................................... 11

*MacIsaac & Menke Co. v. Cardox Corp.*,

    193 Cal. App. 2d 661, 14 Cal. Rptr. 523, (Ct. App. 1961).................................... 8

*Merzi v. Brumfield*,

    2023 WL 4113242 (Tex. App. Beaumont, 2023)................................................... 11

*Moncada v. West Coast Quartz Corp.*,

    164 Cal.Rptr.3d 601 (Cal. App. 6 Dist., 2013)..................................................... 10

*Oster v. Caithness Corp.*,

    2017 WL 3727174 (N.D. Cal. Aug. 30, 2017) ..................................................... 14

*Pointe W. Ctr., LLC v. It's Alive, Inc.*,

    476 S.W.3d 141 (Tex. App. 2015) ......................................................................... 9

*Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*,

    14 Cal. Rptr. 2d 335 (Cal. App. 4th Dist. 1992)........................................................ 12

*Redd v. Williams Radiator Co.*,

    112 Cal.App. 353 (Cal.App. 3 Dist. 1931) ............................................................... 10

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*,

    291 P.3d 316 (Cal. 2013)............................................................................................ 8

*Sateriale v. R.J. Reynolds Tobacco Co.*,

    697 F.3d 777 (9th Cir. 2012) .................................................................................... 15

*Senne v. Kansas City Royals Baseball Corp.*,

    934 F.3d 918 (9th Cir. 2019) ...................................................................................... 6

*Shanklin v. Columbia Management Advisors, L.L.C.*,

    2008 WL 4899631 (S.D. Tex. 2008) ........................................................................ 10

*Terry v. Travelers Insurance Co.*,

    2005 WL 8176615 (E.D.Cal. 2005) .......................................................................... 13

*West v. Hunt Foods*,

    225 P.2d 978 (Cal. App. 1st Dist. 1951).................................................................... 13

*West v. Quintanilla*,

    573 S.W.3d 237 (Tex., 2019) .................................................................................... 11

*Wheeler v. White*,

    398 S.W.2d 93 (Tex. 1965) ....................................................................................... 15

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*,

    10 Cal. App. 5th 56 (Cal. App. 2 Dist. 2017)............................................................. 9

**Statutes**

28 U.S.C. § 1746 ................................................................................................................... 8

Cal. Civ. Code § 1646 ......................................................................................................... 11

Cal. Civ. Code § 1698 ......................................................................................................... 14

Cal. Civ. Proc. Code Ann. § 1860 ........................................................................................ 6

**Rules**

Fed R. Civ. P. 8(a) ............................................................................................................. 21

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4, 5, 8, 16

Fed. R. Civ. P. 12(d) ......................................................................................................... 5, 9

Fed. R. Civ. P. 56(e) ............................................................................................................ 8

Fed. R. Evid. 201 ................................................................................................................ 6

Fed. R. Evid. 901(a) ............................................................................................................ 7

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 3:23-CV-03007-VC

## I.     <u>INTRODUCTION</u>

Defendants claim that they have unfettered discretion to deny employees the annual bonus they were promised based upon the "2022 Global Discretionary Performance Bonus Plan," which they wrongly attach as an exhibit to their motion.  The primary flaw in Defendants' motion is that the plan document they have (impermissibly) included with their motion is **neither** the contract **nor** the promise at issue in Plaintiff's claims for breach of contract and promissory estoppel.  Thus, Defendants' arguments related to that document are largely irrelevant to the claims asserted here and do not justify dismissing Plaintiff's claims at this early stage. As the complaint makes clear, the relevant contracts and promises at issue here are the statements made by Twitter's leadership leading up to and following billionaire Elon Musk's purchase of the company that employees would be paid 2022 bonuses at fifty percent (50%) of target. *See, e.g.*, Compl., Dkt. 1 at ¶¶ 2–3. While these statements may reference certain *figures* in the document, the statements are nevertheless separate and apart from Twitter's *prior* promulgation of the document Defendants have erroneously alleged govern the claims at issue in this case.

