MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO
TWITTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:        October 5, 2023<br>Time:       10:00 a.m.<br>Judge:      Hon. Vince Chhabria |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 3:23-CV-03007-VC

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 1

    A.    Plaintiff Cannot Disavow The Allegations In His Own Complaint ...................... 1

    B.    The Complaint Incorporated the PBP By Reference and The Court Should
        Consider Its Terms In Ruling on Twitter's Motion. ................................................ 2

    C.    Texas Law Governs ................................................................................................. 4

    D.    Plaintiff's Breach of Contract Claim Must Be Dismissed. .................................... 5

        i.    Plaintiff Fails to Plausibly Allege Facts Demonstrating That an Oral
            Agreement Modified the Terms of the PBP. ................................................ 5

        ii.   Plaintiff Did Not Plead a Claim For Breach the Implied Covenant
            of Good Faith and Fair Dealing; Regardless, Such Claim Would Be
            Dismissed. .................................................................................................... 7

        iii.  Plaintiff Fails to Allege Substantive Facts Showing He is an
            "Eligible Employee" Under the Terms of the PBP. ..................................... 8

    E.    Plaintiff's Promissory Estoppel Claim Must Be Dismissed. ................................. 8

III.   CONCLUSION ……………………………………………………………….…10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Airborne Freight Corp. v. C.R. Lee Enters., Inc.,*
5
   847 S.W.2d 289 (Tex. App.—El Paso 1992, writ denied) ........................................................ 9

6

*Alameda Cnty. Title Ins. Co. v. Panella,*
   218 Cal. 510, 24 P.2d 163 (1933) .......................................................................................... 10
7

*Anaheim Extrusion Co. v. Superior Ct.,*
8
   170 Cal.App.3d 1201 (1985)..................................................................................................... 4

9

*Ardente, Inc. v. Shanley,*
10
   No. C 07-4479 MHP, 2010 WL 546485 (N.D. Cal. Feb. 10, 2010) ......................................... 5

11

*Arno v. Club Med,*
   22 F.3d 1464 (9th Cir. 1994)..................................................................................................... 4
12

*Ashcroft v. Iqbal,*
13
   556 U.S. 662 (2009) ................................................................................................................... 8

14

*Bell Atlantic Corp. v. Twombly,*
15
   550 U.S. 544 (2007) ................................................................................................................... 8

16

*Bevis v. Terrace View Partners, LP,*
   33 Cal.App.5th 230 (2019)......................................................................................................... 8
17

*BioSilk Spa, L.P. v. HG Shopping Centers, L.P.,*
18
   No. 14-06-00986, 2008 WL 1991738 (Tex. App.—Houston [14th Dist.] May
19
   8, 2008, no pet.) ......................................................................................................................... 9

*Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.,*
20
   470 S.W.3d 636 (Tex. App. – Dallas 2015).......................................................................... 6, 9

21

*Canidae, LLC v. Cooper,*
22
   No. 6:21-CV-0019-H-BU, 2022 WL 660197 (N.D. Tex. Feb. 9, 2022)................................... 7

23

*Careau & Co. v. Security Pacific Business Credit, Inc.,*
   222 Cal.App.3d 1371 (1990)..................................................................................................... 7
24

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.,*
25
   2 Cal.4th 342 (1992) ................................................................................................................... 8

26

*Carrillo v. Citimortgage, Inc.,*
27
   No. CV 09-2404 AHM, 2009 WL 4723616 (C.D. Cal. Dec. 2, 2009) ..................................... 5

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

*Castranova v. Teknekron Infoswitch, Inc.*,
　No. CIV.A. 3:00-CV-0361-, 2003 WL 22143793 (N.D. Tex. Aug. 18, 2003)........................ 5

*City of Midland v. Bryant*,
　18 S.W.3d 209 (Tex. 2000)......................................................................................................... 7

*Colodney v. Cnty. of Riverside*,
　No. EDCV1300427VAPSPX, 2013 WL 12200649 (C.D. Cal. Aug. 16, 2013),
　*aff'd*, 651 F. App'x 609 (9th Cir. 2016)................................................................................. 2

*Conaway v. Control Data Corp.*,
　955 F.2d 358 (5th Cir. 1992)...................................................................................................... 7

*Cottle v. Plaid Inc.*,
　536 F. Supp. 3d 461 (N.D. Cal. 2021) ...................................................................................... 4

