UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARK SCHOBINGER,<br><br>    Plaintiff,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03007-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

The motion to dismiss is denied as to the breach of contract claim and granted with leave to amend as to the promissory estoppel claim. This ruling assumes familiarity with the facts, the applicable legal standard, and the arguments made by the parties.[1]

1. California law governs whether Twitter's alleged oral statements created a valid, enforceable contract. Twitter says Texas law should govern under Section 1646 of the California Civil Code. But that choice-of-law provision applies only to matters of contract interpretation, not to matters of contract validity or enforceability. *Global Commodities Trading Group, Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1111 (9th Cir. 2020). Because Twitter doesn't even try to argue that Texas law should apply under the governmental interest approach, California law governs by default. *Id.* at 1111–12.

2. Schobinger has plausibly stated a breach of contract claim under California law. He alleges that Twitter orally promised to pay each employee a portion of the bonus contemplated

---

[1] Twitter's request to incorporate the 2022 Performance Bonus Plan by reference is granted because the complaint refers extensively to it. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

by the 2022 Performance Bonus Plan, so long as the employee was covered by the plan and remained with the company in the first quarter of 2023. And Schobinger alleges that he was covered by the bonus plan, stayed with the company through the final possible payout date, but never received a bonus. As alleged, once Schobinger did what Twitter asked, Twitter's offer to pay him a bonus in return became a binding contract under California law. *See Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 779 (2013); *Neisendorf v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 523 (2006). And by allegedly refusing to pay Schobinger his promised bonus, Twitter violated that contract.

Twitter's contrary arguments all fail. Twitter argues that the Performance Bonus Plan is not an enforceable contract, because it provides only for a discretionary bonus. But Schobinger is not suing to enforce Twitter's discretionary bonus plan. He is suing to enforce Twitter's alleged subsequent oral promise that employees would in fact receive a percentage of the annual bonus contemplated by the plan if they stayed with the company. Dkt. No. 1 at 6; *see also id.* ¶¶ 2–3, 19–20, 24. Twitter insists that these alleged oral statements are not enforceable either, because they contradict the terms of the Performance Bonus Plan and do not satisfy California's special rules for oral modifications of written contracts. But those rules come into play only when a valid, enforceable written contract already exists. *See* Cal. Civ. Code § 1698. And as Twitter itself argues, its discretionary bonus plan was never a valid, enforceable contract to begin with. *See Pfeister v. International Business Machines Corp.*, No. 17-cv-03573-DMR, 2017 WL 4642436, at *3–4 (N.D. Cal. Oct. 16, 2017); *see also* Dkt. No. 16 at 15–17.[2]

3. The promissory estoppel claim is reluctantly dismissed. A plaintiff may bring both a breach of contract claim and a promissory estoppel claim based on the same alleged broken promise. *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806, 812–13 (N.D. Cal. 2022). And it seems obvious that when a plaintiff does so, they intend to pursue each claim in the

---

[2] Twitter's reliance on the parol evidence rule fails for an additional reason: the rule does not exclude evidence of oral agreements made *after* a fully integrated written agreement has been executed. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 186 (2006).

alternative. But under this Court's reading of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), the plaintiff still needs to take the (seemingly pointless) extra step of pleading that the alleged contract may be invalid or unenforceable. *See Beluca Ventures*, 622 F. Supp. 3d at 812–13; *see also Cepelak v. HP Inc.*, 20-cv-02450-VC, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021). Because Schobinger hasn't tried to allege why he could end up being unable to recover under his breach of contract claim, his promissory estoppel claim must be dismissed with leave to amend. Presumably it will be an easy fix.

4. Any amended complaint is due within 21 days of this ruling, and Twitter's response is due within 14 days after the amended complaint has been served. Discovery on the breach of contract claim can move forward immediately. If Schobinger files an amended complaint with a beefed-up promissory estoppel claim, discovery can move forward immediately on that claim as well.

**IT IS SO ORDERED.**

Dated: December 22, 2023

VINCE CHHABRIA
United States District Judge