| | |
|---|---|
| LICHTEN & LISS-RIORDAN, P.C.<br>Shannon Liss-Riordan, Bar No. 310719<br>sliss@llrlaw.com<br>Bradley Manewith (*pro hac vice* forthcoming)<br>bmanewith@llrlaw.com<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Tel: +1.617.994.5800<br>Fax: +1.617.994.5801<br><br>Attorneys for Plaintiff<br>MARK SCHOBINGER, on behalf of himself and all others similarly situated | MORGAN, LEWIS & BOCKIUS LLP<br>Eric Meckley, Bar No. 168181<br>eric.meckley@morganlewis.com<br>Brian D. Berry, Bar No. 229893<br>brian.berry@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Tel:  +1.415.442.1000<br>Fax:  +1.415.442.1001<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Ashlee N. Chery, Bar No. 312731<br>ashlee.cherry@morganlewis.com<br>Kassia Stephenson, Bar No. 336175<br>kassia.stephenson@morganlewis.com<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Tel:  +1.650.843.4000<br>Fax:  +1.650.843.4001<br><br>Attorneys for Defendant<br>X CORP. as Successor in Interest to<br>TWITTER, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      January 26, 2024<br>Time:     10:00 a.m.<br>Judge:    Hon. Vince Chhabria |

Pursuant to the Court's December 22, 2023, Scheduling Order (Dkt No. 38), the Standing Order for All Judges of the Northern District of California, Judge Chhabria's Standing Order, Federal Rule of Civil Procedure 26(f), and the Northern District Civil Local Rules 16-9, Plaintiff MARK SCHOBINGER ("Plaintiff") and Defendant X CORP., on its own behalf and as successor in interest to TWITTER, INC. ("Defendant") (collectively, the "Parties") submit the following Joint Case Management Statement.

**1.   JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).  Plaintiff contends that, taken individually, Plaintiff's claims exceed $75,000 and Plaintiff's putative class claims in total exceed $5 million. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the Parties and the amount in controversy exceeds $75,000.

All Parties in the matter have been served.  The Parties do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

**2.   FACTS**

   **a.  *Plaintiff's Statement:***

Plaintiff filed this class action lawsuit asserting class claims for breach of contract and promissory estoppel based on Defendants' failure to pay employees who were employed by Defendants in Q1 2023 their annual bonus for 2022.

As Plaintiff alleged, in the months leading up to Elon Musk's acquisition of Twitter in October 2022, the company's executives, including former Chief Financial Officer, Ned Segal, repeatedly promised Plaintiff and the company's other employees that 2022 bonuses would be paid out. This promise was repeated following Musk's acquisition. Plaintiff and other Twitter employees relied upon the promise that they would receive their 2022 bonus when choosing to remain employed by Twitter following Musk's acquisition of the company and/or deciding to forgo other employment opportunities. However, despite Twitter's promises that it would pay 2022 bonuses, Twitter refused to pay employees who remained employed by the company in the first quarter of 2023 any bonus.

**b.   *Defendant's Statement:***

On June 20, 2023, Plaintiff filed a putative class action complaint alleging breach of contract and promissory estoppel claims "on behalf of all individuals who were employed by Twitter in the first quarter of 2023 and were covered by Twitter's Bonus Plan but did not receive their annual bonus for 2022." ECF No. 1. On August 4, 2023, Defendant filed a Motion to Dismiss Plaintiff's complaint, which the Court granted in part and denied in part on December 22, 2023. ECF Nos. 16, 37. Plaintiff filed an Amended Class Action Complaint in response to the Court's Order, pleading a promissory estoppel claim in the alternative to his breach of contract claim. ECF No. 43.

Defendant has not yet responded to Plaintiff's Amended Class Action Complaint, and the deadline to do so is January 26, 2024.

Plaintiff's breach of contract and promissory estoppel claims lack merit. Plaintiff does not allege that Twitter simply failed to pay some bonus promised by an executive; rather, Plaintiff expressly and repeatedly alleged that Twitter failed to pay him and other employees an annual performance bonus "*under the Company's Bonus Plan.*" Twitter's "Global Discretionary Performance Bonus Plan" (the "PBP") is entirely discretionary. Under the PBP terms, Twitter had sole discretion to decide whether to fund a Performance Bonus Pool, to adjust the amount of the Performance Bonus Pool, to modify the amount of any individual Performance Bonus, and/or not pay any bonus at all. Only "Eligible Employees" could receive a "Performance Bonus" under the terms of the PBP, and Twitter retained discretion to terminate any Eligible Employee's participation in the PBP at any time. Notwithstanding the Court's Order denying Defendant's Motion to Dismiss, Defendant maintains that the PBP was fully integrated and expressly superseded all other written and oral statements regarding its subject matter and that Plaintiff's claims are expressly tied to and dependent upon the PBP. Plaintiff's claims for breach of contract and promissory estoppel based upon company executives alleged oral promises to pay bonuses under the PBP are without merit.

