MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
3:23-cv-03007-VC

Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc. (hereinafter "Defendant" or "Twitter") hereby answers the allegations in the numbered Paragraphs in Plaintiff Mark Schobinger's ("Plaintiff") unverified Amended Class Action Complaint ("Complaint") as follows:

## INTRODUCTION

1.     Defendant contends that the allegations contained in Paragraph 1 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Paragraph 1 of the Complaint.

2.     Defendant admits that Twitter had a 2022 Global Discretionary Performance Bonus Plan. Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.     Defendant denies all allegations contained in Paragraph 3 of the Complaint.

4.     Defendant admits that Twitter properly exercised its discretion to not pay bonuses under the 2022 Global Discretionary Performance Bonus Plan. Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.     Defendant contends that the allegations contained in Paragraph 5 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6.     Defendant lacks sufficient information to admit or deny whether Plaintiff is currently an adult resident of Round Rock, Texas. Defendant admits that Plaintiff was employed by Twitter from approximately February 11, 2019 until approximately May 2023. Defendant admits that Plaintiff at one point in his tenure with Twitter was employed as Head of Compensation. Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendants contend that the allegations contained in Paragraph 7 of the Complaint

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
3:23-CV-03007-VC

constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, Defendant denies all allegations contained in Paragraph 7 of the Complaint.

8. Twitter no longer exists, and as a result Defendant denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that X Corp. is a Nevada corporation with headquarters in San Francisco, California. Defendant denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Twitter no longer exists. Defendant admits that X Corp. is a successor in interest to Twitter. Defendant contends that the remaining allegations contained in Paragraph 10 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

**JURISDICTION**

11. Defendant admits that this Court has jurisdiction over this proceeding.

12. Defendant admits that this Court has personal jurisdiction over Defendant.

**STATEMENT OF FACTS**

13. Defendant admits that Twitter is a social media company. Defendant admits that at certain time periods Twitter has employed thousands of employees in the United States. Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Twitter had a 2022 Global Discretionary Performance Bonus Plan. Defendant denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Twitter had a 2022 Global Discretionary Performance Bonus Plan. Defendant denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that in April 2022 Twitter announced that it had entered into an agreement to be acquired. Defendant denies all remaining allegations contained in Paragraph 16

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

2

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
3:23-CV-03007-VC

of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits that Twitter properly exercised its discretion to not pay bonuses under the 2022 Global Discretionary Performance Bonus Plan. Defendant denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff's employment ended in approximately May 2023. Defendant denies all remaining allegations contained in Paragraph 27 of the Complaint.

## COUNT I

### Breach of Contract

Defendant contends that the allegations contained in Count I of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count I of the Complaint.

## COUNT II

### Promissory Estoppel
### (In the Alternative to Count I)

Defendant contends that the allegations contained in Count II of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies all allegations contained in Count II of the Complaint.

## DEMAND FOR A JURY TRIAL

Defendant contends that Plaintiff's demand for a jury trial constitutes a conclusion of law and/or legal argument and that no admission or denial is therefore necessary with regard to any conclusions of law and/or legal arguments.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff and/or the putative class are entitled to any relief whatsoever, and further denies each and every one of the allegations and statements contained in the Prayer For Relief section of the Complaint. Defendant denies all allegations in the Complaint not specifically admitted in this Answer.

## DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery, and has not completed their preparation for trial. The defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. Defendant therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that Defendant bears the burden of proof or persuasion as to any one of these defenses, Defendant asserts the following separate and independent defenses to the claims in the Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The Complaint and each alleged claim therein fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

2. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by all applicable statutes of limitations, including, but not limited to

California Code of Civil Procedure Sections 337 and 339.

### THIRD AFFIRMATIVE DEFENSE

### (*De Minimis*)

3. Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the *de minimis* doctrine.

### FOURTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

4. Plaintiff's claims and the claims of putative class members are barred, in whole or in part, because Defendant complied in full with its obligations, if any, and to the extent it is determined that there was non-compliance, Defendant substantially complied with its obligations.

### FIFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel / Res Judicata)

5. Plaintiff's claims and the claims of putative class members may be barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

### (One Satisfaction)

6. Plaintiff and the putative class members cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

### SEVENTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

7. Defendant is not responsible for Plaintiff's or any putative class member's alleged harm and damages, if any, because Defendant's conduct was permissible and privileged.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Requirements)

8. Plaintiff's claims and the claims of putative class members are barred, in whole or in part, to the extent Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to timely and/or properly exhaust contractual remedies under the laws of the State of California.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

9. Plaintiff and the putative class members' claims are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

10. Defendant denies that it acted unlawfully or improperly toward Plaintiff or any putative class member sought to be represented. However, with regard to any potential award to Plaintiff or to any putative class member sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiffs and/or any putative class member sought to be represented, and/or all obligations of Plaintiff or any putative class member sought to be represented, owed to Defendant against any judgment that may be entered against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11. Plaintiff's claims and the claims of the putative class members are barred in whole or in part by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12. Plaintiff's claims and the claims of the putative class members are barred in whole or in part by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's equitable claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

14. Plaintiff's claims and the claims of putative class members are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

15. Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

16. The Complaint, and each purported claim for relief alleged, is barred for lack of subject matter jurisdiction to the extent Plaintiff and/or alleged members of the putative class action lack standing to bring claims, either in an individual or class capacity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

17. Plaintiff's claims and the claims of the putative class members are barred in whole or in part, because the Complaint is uncertain in that the purported class definition(s) are vague and ambiguous and conclusory and uncertain.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

18. The purported class action that Plaintiff purports to represent, the existence of which are expressly denied, are not ascertainable and, thus, no well-defined community of interest exists among the purported members.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

19. The alleged claims are barred, in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Not Appropriate for Class Action)**

20. The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish the requisite numerosity; and(d) the individualized nature of Plaintiff's claims predominate and thus makes class action treatment inappropriate under Rule 23.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages/Avoidable Consequences)**

21. Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiff and/or the others he seeks to represent have not appropriately or adequately mitigated their alleged damages, if any. The damages and the sought-after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because Plaintiff and the others they seek to represent failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

22. Plaintiff's claims and the claims of some or all of the putative class members are barred by the statute of frauds, including the provisions contained in California Civil Code § 1624.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack/Failure of Consideration)**

23. Any recovery by Plaintiff and the putative class members is barred on the ground that, as to each and every oral, implied or other contract alleged, there was a failure of consideration and/or lack of mutual consent.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Contract Formation at Issue)**

24. Any recovery by Plaintiff and the putative class members is barred on the ground that, as to each and every oral, implied or other contract alleged, there are defects in the formation of the alleged contract at issue, and in fact, no enforceable contract was formed between Defendant and Plaintiff and the putative class members.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Ratification)**

25. Plaintiff's claims and the claims of some or all of the putative class members are barred pursuant to California Civil Code section 2310 and the doctrine of ratification.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule)**

26. Plaintiff's claims and the claims of some or all of the putative class members are barred pursuant to the parol evidence rule, which "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault and/or Negligence)**

27. Without admitting that Plaintiff suffered any damages and/or is entitled to any recovery, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's own fault and/or comparative and/or contributory negligence.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence and/or Comparative Fault of Third Parties)**

28. Without admitting that Plaintiff suffered any damages and/or is entitled to any recovery, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of the fault and/or negligence of third parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Illegality)

29. Plaintiff's claims and the claims of some or all of the putative class members are barred pursuant to the doctrine of illegality.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Recission or Mutual Abandonment)

30. Plaintiff's claims and the claims of some or all of the putative class members are barred pursuant to the doctrine of recission or mutual abandonment.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court denies Plaintiff's request to certify this action as a class action;

2. That Plaintiff takes nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of Defendant and against Plaintiff on all claims alleged in the Complaint;

4. That Defendant be awarded its reasonable costs of suit incurred herein;

5. That Defendant be awarded its reasonable attorneys' fees incurred in defending this action to the extent permitted under applicable law; and

6. That the Court award Defendant such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: January 26, 2024 | MORGAN, LEWIS & BOCKIUS LLP |

By   */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
3:23-CV-03007-VC