UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TWITTER, INC., et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03007-VC   (DMR)<br><br>**NOTICE OF REFERENCE AND ORDER RE: DISCOVERY PROCEDURES** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Chief Magistrate Judge Donna M. Ryu for resolution of all discovery matters. [Docket No. 48.] The parties may seek judicial intervention in discovery disputes following the procedures in this order, the Federal Rules of Civil Procedure, and the Northern District of California's Local Rules, General Orders, and Standing Orders. Local rules, general orders, standing orders, and instructions for using the Court's Electronic Case Filing system are available at http://www.cand.uscourts.gov. Failure to comply may result in sanctions.

**RESOLUTION OF DISCOVERY DISPUTES**

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must be **in person, by video, or by telephone,** and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person, by video, or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph**

1 **listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off 2 dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class 3 certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates. 4 Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's 5 position with appropriate legal authority, and **provide each party's final proposed compromise** 6 **before moving to the next issue.** The joint letter shall not exceed **five pages** (12-point font or 7 greater; margins no less than one inch) without leave of court. **Parties are expected to plan for** 8 **and cooperate in preparing the joint letter so that each side has adequate time to address the** 9 **arguments.** In the rare instance that a joint letter is not possible, each side may submit a letter not 10 to exceed **two** pages, which shall include an explanation of why a joint letter was not possible. 11 The parties shall submit one exhibit that sets forth each disputed discovery request in full, 12 followed immediately by the objections and/or responses thereto. No other information shall be 13 included in the exhibit. No other exhibits shall be submitted without prior court approval. The 14 court will review the submission(s) and determine whether formal briefing or proceedings are 15 necessary**. Discovery letter briefs must be e-filed under the Civil Events category of Motions** 16 **and Related Filings > Motions - General > "Discovery Letter Brief."**

17 All exhibits to discovery disputes should be separately filed on ECF (for example, if the 18 motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would 19 be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on). **All exhibits shall** 20 **also be filed in a searchable OCR format where possible.**

21 The court expects counsel to appear in person at discovery hearings, or on camera if the 22 hearing is conducted by video. This provides the opportunity to fully engage counsel in resolving 23 aspects of the dispute. If the court sets an in-person discovery hearing, permission to attend by 24 telephone may be granted upon advance written request if the court determines that good cause 25 exists. The facts establishing good cause must be set forth in the request.

26 Litigants and lawyers may provide their pronouns by filing a letter or adding pronouns 27 next to their names in their filings.

28 The court strongly encourages parties to contribute to the development of the bar by

1 permitting less experienced lawyers and lawyers from historically under-represented groups to
2 argue motions.

## MOTIONS TO FILE UNDER SEAL

Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents under the governing standard. If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office. The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting). Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

## PROTECTIVE ORDERS

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable. All protective orders, including the model protective order, must be modified to reflect Judge Ryu's standing order on judicial intervention in

3

1  discovery disputes. If the parties use one of the model stipulated protective orders, they must
2  modify section 6.3 by striking the remainder of the section after "If the Parties cannot resolve a
3  challenge without court intervention" and adding "the Parties shall follow the procedures for
4  resolving discovery disputes set forth in Magistrate Judge Donna M. Ryu's standing order and
5  present the dispute in a joint letter to the court" or words to that effect.

## CHAMBERS COPIES AND PROPOSED ORDERS

Parties must lodge an extra paper copy of the following filings pursuant to Civil L.R. 5-1(d)(7): any of the motions listed under Civil L.R. 7-1(a) (except stipulations filed pursuant to Civil L.R. 7-12), motions for attorneys' fees filed under Civil L.R. 54-5, motions for temporary restraining orders filed under Civil L.R. 65-1, and discovery letter briefs. If a District Judge refers a discovery dispute to Judge Ryu for resolution, the parties must lodge a chambers copy of the referred discovery letter or motion. The filings should be marked as a copy for "**DMR Chambers**." All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

## PRIVILEGE LOGS

If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a privilege log as quickly as possible, but **no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the court sets another date. Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document,

4

including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to promptly furnish a privilege log may be deemed a waiver of the privilege or protection.

**IT IS SO ORDERED.**

Dated: January 31, 2024

_____
Donna M. Ryu
Chief Magistrate Judge