MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

MARK SCHOBINGER, on behalf of himself
and all others similarly situated,

               Plaintiff,

       vs.

TWITTER, INC. and X CORP.,

           Defendants.

Case No. 3:23-cv-03007-VC

**DECLARATION OF KASSIA
STEPHENSON REGARDING
STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF KASSIA STEPHENSON**

I, Kassia Stephenson, declare as follows:

1.      I am an attorney duly licensed to practice law in the state of California.  I am an attorney with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc. (hereinafter "Defendant" or "Twitter") in the above-captioned matter.

2.      Attached as **Exhibit 1** is a true and correct copy of the Northern District Model Order with minor changes noted in redline.  This redlined copy is the same as the copy filed with the Court on or around July 17, 2024.

3.      The changes made to the Model Protective Order are as follows:

- In Section 2.4, adding "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as a potential designation for information and items produced in this matter.

- In Section 2.7, providing a definition for information or items that are designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".

- In Section 2.14, adding "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as "Protected Material" in this matter.

- In Section 5.2, adding references to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".

- In Section 6.3, modifying per Magistrate Judge Donna M. Ryu's standing order and the Court's July 15, 2024 Order regarding the same (*see* ECF No. 69).

- In Section 7.1, clarifying that Protected Material can be used in any other matter between Defendants and any plaintiff or claimant represented by the law firm of Lichten & Liss-Riordan, P.C. (collectively "LLR Matters"), as provided for in the parties' separate agreement.

- In Sections 7.2(e), (i), and (j), clarifying that information or items

1

1    designated as "CONFIDENTIAL" may be disclosed to court reporters

2    engaged for this action and their staff, including any recorders or

3    videographers engaged for depositions; any mediator appointed by the

4    Court or jointly selected by the parties; and other persons only by written

5    consent of the Designating Party or upon order of the Court and on such

6    conditions as may be agreed or ordered.

7    • In Section 7.3, adding a section outlining the procedure for the disclosure

8    of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    Information or Items.

10   • In Section 8, adding references to "HIGHLY CONFIDENTIAL –

11   ATTORNEY'S EYES ONLY".

12   • In Section 9, adding a reference to "HIGHLY CONFIDENTIAL –

13   ATTORNEY'S EYES ONLY".

14   • In Section 12.4, adding a section outlining the procedure for the use of

15   Protected Material in other LLR Matters.

16   • In Section 13, clarifying that the deadline for each Receiving Party to

17   return all Protected Material to the Producing Party or destroy such

18   material will either be within 60 days after the final disposition of this

19   action or 90 days after the termination of all LLR Matters, whichever is

20   later.

21   I declare under penalty of perjury under the laws of the State of California and the United

22   States that the foregoing is true and correct.  Signed on July 17, 2024, at San Francisco,

23   California.

24                                              _____/s/ Kassia Stephenson_____

25                                                          Kassia Stephenson

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STEPHENSON DECLARATION RE
STIPULATED PROTECTIVE ORDER
3:23-CV-03007-VC

EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated, | Case No. 3:23-cv-03007-VC |
| Plaintiff, | MODEL STIPULATED PROTECTIVE ORDER (for standard litigation) |
| v. | |
| TWITTER INC., and X CORP. | |
| Defendant. | |

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

        2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>"HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things which the parties believe to be highly confidential and is to be shared with attorneys/counsel of record only (and their staff and ESI vendors). This designation shall be reserved for sensitive and/or confidential business information, which includes but is not limited to trade secrets, or proprietary code.

2.7<u>2.8</u>     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8<u>2.9</u>     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9<u>2.10</u>     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10<u>2.11</u>     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11<u>2.12</u>     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.122.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.132.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

2.142.15     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

1    time limits for filing any motions or applications for extension of time pursuant to applicable law.

2

3    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

4    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or

5    Non-Party that designates information or items for protection under this Order must take care to

6    limit any such designation to specific material that qualifies under the appropriate standards. The

7    Designating Party must designate for protection only those parts of material, documents, items, or

8    oral or written communications that qualify – so that other portions of the material, documents,

9    items, or communications for which protection is not warranted are not swept unjustifiably within

10    the ambit of this Order.

11    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

12    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

13    encumber or retard the case development process or to impose unnecessary expenses and burdens on

14    other parties) expose the Designating Party to sanctions.