Moreover, even assuming the bonus plan document is correctly before the Court, and that it governs Plaintiff's claims, Defendants are mistaken in arguing that the parol evidence rule (under Texas law or California law) forecloses subsequent oral modifications or novations of what they allege to be an unsigned and entirely discretionary "fully integrated agreement." Dkt. 16 at 17.  Basic principles of contract law (in both Texas and California) make abundantly clear that written contracts can be subsequently modified or novated orally, and that new oral promises can generally supersede prior written promises.

Because Defendants have misconstrued both the nature of Plaintiff's claims and the

tenets of applicable contract law, Defendants' arguments fall well short of the rigorous standards for granting a motion to dismiss. As a result, Defendants' motion should be denied.

## II.   **BACKGROUND**

In the weeks leading up to controversial billionaire Elon Musk's acquisition of Twitter, "many employees raised concerns regarding the company's policies following this anticipated acquisition, including concerns about their compensation and annual bonus." Compl. at ¶ 17. "In order to allay employees' concerns and try to prevent them from leaving Twitter to work at other companies, Twitter made various promises to employees," including that employees (Plaintiff included) would be paid their bonuses at fifty percent (50%) of what their targets would otherwise be under the 2022 bonus plan, notwithstanding the plan's discretionary. *Id.* at 18–23. Relying on these promises, Plaintiff and many other employees forewent their right to end their employment with Twitter, and despite "regularly receiv[ing] calls from recruiters and companies regarding other employment opportunities," "Plaintiff turned down these opportunities, secure in the knowledge that Twitter would pay him his promised 2022 annual bonus during the first quarter of 2023." *Id.* at ¶¶ 24–25. Thus, Plaintiff and other employees "lost opportunities to obtain other employment at the time they were relying on the promise." *Id.* at Count II. As a result, Plaintiff filed this suit for breach of contract and promissory estoppel.

The very first two sentences of the Introduction to Defendants' Motion to Dismiss reveals their mistaken understanding of Plaintiff's claims: "Plaintiff Mark Schobinger claims that Twitter failed to pay him and other employees an annual performance bonus *under the terms of* Twitter's 'Global Discretionary Performance Bonus Plan' (the 'PBP'). As the title reflects, the PBP is discretionary." *Id.* at 8 (emphasis added). However, as the complaint makes clear,

Plaintiff is *not* suing under the terms of Twitter's bonus plan; he is suing for breach of contract and promissory estoppel based upon Twitter's *subsequent* promises to pay employees bonuses (which were to be calculated consistent with the plan) in exchange for their decision to remain employed at Twitter following its acquisition by Musk.  Compl. ¶ 3.

Thus, it was this promise — that, if employees declined to exercise their right to cease employment with Twitter and pursue other employment opportunities following Musk's acquisition, they would be guaranteed their annual bonus at fifty percent of their targets — that is the basis for Plaintiff's breach of contract and promissory estoppel claims.

## III.   <u>ARGUMENT</u>

### A.   <u>The Court Cannot Consider Twitter's Prior Policy on Bonuses Without Converting Defendants' Motion to a Summary Judgement Motion</u>

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d); *see also Khoja*, 899 F.3d at 998 (quoting *id.*) (internal citation omitted).

"There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* As to taking judicial notice, this Court only "may do so 'not for the truth of the facts recited therein, but for the existence of the [document].'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). As such, while this Court may take notice of the *fact* that a 2022 policy document related to bonuses *existed*, it may

**not** take notice of any disputed aspects related to that policy and would abuse its discretion "by taking judicial notice of disputed matters of fact to support its ruling," including by "incorrectly t[aking] judicial notice of the validity of" the discretion-granting provisions of the plan, which Plaintiff contends were superseded by Twitter's subsequently announced benefits policies. *Id.*; *cf.* Dkt. 17 at 7. Given the factual dispute over the operative contractual terms (the oral representations ceding discretion and promising bonuses in exchange for Plaintiff forgoing other job opportunities, or the older document Defendants have proffered), Defendants' request for judicial notice of the 2022 Bonus document should be rejected. *See Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) (declining to take judicial notice of policies and terms of use that Plaintiffs dispute were operative at the time of the aggrieved conduct); *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, 2020 WL 513287, at \*9 n.5 (N.D. Cal. Jan. 31, 2020) (finding judicial notice improper because the court would not be equipped to resolve factual issue presented by defendant's motion to dismiss, even if it took judicial notice).