*Drake v. Option One Mortg. Corp.*,
　No. SACV0901450CJCRNBX, 2010 WL 11464891 (C.D. Cal. Apr. 15, 2010).............. 9, 10

*Fanucchi & Limi Farms v. United Agri Products*,
　414 F.3d 1075 (9th Cir. 2005)................................................................................................ 6, 7

*Five Star Gourmet Foods, Inc. v. Fresh Express*,
　No. 19-CV-05611-PJH, 2020 WL 513287 (N.D. Cal. Jan. 31, 2020) ..................................... 4

*Foley v. Interactive Data Corp.*,
　47 Cal. 3d 654 (1988) ................................................................................................................ 9

*Frontier Oil Corp. v. RLI Ins. Co.*,
　153 Cal.App.4th 1436 (2007) .................................................................................................... 5

*Garcia v. World Sav., FSB*,
　183 Cal. App. 4th 1031 (2010)................................................................................................ 10

*Hamilton v. Mike Bloomberg 2020 Inc.*,
　No. 4:20-CV-00488-BP, 2021 WL 1966843 (N.D. Tex. May 17, 2021), *aff'd*,
　No. 21-10576, 2021 WL 5272218 (5th Cir. Nov. 11, 2021)...................................................... 9

*Hathaway v. General Mills, Inc.*,
　711 S.W.2d 227 (1986) ............................................................................................................. 5

*Hunter v. Sparling*,
　197 P.2d 807 (Cal. App. 1st Dist. 1948) ................................................................................. 10

*Kellogg Brown & Root Int'l, Inc. v. Altanmia Comm'l Mktg. Co. W.L.L.*,
　No. H-07-2684, 2008 WL 5114962 (S.D. Tex. Dec. 3, 2008)................................................. 9

*Khoja v. Orexigen Therapeutics, Inc.*,
　899 F.3d 988 (9th Cir. 2018).................................................................................................. 2, 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

*King v. U.S. Bank National Association*,
    53 Cal.App.5th 675 ................................................................................................ 8

*Klees v. Liberty Life Assur. Co. of Bos.*,
    110 F. Supp. 3d 978 (C.D. Cal. 2015)................................................................ 2, 4

*Kliff v. Hewlett Packard Co.*,
    318 F. App'x 472 (9th Cir. 2008) ...................................................................... 10

*Menominee Indian Tribe of Wisconsin v. Lexington Insurance Company*,
    556 F.Supp.3d 1084 (N.D. Cal. 2021) ................................................................. 5

*Pac. Sw. Dev. Corp. v. W. Pac. R. Co.*,
    47 Cal. 2d 62, 301 P.2d 825 (1956) .................................................................... 9

*Peak v. TigerGraph, Inc.*,
    No. 21-CV-02603-PJH, 2021 WL 4061703 (N.D. Cal. Sept. 7, 2021) ............... 2, 4

*Rayburn v. Equitable Life Assur. Soc. of U.S.*,
    805 F.Supp. 1401 (S.D. Tex. 1992) .................................................................... 7

*United States v. Ritchie*,
    342 F.3d 903, 908 (9th Cir. 2003)....................................................................... 3

*Shapiro v. Wells Fargo Realty Advisors*,
    152 Cal. App. 3d 467 (Ct. App. 1984) ................................................................ 9

*Simon and Simon, PC v. Align Technology, Inc.*,
    533 F.Supp.3d 904 (N.D. Cal. 2021) .................................................................. 3

*Simpson v. Woodbridge Props., L.L.C.*,
    153 S.W.3d 682 (Tex. App.—Dallas 2004, no pet.)........................................... 9

*Stemcell Techs. Canada Inc. v. StemExpress, LLC*,
    No. 21-CV-01594-VC, 2021 WL 3087668 (N.D. Cal. July 22, 2021) ................. 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ........................................................................................... 2

*Terry v. Travelers Insurance Co.*,
    2005 WL 8176615 (E.D. Cal. April 28, 2005)..................................................... 8

*West v. Hunt Foods*,
    225 P.2d 978 (Cal. App. 1st Dist. 1951) ........................................................... 10

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 2, 3, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

Cal. Civ. Code
    § 1646........................................................................................................................... 4, 5
    § 1661............................................................................................................................. 6
    § 1698......................................................................................................................... 6, 7