In addition, Plaintiff's putative class claims cannot be certified as a class action under FRCP 23 for multiple reasons, including because individual issues predominate. By way of one example,

whether an employee was an "Eligible Employee" under the terms of the PBP is an inherently individualized question that is incapable of being resolved on a class-wide basis and precludes any finding that any purported common issues would predominate.

### 3. LEGAL ISSUES

The Parties agree that the primary legal issues presented by Plaintiff's lawsuit are:

(1) whether any class(es) may be certified under Rule 23, such that any of Plaintiff's claims may be adjudicated on a class-wide basis;

(2) whether Plaintiff may prove a breach of contract, as to him individually or any certified class(es), based upon the alleged failure to pay an annual bonus for 2022 under the Company's PBP;

(3) whether Plaintiff may establish promissory estoppel, as to him individually or any certified class(es), based upon the alleged failure to pay an annual bonus for 2022 under the Company's PBP.

### 4. MOTIONS

There are no motions currently pending. Defendant filed a Rule 12 motion to dismiss the Complaint on August 4, 2023 (Dkt No. 16). The Court issued an Order on December 22, 2023, granting in part and denying in part the motion (Dkt No. 37). Plaintiff anticipates filing a motion for class certification and potentially a motion for summary judgment. Defendant intends to file a motion for summary judgment or partial summary judgment after conducting written discovery and deposing Plaintiff.

### 5. AMENDMENT OF PLEADINGS

**a. *Plaintiff's Statement:***

In its order (Dkt. 37), the Court granted Plaintiff leave to file an amended complaint, which he did on January 12, 2024. Plaintiff reserves the right to seek leave to further amend his complaint should the circumstances warrant it.

**b. *Defendant's Statement:***

Defendant will timely respond to Plaintiff's amended complaint by the January 26, 2024 deadline. Defendant contends that the Court should set February 9, 2024 as to deadline to seek

leave for Plaintiff to file any further amended pleading.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

**7. DISCLOSURES**

The Parties have yet to exchange their initial disclosures. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the Parties will exchange initial disclosures by February 9, 2024.

**8. DISCOVERY**

   **a.   Discovery Taken, Scope of Anticipated Discovery, and Discovery Plan.**

Defendant issued interrogatories and document requests to Plaintiff on January 12, 2024. Plaintiff issued interrogatories and document requests to Defendant on January 17, 2024.

Defendant has noticed Plaintiff's deposition for February 27, 2024. Plaintiff has noticed a Rule 30(b)(6) deposition for February 28, 2024, and the deposition of Elon Musk for March 20, 2024. Plaintiff may seek to depose additional current and former executive employees of Defendant. Defendant may seek to depose third parties, including but not limited to former Chief Financial Officer Ned Segal.

The Parties intend to meet and confer regarding an ESI protocol and a protective order for this case. They will submit the proposed protective order to the Court when it is finalized.

   i. *Plaintiff's Statement:*

Plaintiff proposes that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action under Fed. R. Civ, P. 23. If the Court declines to certify this case as a Rule 23 class action, the discovery period shall close 60 days after the Court's denial of Plaintiff's request for class certification.

   ii. *Defendant's Statement:*

Defendant proposes that the fact discovery period shall continue until 120 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, the fact discovery period shall close 90 days after the Court's denial of Plaintiff's request motion for class certification.

**b.     Stipulated E-Discovery Order & FRCP Modifications**

The Parties have not entered into a stipulated e-discovery order. The Parties agree to enter a protective order consistent with the Northern District of California's Model Protective Order, and which also incorporates the Parties' agreement that information and evidence produced in any lawsuit or arbitration hearing between individuals represented by Plaintiff's counsel and Defendant may be used in any other matter between Defendant and an individual represented by Plaintiff's counsel.

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

**c.     Discovery Disputes**

The Parties have not yet identified any anticipated discovery disputes. The Parties will follow the Court's procedure for resolving discovery disputes should any disputes arise.

**9.     CLASS ACTIONS**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

**a.  *Plaintiff's Statement:***

Plaintiff expects to move for class certification following some initial discovery. Plaintiff may move for class certification within one hundred twenty (120) days of the initial case management conference.