15    If it comes to a Designating Party's attention that information or items that it designated for

16    protection do not qualify for protection, that Designating Party must promptly notify all other Parties

17    that it is withdrawing the mistaken designation.

18    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

19    e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

20    Discovery Material that qualifies for protection under this Order must be clearly so designated

21    before the material is disclosed or produced.

22    Designation in conformity with this Order requires:

23    (a) For information in documentary form (e.g., paper or electronic documents, but

24    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

25    affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES

26    ONLY" to each page that contains protected material. If only a portion or portions of the material on

27    a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

28    (e.g., by making appropriate markings in the margins).

1         A Party or Non-Party that makes original documents or materials available for

2    inspection need not designate them for protection until after the inspecting Party has indicated which

3    material it would like copied and produced. During the inspection and before the designation, all of

4    the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

5    Party has identified the documents it wants copied and produced, the Producing Party must

6    determine which documents, or portions thereof, qualify for protection under this Order. Then,

7    before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

8    or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" legend to each page that contains

9    Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

10    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

11    markings in the margins).

12         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

13    Designating Party identify on the record, before the close of the deposition, hearing, or other

14    proceeding, all protected testimony.

15         (c) for information produced in some form other than documentary and for any other

16    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

17    containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

18    CONFIDENTIAL - ATTORNEY'S EYES ONLY."  If only a portion or portions of the information

19    or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

20    portion(s).

21         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

22    designate qualified information or items does not, standing alone, waive the Designating Party's

23    right to secure protection under this Order for such material. Upon timely correction of a

24    designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

25    accordance with the provisions of this Order.

26    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

27         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

28    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties shall follow the procedures for resolving discovery disputes set forth in Magistrate Judge Donna M. Ryu's standing order and present the dispute in a joint letter to the court.

      ~~6.3~~    ~~Judicial Intervention~~. ~~If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall~~

6

1    ~~automatically waive the confidentiality designation for each challenged designation. In addition, the~~

2    ~~Challenging Party may file a motion challenging a confidentiality designation at any time if there is~~

3    ~~good cause for doing so, including a challenge to the designation of a deposition transcript or any~~

4    ~~portions thereof. Any motion brought pursuant to this provision must be accompanied by a~~

5    ~~competent declaration affirming that the movant has complied with the meet and confer~~

6    ~~requirements imposed by the preceding paragraph.~~

7         The burden of persuasion ~~in any such challenge proceeding shall be on~~ the Designating

8    Party. ~~Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose~~

9    ~~unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.~~

10   ~~Unless the Designating Party has waived the confidentiality designation by failing to file a motion to~~

11   ~~retain confidentiality as described above, all parties shall continue to afford the material in question~~

12   ~~the level of protection to which it is entitled under the Producing Party's designation~~ ~~until the court~~

13   ~~rules on the challenge.~~

14   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

15        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

16   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

17   defending, or attempting to settle this litigation and/or any other matter between Defendants and any

18   plaintiff or claimant represented by the law firm of Lichten & Liss-Riordan, P.C. (collectively "LLR

19   Matters"), as provided for in the parties' separate agreement. Such Protected Material may be

20   disclosed only to the categories of persons and under the conditions described in this Order. When

21   ~~the litigation has~~all LLR Matters have been terminated, a Receiving Party must comply with the

22   provisions of section 13 below (FINAL DISPOSITION).

23        Protected Material must be stored and maintained by a Receiving Party at a location and in a

24   secure manner that ensures that access is limited to the persons authorized under this Order.

25        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

26   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

27   information or item designated "CONFIDENTIAL" only to:

28        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

7

of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters engaged for this action and their staff, including any recorders or videographers engaged for depositions;

(ef) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(fg) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(gh) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)  any mediator appointed by the Court or jointly selected by the parties; and

(j)  other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

8

Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely for purposes of this action only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as the Receiving Party's insurers and In-House Counsel;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters engaged for this action and their staff, including any recorders or videographers engaged for depositions;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation);

(i)  any mediator appointed by the Court or jointly selected by the parties; and

(j)  other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a

1  copy of the subpoena or court order;

2    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

3  other litigation that some or all of the material covered by the subpoena or order is subject to this

4  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

5    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

6  Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with the subpoena

8  or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" before a determination by the court

10  from which the subpoena or order issued, unless the Party has obtained the Designating Party's

11  permission. The Designating Party shall bear the burden and expense of seeking protection in that

12  court of its confidential material – and nothing in these provisions should be construed as

13  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

14  another court.