The second exception, the incorporation by reference doctrine, is only available in "those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage," *Khoja*, 899 F.3d at 1002 (citing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)). It too is unhelpful to Defendants. The Ninth Circuit has explained that "the doctrine of incorporation by reference [permits courts] to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Moreover, "'the mere mention of the existence of a document is insufficient to

incorporate the contents of a document' under *Ritchie*," *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.*

This is exactly how Defendants are attempting to use the 2022 bonus plan document: Defendants have included the document, which is referenced in Plaintiff's complaint but does not serve as the basis for his claims, for the sole purpose of creating a contractual defense to the claims at issue. The parties also strongly disagree over the document's relevance (with Defendants claiming it is the operative contract and Plaintiff claiming it has been superseded), and thus it fails to satisfy the requirement that "there are no disputed issues as to the document's relevance." *See Eisenberg*, 593 F.3d at 1038; *EcoHub, LLC v. Recology Inc.,* 2023 WL 3852700 at *5 (N.D. Cal. June 6, 2023); *Cottle*, 536 F. Supp. 3d at 477–78.  Accordingly, the document does not qualify for incorporation by reference.[1]

Finally, the Ninth Circuit has made clear that judicial notice and incorporation by reference are extremely disfavored at the motion to dismiss stage because, precisely as is the case here, they are ripe for abuse by defendants seeking to tailor-make an incomplete evidentiary record to serve as the basis for short-circuiting the trial process. *Khoja*, 899 F.3d at 998–99

---

[1]     Because neither judicial notice nor incorporation by reference are proper vehicles by which this Court can consider the document, unless the Court excludes the document, "the motion must be treated as one for summary judgment under Rule 56," entitling the parties to full discovery. Fed. R. Civ. Pro. 12(d); *Khoja*, 899 F.3d at 998.

(internal citations omitted). This Court should heed the Ninth Circuit's warning and refuse to give credence to Defendants' self-serving, hand-picked evidence.

**B.** **Plaintiff's Complaint Clearly States Claims Upon Which Relief Can Be Granted Notwithstanding the 2022 Bonus Plan Document**

1. California Law Applies to Plaintiff's Claims

As an initial matter, Defendants incorrectly argue that Texas law governs Plaintiff's claims; these claims are squarely governed by California state law. "A district court considering state law claims brought in federal court must utilize the choice-of-law rules of the forum state— here, California." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 928 (9th Cir. 2019) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). "By default, California courts apply California law unless a party litigant timely invokes the law of a foreign state, in which case it is the foreign law proponent who must shoulder the burden of demonstrating that foreign law, rather than California law, should apply to class claims." *Id.* (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc)).

California law states: "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. "The apparent purpose of Civil Code section 1646 is to determine the choice of law with respect to the interpretation of a contract in accordance with the parties' presumed *intention at the time they entered into the contract.*" *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1449 (Cal. 2007), *as modified* (Sept. 5, 2007) (emphasis added). The 2022 Bonus Plan document, and the subsequent oral promises, do not indicate a place of performance; they apply to all eligible Twitter employees wherever they may work. The only constant was Twitter's headquarters in

California, which is also the place of Twitter's performance in paying the bonuses.

Regardless, given any obscurity on this point, the statute instructs to default to the contract law of the place where the contract — in this case, Twitter's corporate policy — was made, which would be California. It is inconceivable that Twitter would have intended its policy to be governed differently for each employee depending on the law of the employee's state or country. And, if the parties' intentions were truly indecipherable, the governmental interests test would nevertheless result in the application of California law. *See Gutride Safier LLP v. Reese*, 2013 WL 4104462, at *4–7 (N.D. Cal. Aug. 9, 2013).