Tex. Bus. & Com. Code Ann. § 26.01(b)(6).............................................................................. 6

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

v

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

**I.     INTRODUCTION**

Faced with the fact that the plain language and express terms of Twitter's "Global Discretionary Performance Bonus Plan" (the "PBP") compel dismissal of Plaintiff's breach of contract and promissory estoppel claims, Plaintiff argues that the PBP is "neither the contract nor the promise at issue in Plaintiff's claims for breach of contract and promissory estoppel" and is "largely irrelevant to the claims asserted."  This argument not only ignores, but is flatly contradicted by, the allegations in the Complaint, which reference the PBP approximately 20 times, repeatedly describe the allegedly breached promise as the promise to pay bonuses "*under the company's Bonus Plan*", and define the putative class as "individuals who were employed by Twitter in the first quarter of 2023 *and were covered by Twitter's Bonus Plan*…"  Compl. ¶ 7 (emphasis added).  The actual allegations in the Complaint control the analysis here, not Plaintiff's mischaracterization of these allegations in his Opposition.

As the PBP makes clear, funding of the PBP and payment of bonuses were *entirely discretionary*.  Twitter cannot be held liable for deciding not to pay bonuses that it was not *required* to pay.  Similarly, the PBP was fully integrated and could not be modified by alleged oral promises by company executives to pay bonuses under the terms of the PBP.  Plaintiffs' breach of contract and promissory estoppel claims cannot plausibly proceed given the terms of the PBP and should be dismissed without leave to amend.

**II.     ARGUMENT**

**A.     Plaintiff Cannot Disavow The Allegations In His Own Complaint.**

Plaintiff's Opposition attempts to recast the allegations in the Complaint to argue that the PBP is not the relevant contract at issue.  *See* Opp., p. 1.  He asserts that "the statements made by Twitter's leadership" constitute "the relevant contracts and promises at issue here" and that these statements are "separate and apart" from the PBP.  Yet, the allegations of the Complaint speak for themselves and completely undercut Plaintiff's argument.  The Complaint not only repeatedly references bonus payments "under the PBP" as the subject of the alleged promises but makes clear that the allegedly unlawful act at the core of the breach of contract and promissory estoppel claims is the failure to pay such bonuses "under the PBP".  *See, e.g.,* Compl., ¶ 7 (defining the putative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

class as "all individuals who were employed by Twitter in the first quarter of 2023 and were *covered by Twitter's Bonus Plan*..."), ¶ 19 ("One of the promises was that employees would receive their annual bonus for 2022 *under the company's Bonus Plan*."), ¶ 20 ("Twitter's management continuously promised the company's employees, including Plaintiff, that their annual bonus for 2022 would be paid *under the Bonus Plan*."), ¶ 21 ("Twitter's former Chief Financial Officer, Ned Segal, informed the company's employees, including Plaintiff, that 2022 bonuses *under the Bonus Plan* would be paid out at fifty percent (50%) of target."), Count I ("Twitter repeatedly promised employees that they would receive their annual bonus *under the company's Bonus Plan* and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus."), Count II ("Twitter repeatedly promised employees that they would receive their annual bonus *under the company's Bonus Plan* and that the bonus for 2022 would be paid at fifty percent (50%) of the targeted bonus.") (emphasis added).  These allegations demonstrate that the alleged promises clearly concern bonus payments "under the Bonus Plan," thus making the terms and conditions of the PBP controlling as to the resolution of Plaintiff's claims. Plaintiff's argument that he "is not suing under the terms of Twitter's bonus plans" is simply not true, given the allegations in his Complaint.

**B.    The Complaint Incorporated the PBP By Reference and The Court Should Consider Its Terms In Ruling on Twitter's Motion.**

The Opposition incorrectly suggests the application of the incorporation by reference doctrine is a rare occurrence.[1]  In fact, courts "ordinarily examine" documents that are not attached to the complaint at the pleading stage in connection with Rule 12(b)(6) motions where, as here, those documents have been incorporated by reference into the complaint.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Peak v. TigerGraph, Inc.*, No. 21-CV-02603-PJH, 2021 WL 4061703, at *4 (N.D. Cal. Sept. 7, 2021); *Klees v. Liberty Life Assur. Co. of Bos.*, 110 F. Supp. 3d 978, 982 (C.D. Cal. 2015); *Colodney v. Cnty. of Riverside*, No.