As required by Civil L.R. 16-9(b), Plaintiff states that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3). He will seek to certify a class consisting of other current and former Twitter employees who were employed by the Company as of the first quarter of 2023 and were not paid their annual bonus for 2022.

The pertinent facts are set forth in the current complaint. Plaintiff expects to develop and support these facts through discovery. Briefly, Plaintiff states that he expects to satisfy Rule 23(a) based on numerosity (there are hundreds of individuals who remained employed by Defendant as of the first quarter of 2023 and who were not paid their 2022 annual bonus); commonality (the claims of these employees will raise numerous common questions of fact and

1  law); typicality (the named Plaintiff will have claims typical of the class); and adequacy (the
2  named Plaintiff and his counsel will fairly and adequately represent the class).
3       Plaintiff expects to satisfy the requirements under Rule 23(b) based on similar facts, since
4  it will clearly be superior to maintain a class action, for efficiency purposes, rather than require
5  each of these class members to bring their own individual action, and the common questions of
6  law and fact will predominate over any individual questions.

       **b.** *Defendant's Statement:*

8  Defendant asserts that Plaintiff's claims are not suitable for certification under Rule 23 and
9  intends to oppose class certification.

10  **10.   RELATED CASES**
11  There are no related cases.

12  **11.   RELIEF SOUGHT**
13         **a.** *Plaintiff's Statement:*
14  As set forth in the Amended Complaint (Dkt. 43), Plaintiff seeks damages incurred as the
15  result of Twitter's breach of contract with its employees, damages under the doctrine of
16  promissory estoppel (in the alternative to breach of contract); interest, and any and all other relief
17  to which Plaintiff and others similarly situated may be entitled.

18         **b.** *Defendant's Statement:*
19  Defendant denies that Plaintiff or any putative class member is entitled to any relief, denies
20  Plaintiff's claimed damages, and further denies that any claims may be maintained on a class action
21  basis. Defendant will seek to recover all applicable attorneys' fees and costs in the event that
22  Defendant prevails in this action.

23  **12.   SETTLEMENT AND ADR**
24  The Parties have complied with ADR L.R. 3.5. The Parties engaged in mediation with a
25  private mediator on December 1, 2023, which was not successful.

26  **13.   OTHER REFERENCES**
27  The Parties do not believe that this case is suitable for reference to binding arbitration, a
28  special master, or the Judicial Panel on Multidistrict Litigation.

14. **NARROWING OF ISSUES**

The Parties do not believe any issues can be narrowed by agreement at this time.

15. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

16. **SCHEDULING**

The Parties will cooperate in good faith and attempt to stipulate to any further deadlines that are appropriate.

17. **TRIAL**

   a. *Plaintiff's Statement:*

Plaintiff requests that trial be set for late 2024.

   b. *Defendant's Statement:*

Defendant contends that it would be premature to schedule any trial date prior to resolution of Plaintiff's anticipated motion for class certification because the length and complexity of any trial will necessarily depend upon whether the case is tried as an individual action or class action. Defendant proposes that the Court set a further case management conference following its ruling on class certification at which a trial date will be set.

In the event that the Court declines Defendant's requested approach and intends to set a trial date at the January 26, 2024, conference, then Defendant requests that trial be set no earlier than March 2025, in order to allow sufficient time for discovery, the resolution of any summary judgment motion(s), the resolution of Plaintiff's motion for class certification, expert discovery and trial preparation.

18. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   a. *Plaintiff's Statement:*

Plaintiff will file his Certification of Interested Entities shortly. Other than the named Parties, there is no such interest to report.

/ / /

/ / /

**b.  Defendant's Statement:**

Twitter will file its Certification of Interested Entities or Persons prior to the conference with the Court.

**19.  PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

At this time, the Parties have not identified any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: January 19, 2024                              LICHTEN & LISS-RIORDAN, P.C.

                                                                  By   /s/ Shannon Liss-Riordan
                                                                         Shannon Liss-Riordan
                                                                         Bradley Manewith

                                                                         Attorneys for Plaintiff
                                                                         MARK SCHOBINGER, on behalf of
                                                                         HIMSELF AND ALL OTHERS
                                                                         SIMILARLY SITUATED

Dated: January 19, 2024                              MORGAN, LEWIS & BOCKIUS LLP

                                                                  By   /s/ Eric Meckley
                                                                         Eric Meckley
                                                                         Brian D. Berry
                                                                         Ashlee Cherry
                                                                         Kassia Stephenson

                                                                         Attorneys for Defendant
                                                                         X CORP., as Successor in Interest to
                                                                         TWITTER, INC.

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

Dated: January 19, 2024

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP., as Successor in Interest to
TWITTER, INC.