15  9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

16    LITIGATION

17    (a) The terms of this Order are applicable to information produced by a Non-Party in this

18  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S

19  EYES ONLY." Such information produced by Non-Parties in connection with this litigation is

20  protected by the remedies and relief provided by this Order. Nothing in these provisions should be

21  construed as prohibiting a Non-Party from seeking additional protections.

22    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

23  Party's confidential information in its possession, and the Party is subject to an agreement with the

24  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

25    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all

26  of the information requested is subject to a confidentiality agreement with a Non-Party;

27    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

28  this litigation, the relevant discovery request(s), and a reasonably specific description of the

1  information requested; and

2          (3) make the information requested available for inspection by the Non-Party.

3          (c) If the Non-Party fails to object or seek a protective order from this court within 14

4  days of receiving the notice and accompanying information, the Receiving Party may produce the

5  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

6  seeks a protective order, the Receiving Party shall not produce any information in its possession or

7  control that is subject to the confidentiality agreement with the Non-Party before a determination by

8  the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

9  seeking protection in this court of its Protected Material.

10  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

13  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

14  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

15  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

16  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

17  Be Bound" that is attached hereto as Exhibit A.

18  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

19          MATERIAL

20          When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

21  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

22  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

23  modify whatever procedure may be established in an e-discovery order that provides for production

24  without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

25  parties reach an agreement on the effect of disclosure of a communication or information covered by

26  the attorney-client privilege or work product protection, the parties may incorporate their agreement

27  in the stipulated protective order submitted to the court.

28  12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.4    Use of Protected Material in Other LLR Matters. Subject to and without waiving any potential objections to admissibility in any briefing or submission to the Court, at the trial or other proceeding before the Court, in an effort to promote overall efficiency, the parties agree that any evidence produced in another court case and/or arbitration between Defendants and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C. (including deposition or hearing testimony) may be used in this case without having to be requested/produced again in discovery. Similarly, the parties agree that any evidence produced in this case (including deposition and hearing testimony) may be used in another court case and/or arbitration between Defendants and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C. without having to be requested/produced again in the other matter, subject to and without waiving any potential objections to admissibility based upon the applicable evidentiary rules in the venue where such

1    evidence is sought to be used.

2         Any information or documents designated as Protected Material in another LLR Matter

3    shall be treated with the level of protection to which it is entitled under the Producing Party's

4    designation under the terms of this Order unless the Non-Designating Party challenges the

5    confidentiality designation under Section 6 of this Order.

6    13.    <u>FINAL DISPOSITION</u>

7         Within 60 days after the final disposition of this action, as defined in paragraph 4, or 90 days

8    after the termination of all LLR Matters, whichever is later, each Receiving Party must return all

9    Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all

10   Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

11   reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

12   or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

13   not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

14   category, where appropriate) all the Protected Material that was returned or destroyed and (2)

15   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

16   any other format reproducing or capturing any of the Protected Material. Notwithstanding this

17   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

18   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

19   expert reports, attorney work product, and consultant and expert work product, even if such

20   materials contain Protected Material. Any such archival copies that contain or constitute Protected

21   Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

22   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23   DATED: _____ _____

24   _____

25   _____
                                      Shannon Liss-Riordan
                                      Bradley Manewith
26                                    Lichten & Liss-Riordan, P.C.
                                      ~~Attorney~~Attorneys for Plaintiff MARK SCHOBINGER

27

28   DATED: _____ _____

1    _____

2                                            Attorney for Defendant Eric Meckley
                                             Morgan Lewis & Bockius LLP
3                                            Attorneys for Defendant X CORP. as Successor in
                                             Interest to TWITTER, INC.

4    PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6    DATED: _____  _____

7    _____
                                             United States District/Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 7/15/2024 12:30:03 PM | |
|---|---|
| **Style name:** MLB Set 1 | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** CAND_StandardProtOrd.Feb2022 (1).docx | |
| **Modified filename:** 010528-03__48433416v2_TWI_SCH - Protective Order -- Rev. 7.15.24.DOCX | |
| **Changes:** | |
| **Add** | 60 |
| ~~Delete~~ | 28 |
| ~~Move From~~ | 6 |
| Move To | 6 |
| **Table Insert** | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 100 |