    2.   <u>Plaintiff Adequately Pleads Breach of Contract Based on Defendants' Oral Statements Agreeing to Pay the 2022 Annual Bonus</u>

The main thrust of Defendants' Motion to Dismiss, Dkt. 16, is that Plaintiff's claims fail because his complaint relies upon oral representations "to contradict the terms of the Plan, which is a fully integrated agreement, in violation of the parol evidence rule." Dkt. 16 at 17. This argument is fatally flawed in that it reflects a clear misunderstanding of the parol evidence rule.

It is certainly true that "under the parol evidence rule, all prior or contemporaneous oral negotiations are merged in the written contract, which is conclusive in the absence of a plea of actual fraud or mistake." *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 503 (Cal. 2004) (internal quotations and citation omitted). However, Plaintiff does *not* allege that Twitter's oral promises to pay his and other employees' bonuses were "*prior* or *contemporaneous*" representations, *id.* (emphasis added), but rather were *subsequent* to the 2022 bonus plan document's publication. The parol evidence rule does not bar evidence of *subsequent* oral modifications, novations, recissions, or supersessions. As California's appellate courts have explained:

The parol evidence rule . . . prohibits a party from resorting to extrinsic

> evidence of a prior or contemporaneous oral agreement to contradict a plain and unambiguous term of a fully integrated agreement. Charnay's allegations, however, involve promises made subsequent to the execution of the parties' retainer agreement, not a prior or contemporaneous oral agreement. Accordingly, the parol evidence rule is simply inapplicable.

*Charnay v. Cobert*, 51 Cal. Rptr. 3d 471, 483–84 (Cal. App. 2d Dist. 2006) (internal citation and footnotes omitted). The California Supreme Court has further clarified:

> Section 1856, subdivision (f) establishes a broad exception to the operation of the parol evidence rule: 'Where the validity of the agreement is the fact in dispute, this section does not exclude evidence relevant to that issue.' This provision rests on the principle that the parol evidence rule, intended to protect the *terms* of a valid written contract, should not bar evidence challenging the *validity* of the agreement itself. 'Evidence to prove that the instrument is void or voidable for mistake, fraud, duress, undue influence, illegality, alteration, lack of consideration, or another invalidating cause is admissible. This evidence does not contradict the terms of an effective integration, because it shows that the purported instrument has no legal effect.'

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 291 P.3d 316, 319 (Cal. 2013) (emphasis in original). Here, the discretionary components of the 2022 bonus plan document are "void or voidable for…alteration," *id.*, as they have been modified, novated, or superseded by Twitter's subsequent oral promises.

Indeed, oral modification, novation, recission, and supersession of an integrated written contract are all explicitly permitted by California Civil Code § 1698. Cal. Civ. Code § 1698 (b)-(d). "An oral agreement fully executed by one party, if supported by consideration, will constitute a valid modification of a prior written agreement." *MacIsaac & Menke Co. v. Cardox Corp.*, 193 Cal. App. 2d 661, 670, 14 Cal. Rptr. 523, 528 (Ct. App. 1961) (citation omitted); *see also Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075 (9th Cir. 2005) (holding written contract was orally novated under California law and Plaintiff met pleading standard as to breach of contract and promissory estoppel claims); *accord Pointe W. Ctr., LLC v. It's Alive,*

*Inc.*, 476 S.W.3d 141, 151 (Tex. App. 2015) (alteration in original) (internal citations and quotations omitted) ("[A] written contract not required by law to be in writing, may be modified by a subsequent oral agreement even though it provides it can be modified only by a written agreement. Such a written bargain or agreement is of no higher legal degree than an oral one, and either may vary or discharge the other. Accordingly, proof that a contract provision requires modifications to be in writing does not establish as a matter of law that the parties did not modify the contract orally.").