---

[1] Specifically, Plaintiff miscites *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), to argue that "the incorporation by reference doctrine[] is only available in 'those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage.'"  Opp., p. 4.  However, this quote is taken out of context, as *Khoja* was addressing the situation where "the complaint does *not mention the document at all*."  *Khoja*, 899 F.3d at 1002 (emphasis added).  *Khoja* is inapplicable here because the Complaint repeatedly references the PBP.  *See* Section II(A), *supra*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

EDCV1300427VAPSPX, 2013 WL 12200649, at *2 (C.D. Cal. Aug. 16, 2013), *aff'd*, 651 F. App'x 609 (9th Cir. 2016).   Plaintiff's Opposition fails to address most of the authorities cited in Defendant's Motion supporting incorporation by reference here.

Contrary to Plaintiff's arguments, "judicial notice and incorporation-by-reference do have roles to play at the pleading stage." *Khoja*, 899 F.3d at 998.  "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*  The *Khoja* court further noted that "a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Id.* at 1003 (citations omitted); *see also Simon and Simon, PC v. Align Technology, Inc.*, 533 F.Supp.3d 904 (N.D. Cal. 2021) (finding the court could consider contract documents that were incorporated by reference into the complaint, even though the complaint did not explicitly mention the contracts, where plaintiffs' claim depended on the documents and plaintiffs did not dispute the authenticity of the documents); *Stemcell Techs. Canada Inc. v. StemExpress, LLC*, No. 21-CV-01594-VC, 2021 WL 3087668, at *2 (N.D. Cal. July 22, 2021) (recognizing a party's reference to contents of a contract to support a motion to dismiss where the contract has been incorporated by reference).  Finally, a court may consider documents that are incorporated by reference into a Complaint *without* converting a 12(b)(6) motion to a summary judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

Here, the application of the incorporation by reference doctrine is warranted to prevent Plaintiff from "selecting only portions of documents that support [his] claims" (*i.e.*, the formula for bonus payments referenced in the PBP), "while omitting portions of those very documents that weaken—or doom—[his] claims" (*i.e.*, the provisions of the PBP that make bonus payments entirely discretionary and prevent oral modifications).  *See Khoja*, 899 F.3d at 998.  Furthermore,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   no dispute exists regarding the existence or authenticity of the PBP. Because Defendant's failure

2   to pay bonuses under the PBP forms the gravamen of Plaintiff's claims, the Court may properly

3   consider the PBP's terms and conditions pursuant to the incorporation by reference doctrine. *See*

4   *Peak*, No. 21-CV-02603-PJH, 2021 WL 4061703, at *4 ("The gravamen of the lawsuit is that

5   TigerGraph failed to compensate Peak under the terms of their agreements, so it is appropriate for

6   the court to consider the agreements."); *Klees*, 110 F. Supp. 3d at 982 ("Each of these [documents]

7   is explicitly or implicitly referenced in the complaint, and Plaintiff's complaint depends on, at a

8   minimum, the existence of a contract and the termination of benefits that are alleged to be owed

9   under the contract. It is therefore appropriate to consider these documents along with the complaint

10   in the motion to dismiss.").[2]

11        **C.**    **<u>Texas Law Governs</u>.**

12       California Civil Code section 1646 requires "[a] contract to be interpreted according to the

13   law … of the place where it is to be performed," or, if no such place is indicated, then "according

14   to the law … of the place where it is made." The payment of any bonus allegedly owed to Plaintiff

15   under the terms of the PBP would have occurred in Texas, making it the place of performance. *See,*

16   *e.g.*, *Anaheim Extrusion Co. v. Superior Ct.*, 170 Cal.App.3d 1201, 1203 (1985) ("the place where

17   payment was to be made is the place 'where the contract [was] to be performed'"). Plaintiff alleges

18   that he "accepted" the PBP and the alleged subsequent oral promises. *See* ECF No. 1, Count I.