Even if the 2022 bonus plan document did "expressly provide[]" that oral modification is unavailable (which it did not), this still would not doom Plaintiff's claims. *See Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 78 (Cal. App. 2 Dist. 2017) ("[N]otwithstanding a provision in a written agreement that precludes oral modification, the parties may, by their words or conduct, waive contractual rights."). The integration clause in the bonus plan document merely provides that it "supersedes and replaces" all other (then-existing) plans. Dkt. 17 at 7. Under both California law and Texas law, this allows for subsequent, binding oral modifications, novations, recissions, and supersessions.

Yet the 2022 bonus plan document goes further: it provides, "Subject to applicable law, Twitter, Inc. retains full discretion to interpret, amend, modify, terminate, or revoke the Plan…at its sole discretion…and its determinations are final and binding." *Id.* This statement not only disavows any purported integration clause forbidding subsequent modification; it expressly permits such changes. Thus, Twitter's subsequent oral modifications changed the terms of the plan and made what may have previously been illusory promises binding.

Of course, such changes needed to be supported by consideration. Twitter's consideration was foregoing its right to withhold these bonuses and committing to pay them; the employees' consideration was foregoing other job opportunities and their right to terminate their employment. California courts have found such promises constitute adequate consideration for a valid contract to be formed. *See, e.g., Moncada v. West Coast Quartz Corp.*, 164 Cal.Rptr.3d 601, 610 (Cal. App. 6 Dist., 2013) ("The promise was clear and definite: continue working at West Coast until the company is sold, and at that time, we will pay you a bonus that will enable you to retire. Plaintiffs understood defendants' promise, and acted on their end by continuing to work at West Coast until the company was sold. The first amended complaint alleges facts sufficient to state a cause of action for breach of contract."); *Redd v. Williams Radiator Co.*, 112 Cal.App. 353 (Cal.App. 3 Dist. 1931) (holding promise to work for three months in exchange for bonus was valid contract supported by consideration); *accord Shanklin v. Columbia Management Advisors, L.L.C.*, 2008 WL 4899631, at *13 (S.D. Tex. 2008).

As such, Defendants' attempts to discount the oral promises made subsequent to the 2022 bonus plan document fail as a matter of law.

3.  Plaintiff Has Sufficiently Stated Plausible Breach of Contract Claims Under Either of Defendants' Contradictory Characterizations of the 2022 Bonus Plan Document

In their Motion to Dismiss, Defendants seemingly advance contradictory and conflicting characterizations of the 2022 bonus plan document they assert dooms Plaintiff's complaint. On the one hand, Defendants argue that "no contractual right to a bonus exists given the discretionary nature of the PBP," that "no valid or enforceable contract exists" due to lack of consideration, and that "the PBP does not confer upon Plaintiff a contractual right to a bonus." Dkt. 16 at 7–10. On the other hand, Defendants subsequently argue that "Plaintiff is relying on

evidence to contradict the terms of the Plan, which is a fully integrated agreement, in violation of the parol evidence rule." Dkt. 16 at 17.

Obviously, these are directly contradictory positions that cannot both be true and instead reflect Defendants' thinly veiled attempt at threading the needle to dismiss Plaintiff's well-pled claims before discovery. Even still, under either of Defendants' characterizations of the 2022 bonus plan document, Plaintiff's claims survive Defendants' Rule 12(b)(6) attack.

       i.   *Defendants' Parol Evidence Rule Arguments Are Inapplicable if the 2022 Bonus Plan Document is an Unenforceable Contract*

As both the Ninth Circuit and California Supreme Court have made clear, "the parol evidence rule only applies when the court is interpreting a contract that is enforceable." *Loc. Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997); *Kreuzberger v. Wingfield*, 96 Cal. 251, 255 (Cal. 1892) (internal citations omitted); *accord Merzi v. Brumfield*, 2023 WL 4113242, at *5 (Tex. App. Beaumont, 2023) (citing *West v. Quintanilla*, 573 S.W.3d 237 (Tex., 2019) ("[T]he parol evidence rule only applies to valid, written, integrated contracts."). To that end, California courts have cautioned that for Defendants' "arguments to prevail, it would be necessary to establish that the . . . documents it relied upon constituted a complete, integrated contract between the parties, under which circumstances the familiar rule that parol evidence is not admissible … would apply." *India Paint & Lacquer Co. v. United Steel Prod. Corp.*, 123 Cal. App. 2d 597, 606 (Cal. App. 2 Dist. 1954). Thus, if Defendants' first conception of the bonus plan document is correct, there is no basis for precluding Plaintiff's claims under the parol evidence rule: if there is no valid and enforceable contract, there is no integrated agreement, and therefore no legal basis for objecting to Plaintiff's assertion of a subsequent oral contract.