19   Such acceptance by Plaintiff occurred in Texas, where Plaintiff resides, and thus any alleged

20   contract was made in Texas. *Id.* ¶ 6; *Arno v. Club Med*, 22 F.3d 1464, 1472 n. 6 (9th Cir. 1994)

---

[2] Plaintiff's arguments regarding judicial notice are also unavailing. First, a request for judicial notice is a common procedure for introducing documents to be considered under the incorporation by reference doctrine. Second, Plaintiff's citations are distinguishable. In *Five Star Gourmet Foods, Inc. v. Fresh Express*, No. 19-CV-05611-PJH, 2020 WL 513287 (N.D. Cal. Jan. 31, 2020), the court declined to take judicial notice of photographs, since the "involved images [we]re sources whose accuracy c[ould] reasonably be questioned." *Id.* at *9. Here, Plaintiff does not dispute the authenticity of the PBP—indeed, his putative class claim is premised on its very existence. In *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461 (N.D. Cal. 2021), the court declined to take judicial notice because the plaintiffs disputed that the documents at issue were in effect during the relevant time and were disclosed to the plaintiffs. *Id.* at 477. Here, Plaintiff concedes the PBP was in effect during the relevant period and available to Plaintiff. *See* Opp., p. 3 (arguing bonuses were to be "calculated consistent with the plan"). *Cottle* also declined to apply the incorporation by reference doctrine because the complaint did "not refer extensively to [defendant's] privacy policies, and those policies [we]re not the primary driver behind Plaintiffs' claims." *Id.* at 478. Here, Plaintiff's Complaint extensively refers to the PBP.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   ("Because the contract here doesn't specify a place of performance, Cal. Civ. Code § 1646 requires

2   the court to apply the law of California where the contract was made, *i.e., where Arno accepted*")

3   (emphasis added).  The fact that Twitter is based in California has no bearing on the analysis.  *See*

4   *Menominee Indian Tribe of Wisconsin v. Lexington Insurance Company*, 556 F.Supp.3d 1084, 1094

5   (N.D. Cal. 2021) (rejecting argument that California law should govern where "the only unifying

6   contractual place of performance common to the class members is California").

7          Finally, the governmental interest analysis is inapplicable to Plaintiff's breach of contract

8   claim.  *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal.App.4th 1436, 1459 (2007) ("The California

9   Supreme Court has never applied the governmental interest analysis to determine the law governing

10  the interpretation of a contract…").[3]  Texas law governs the analysis of Plaintiff's claims.

   **D.      Plaintiff's Breach of Contract Claim Must Be Dismissed.**

11         **i.      Plaintiff Fails to Plausibly Allege Facts Demonstrating That an Oral
                   Agreement Modified the Terms of the PBP.**
12

13         Plaintiff does not oppose—and thus concedes—that under Texas law, a discretionary bonus

14  plan does not confer a contractual right to a bonus upon a Plaintiff.  *See Ardente, Inc. v. Shanley*,

15  No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond

16  to this argument and therefore concedes it through silence"); *see also Carrillo v. Citimortgage, Inc.*

17  No. CV 09-2404 AHM (CWx), 2009 WL 4723616, at *2 (C.D. Cal. Dec. 2, 2009) ("Plaintiffs fail

18  to address the preemption argument in their opposition effectively conceding the point").

19         Instead, Plaintiff argues that Twitter's alleged subsequent oral statements constituted a

20  modification of the PBP.  Opp., pp. 7-10.  However, for the parties to orally modify a written

21  agreement in Texas, "[the] modification must satisfy the elements of a contract: a meeting of the

22  minds supported by consideration."  *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 228 (1986)

23  (citations omitted).  As set forth in Twitter's Motion, "the law is well-established that a promise to

24  pay a bonus is unenforceable for want of sufficient consideration since the employee is only giving

25  the same service he has already contracted with the employer to render."  *Castranova v. Teknekron*

26  *Infoswitch, Inc.*, No. CIV.A. 3:00-CV-0361-, 2003 WL 22143793, at *2 (N.D. Tex. Aug. 18, 2003).

27

28  ---
[3] Plaintiff does not even attempt to explain how "the governmental interests test would … result in
the application of California law" to his promissory estoppel claim.  *See* ECF No. 24, p. 7.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

That is precisely what Plaintiff alleges here.  *See* ECF No. 1, Count I ("Plaintiff and other employees accepted these offers by continuing to work for Twitter, rather than looking for and accepting other job opportunities"). The alleged oral modification of the PBP necessarily fails for lack of consideration.[4]

Plaintiff's oral modification theory also fails for an another independent reason: The plain language of the PBP states that it cannot be performed within one year; thus, it triggers the statute of frauds.  Tex. Bus. & Com. Code Ann. § 26.01(b)(6); *see also* RFJN, Ex. A, p. 2 ("the Performance Bonus Payout Date will be in Q1 of the calendar year following the Plan Year," which is defined as January 1 through December 31, 2022).  "An oral modification of a written contract is enforceable under the statute of frauds only if the modification does not materially alter the obligations imposed by the underlying agreement."  *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 647 (Tex. App. – Dallas 2015).  Here, the alleged oral modification clearly would materially alter Twitter's obligations under the PBP by *requiring* Twitter to fund the PBP and pay a substantial and otherwise discretionary bonus, allegedly to thousands of employees.