> ii. *If the 2022 Bonus Plan Document is an Enforceable Contract That Forbids Subsequent Oral Modification (Which it Does Not), Then Defendants Have Breached the Contract's Implied Covenant of Good Faith and Fair Dealing*

Accepting *arguendo* that Defendants' second, entirely contradictory position that Plaintiff's breach of contract claim is based entirely on the 2022 bonus document is correct, which it is not, dismissal would still be improper. This is because such a contract would still contain the implied covenant of good faith and fair dealing. "In essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 338 (Cal. App. 4th Dist. 1992), *reh'g denied and opinion modified* (Jan. 6, 1993), *as modified on denial of reh'g* (Mar. 25, 1993) (emphasis in original); *see also King v. U.S. Bank National Association*, 53 Cal. App. 5th 675 (Cal. App. 3d Dist. 2020), *as modified on denial of reh'g* (Aug. 24, 2020 (affirming verdict for breach of the implied covenant of good faith and fair dealing).

Here, Plaintiff may alternatively win the breach of contract claim based upon Twitter's breach of the implied covenant of good faith and fair dealing. It dangled a bonus plan in front of its employees to induce extra efforts and keep them from leaving the company during an uncertain time, but then refusing to pay out the earned bonuses, even though it had funded the plan throughout the year and the bonus amounts were accounted for and available to pay.

4. Plaintiff's Complaint Adequately Pleads He is Eligible for a Bonus.

Defendants also argue that "Plaintiff's claim fails because he has not pleaded sufficient facts demonstrating that he is an 'Eligible Employee[s]' [sic] under the terms of the PBP." Dkt.

16 at 18. However, Plaintiff need not prove his case at the pleading stage, as Defendants seek to imply. *See Twombly*, 550 U.S. 544, 570 (2007). "Under the federal notice pleading standard, the threshold for successfully pleading a breach of contract claim is extremely low." *Terry v. Travelers Insurance Co.*, 2005 WL 8176615, at *5 (E.D. Cal. 2005) (internal citations omitted).

The complaint makes clear that Plaintiff was an eligible employee. For example, Plaintiff alleges he, "turned down these opportunities, secure in the knowledge that Twitter would pay him his promised 2022 annual bonus during the first quarter of 2023." Compl. ¶ 25. Plaintiff also remained employed by Defendants until May 2023. *Id.* at ¶¶ 6, 27. Additionally, "Twitter repeatedly promised employees that they would receive their annual bonus under the company's Bonus Plan and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus. Plaintiff and other employees accepted these offers by continuing to work for Twitter." *Id.* at Count I. Thus, Plaintiff adequately pled he is an eligible employee.

5. Plaintiff Has Sufficiently Stated Plausible Promissory Estoppel Claims

Under California law, an employee adequately makes out prima facie cases for both recovery on a parol contract and promissory estoppel when he is induced by his employer to remain in his employment via promises of future benefits. *West v. Hunt Foods*, 225 P.2d 978 (Cal. App. 1st Dist. 1951); *Hunter v. Sparling*, 197 P.2d 807 (Cal. App. 1st Dist. 1948). The instant matter is squarely on all fours with *Hunt Foods* and *Hunter*.

While Defendants cite extensively to the Ninth Circuit's unpublished, nonprecedential opinion in *Kliff v. Hewlett Packard Co.*, 318 F. App'x 472, 477 (9th Cir. 2008), for the proposition that the existence of a written contract bars *any* promissory estoppel claims, this mischaracterizes *Kliff*'s holding and reasoning. There, the plaintiff's promissory estoppel claims

were premised upon oral promises *predating* a subsequent integrated written contract. *Id.* at 475.