Even if California law applied, the outcome remains the same.  Civil Code section 1698 allows an oral modification of an integrated written agreement in limited circumstances, none of which exists here.  Under Section 1698(b), "[a] contract in writing may be modified by an oral agreement to the extent that the oral agreement is *executed* by the parties."  "'Executed' in § 1698(b) has the normal meaning of that term in contract law.  That is, the agreement must have been fully performed."  *Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075, 1081 (9th Cir. 2005) (citations omitted); *see also* Cal. Civ. Code § 1661.  For example, in *Fanucchi*, the plaintiff alleged that the defendant refused to adhere to its obligations under an alleged orally modified agreement.  *Id.* at 1080.  The Ninth Circuit held that "Fanucchi's own argument defeats its claim under § 1698(b), for it argues that United breached its obligation under the oral agreement because it failed

---

[4] Plaintiff also argues that "the employees' consideration was foregoing other job opportunities and their right to terminate their employment."  Opp., p. 10.  The only allegation that Plaintiff cites in support of this argument is that he "received calls from recruiters and companies regarding other employment opportunities."  ECF No. 1, ¶ 25.  Yet he does not allege that he received actual job offers, let alone that he turned down any such offers because he had been purportedly promised a bonus payment under the PBP.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1    to perform the *un*executed part of the agreement." *Id.* at 1081 (emphasis in original).  Here, Plaintiff

2    improperly argues that Twitter's failure to pay bonuses *under the PBP* constitutes Twitter's breach

3    of an alleged *unexecuted oral agreement*. This theory fails as a matter of law under *Fanucchi*

4    because Twitter's alleged failure to perform necessarily means that no modification occurred under

5    Section 1698(b).  Thus, no breach of any enforceable orally modified contract occurred as a matter

6    of law, under either Texas or California law.

7              **ii.      Plaintiff Did Not Plead a Claim For Breach the Implied Covenant of
                          Good Faith and Fair Dealing; Regardless, Such Claim Would Be
8                         Dismissed.**

9              Plaintiff's sole argument in response to the fact that the PBP is fully integrated and cannot

10   be modified is that Twitter's exercise of its discretion violated the implied covenant of good faith

11   and fair dealing.  Opp., p. 12.  However, the Complaint does not plead an implied covenant claim

12   nor does it plausibly allege facts to support such a claim (*e.g.*, the Complaint contains no substantive

13   facts alleging that Twitter engaged in any bad faith conduct to prevent Plaintiff from receiving

14   benefits under the PBP).  Even if it did, however, an implied covenant claim would fail because

15   Texas "has never recognized a duty of good faith and fair dealing in the employment setting."

16   *Rayburn v. Equitable Life Assur. Soc. of U.S.*, 805 F.Supp. 1401, 1409 (S.D. Tex. 1992) (citations

17   omitted); *see also Canidae, LLC v. Cooper*, No. 6:21-CV-0019-H-BU, 2022 WL 660197, at *11

18   (N.D. Tex. Feb. 9, 2022), *report and recommendation adopted*, No. 6:21-CV-019-H-BU, 2022 WL

19   658581 (N.D. Tex. Mar. 4, 2022); *see also City of Midland v. Bryant*, 18 S.W.3d 209, 211 (Tex.

20   2000).  Indeed, "no Texas case has ever recognized a duty of good faith and fair dealing owed by

21   an employer to an employee."  *Id*. (citing *Conaway v. Control Data Corp.*, 955 F.2d 358, 361 (5th

22   Cir. 1992).

23              Even under California law, Plaintiff's unpled implied covenant claims would fail.  Plaintiff

24   argues that "Twitter's exploitation of purported discretionary powers authorized under the contract

25   [] to deprive Plaintiff of his bonus would breach" the implied covenant.[5]  *See* Opp., p. 19.  Although

26

27   _____
     [5]  This argument is nothing more than a restatement of Plaintiff's breach of contract claim and
28   should be disregarded as superfluous.  *See Careau & Co. v. Security Pacific Business Credit, Inc.*,
     222 Cal.App.3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere
     contract breach and, relying on the same alleged acts, simply seek the same damages or other relief

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

California imposes an implied covenant of good faith and fair dealing, the covenant "cannot contradict the express terms of a contract." *Bevis v. Terrace View Partners, LP*, 33 Cal.App.5th 230, 252 (2019) (citation omitted); *see also Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 374 (1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by the agreement"). "As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct." *Carma Developers (Cal.), Inc.*, 2 Cal.4th at 374. Because the PBP expressly provides that any bonus under the terms of the PBP is discretionary (*see* RFJN, Ex. A), Plaintiff cannot rely on the implied covenant to divest Twitter of the discretion not to pay a bonus.[6]

### iii.   Plaintiff Fails to Allege Substantive Facts Showing He is an "Eligible Employee" Under the Terms of the PBP.

Plaintiff argues that "it is clear from the complaint that Plaintiff was an eligible employee" and entitled to a bonus under the PBP. *See* Opp., p. 21. However, Plaintiff does not allege *any* facts showing he satisfied any, let alone all, of the eligibility criteria specified in the PBP, and thus his contract claim must be dismissed under the *Twombly/Iqbal* standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). [7]

### E.   Plaintiff's Promissory Estoppel Claim Must Be Dismissed.

Promissory estoppel requires that reliance be reasonable and justifiable. *See, e.g., Kellogg Brown & Root Int'l, Inc. v. Altanmia Comm'l Mktg. Co. W.L.L.*, No. H-07-2684, 2008 WL

---

already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

[6] Plaintiff cites *King v. U.S. Bank National Association* 53 Cal.App.5th 675, 706, but this case is factually distinguishable. In *King*, the defendant *terminated* the plaintiff and, on that basis, refused to pay him a bonus. The court determined that substantial evidence existed warranting a finding of breach of the implied covenant of good faith and fair dealing because defendant fired the plaintiff to avoid paying the bonus. *Id.* In contrast, here Twitter did not terminate Plaintiff (he voluntarily resigned, *see* ECF No. 1 ¶ 27); rather, it merely exercised its discretion to not pay a bonus to Plaintiff during his employment—something it was expressly permitted to do.

[7] Plaintiff's reliance on *Terry v. Travelers Insurance Co.*, 2005 WL 8176615 (E.D. Cal. April 28, 2005) is very much misplaced, as that case predates *Twombly* and *Iqbal*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

5114962, at *22 (S.D. Tex. Dec. 3, 2008); *BioSilk Spa, L.P. v. HG Shopping Centers, L.P.*, No. 14-06-00986, 2008 WL 1991738, at *2 (Tex. App.—Houston [14th Dist.] May 8, 2008, no pet.); *see also Drake v. Option One Mortg. Corp.*, No. SACV0901450CJCRNBX, 2010 WL 11464891, at *4 (C.D. Cal. Apr. 15, 2010) ("Under the doctrine of promissory estoppel, 'a promisor is bound when he should reasonably expect a substantial change of position, either by act or forebearance [*sic*], in reliance on his promise, if injustice can be avoided only by its enforcement.'"). Here, Plaintiff's purported reliance on alleged oral statements that contradicted the express terms of the PBP cannot be justified or reasonable as a matter of law, under either Texas or California law.[8]

Reliance on both pre- and post-contractual oral representations is not reasonable where those representations contradict the express terms of a written agreement. *See Hamilton v. Mike Bloomberg 2020 Inc.*, No. 4:20-CV-00488-BP, 2021 WL 1966843, at *5 (N.D. Tex. May 17, 2021), *aff'd*, No. 21-10576, 2021 WL 5272218 (5th Cir. Nov. 11, 2021)); *Simpson v. Woodbridge Props., L.L.C.*, 153 S.W.3d 682, 684 (Tex. App.—Dallas 2004, no pet.) (disclaimer of reliance clause in contract negated reliance on post-contractual oral misrepresentations); *DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858-59 (reliance on both pre- and post-contractual oral representations, directly contradicted by express terms of contract, was not justified as matter of law); *Airborne Freight Corp. v. C.R. Lee Enters., Inc.*, 847 S.W.2d 289, 297 (Tex. App.—El Paso 1992, writ denied) (written contract containing ample cautionary language precluded exclusive reliance by reasonable businessperson on verbal statements contradicting written agreement); *Shapiro v. Wells Fargo Realty Advisors*, 152 Cal. App. 3d 467, 482 (Ct. App. 1984), *disapproved on other grounds by Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988) (finding that the plaintiff "could not have reasonably relied on any implied promise by Wells Fargo which contradicted the express provisions of the written stock option agreement which he signed"). While Plaintiff is correct that the *Kliff* decision cited in Twitter's Motion involved representations that pre-dated the execution of the

---

[8] As a practical matter, Plaintiff's role as Twitter's Senior Director of Compensation further undercuts his promissory estoppel claims, as it was unreasonable given his position and familiarity with the terms of the PBP to rely on any alleged oral promises that contradicted the plain language of the PBP. *See* Compl., ¶ 6; *see also Pac. Sw. Dev. Corp. v. W. Pac. R. Co.*, 47 Cal. 2d 62, 301 P.2d 825 (1956) ("To give rise to equitable estoppel, the promisee's reliance must be reasonable given the promisee's knowledge of the state of affairs.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC

1   employment agreement, nothing in the decision precludes the application of its reasoning here. *See*,

2   *e.g.*, *Kliff v. Hewlett Packard Co.*, 318 F. App'x 472, 477 (9th Cir. 2008).[9]

3         The *Drake* decision is instructive and supports dismissal of Plaintiff's promissory estoppel

4   claim. In *Drake*, the court found that "[i]f the dispute between the parties is governed by a contract,

5   the doctrine of promissory estoppel is inapplicable." *Drake*, 2010 WL 11464891, at *4; *see also*

6   *id.* at *5 (while a plaintiff may bring a promissory estoppel claim as an alternative to breach of

7   contract, "the promissory estoppel claim cannot allege the existence of a contract"). *Drake*

8   determined that the plaintiff's "promissory estoppel claim fail[ed] as a matter of law" because

9   "[p]laintiffs have alleged the existence of a contract that covers the dispute over the severance

10  payments." *Id*. The same is true here – Plaintiff has alleged the existence of the PBP that covers

11  the dispute of bonus payments. *See* Compl., Count II ("Twitter repeatedly promised employees

12  that they would receive their annual bonus under the company's Bonus Plan…"). Plaintiff's

13  promissory estoppel claim fails as a matter of law. *See Drake*, 2010 WL 11464891, at *5 (granting,

14  with prejudice, defendants' motion to dismiss claim for promissory estoppel).

## III.   <u>CONCLUSION</u>

16

17        The Court should grant Defendant's Motion in full without leave to amend.

    Dated: September 6, 2023               MORGAN, LEWIS & BOCKIUS LLP

18                                      */s/ Eric Meckley*

19                         Eric Meckley

20                         Attorneys for Defendant
                           X Corp. as successor in interest to Twitter, Inc.

21

22   [9] The cases Plaintiff cites for the proposition that the PBP does not preclude Plaintiff's promissory estoppel claims based on Defendant's alleged post-contractual representations are factually inapposite and inapplicable here. *See Alameda Cnty. Title Ins. Co. v. Panella*, 218 Cal. 510, 516,

23   24 P.2d 163, 165-166 (1933) (real estate action where court hypothesized that, had the title company made false representations after the execution of the note and deed of trust that induced

24   plaintiff to irrevocably alter his position, then the promisor may have been estopped from raising the defense that a written contract can be modified only by a contract in writing or an executed oral

25   agreement); *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031 (2010) (wrongful foreclosure action that included breach of contract, promissory estoppel, and unfair business practices claims).

26   Similarly, Plaintiff's contention that the current case is "squarely on all fours" with *Hunt Foods* and *Hunter* is false. Neither *Hunt Foods* nor *Hunter* involved a plaintiff's purported reliance on

27   payment pursuant to the terms of a discretionary bonus plan containing an integration clause, as is the case here. *See, e.g.*, *West v. Hunt Foods*, 225 P.2d 978 (Cal. App. 1st Dist. 1951); *Hunter v.*

28   *Sparling*, 197 P.2d 807 (Cal. App. 1st Dist. 1948).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:23-CV-03007-VC