By agreeing to the written contract, the plaintiff in *Kliff* disavowed reliance on prior promises.[2]

However, where claims for breach of contract and promissory estoppel are both premised upon

the same representations, and where these representations are found to amount to "an enforceable

contract amply supported by consideration," promissory estoppel "constitutes an alternative

ground for holding that there was a legally enforceable obligation." *Hunter*, 197 P.2d at 815–16.

Thus, Defendants cannot rely upon the 2022 bonus plan document to preclude Plaintiff's

promissory estoppel claims premised upon Defendants' *subsequent* oral representations. *See*

*Alameda County Title Ins. Co. v. Panella*, 24 P.2d 163, 165–66 (Cal. 1933) (holding promisor

can be estopped as a result of his subsequent oral agreement or representation from contending

only written contract or executed oral agreement can modify contract). It is well established that,

even in the face of a preexisting written contract between the parties, a plaintiff can prevail on

promissory estoppel claims based upon subsequent representations by the other party. *See, e.g.*,

*Garcia v. World Sav., FSB*, 107 Cal. Rptr. 3d 683, 690–97 (Cal. App. 2d Dist. 2010). As such,

Plaintiff has adequately pled promissory estoppel.

Defendants' argument fares no better under their conflicting view that the 2022 bonus

plan document is not an unenforceable contract. If, as Defendants initially contend, the 2022

---

[2]     Likewise, in all other California cases Defendants cite, the oral representations occurred
before or during the contract's formation and were thus extinguished by the contract. *See* Dkt. 16
at 20–21 (citing *Drake v. Option One Mortg. Corp.*, 2010 WL 11464891 (C.D. Cal. Apr. 15,
2010); *Oster v. Caithness Corp.*, 2017 WL 3727174 (N.D. Cal. Aug. 30, 2017); *L'Garde, Inc. v.
Raytheon Space and Airborne Sys.*, 2013 WL 12113998 (C.D. Cal. Sept. 6, 2013); *AMC Tech.,
LLC v. Cisco Sys., Inc.*, 2012 WL 174949 (N.D. Cal. Jan. 20, 2012)). Tellingly, other than
*Drake*, these cases were all decided at summary judgement or on directed verdicts.

bonus plan document is *not* a valid or enforceable contract, no such bar would prevent Plaintiff's promissory estoppel claims. *See Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*, 1 P.3d 63, 69 (Cal. 2000) ("Promissory estoppel was developed to do rough justice when a party lacking contractual protection relied on another's promise to its detriment."); *accord Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965) ("Where the promisee has failed to bind the promisor to a legally sufficient contract, but where the promisee has acted in reliance upon a promise to his detriment, the promisee is to be allowed to recover [under the doctrine of equitable estoppel]."). Indeed, under binding Ninth Circuit precedent, claims for both breach of contract and promissory estoppel survive a motion to dismiss even where a contract gives the defendant "discretion limited only by the implied duty of good faith performance." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 788 (9th Cir. 2012).

Finally, Defendants' promissory estoppel arguments fail due to the procedural posture of the case. It is clear that at the motion to dismiss stage, both breach of contract and promissory estoppel claims should be permitted to move forward pending further factual development. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012); *AmeriPOD, LLC v. DavisREED Constr. Inc.*, 2017 WL 2959351, at *2 (S.D. Cal. July 11, 2017) (collecting cases); *Herbalife Intl. of Am., Inc. v. E. Computer Exch. Inc.*, 2022 WL 2065592, at *4 (C.D. Cal. June 8, 2022) (collecting cases); *Fleet v. Bank of Am. N.A.*, 178 Cal. Rptr. 3d 18, 27–28 (Cal. App. 4th Dist. 2014). Accordingly, Plaintiff should be permitted to pursue both his breach of contract and promissory estoppel claims at this juncture.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendants' motion to dismiss.

Respectfully submitted,

MARK SCHOBINGER, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:        August 29, 2023

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Twitter, Inc. and X Corp. via the CM/ECF system on August 29, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan