1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   One Market, Spear Street Tower
4  San Francisco, CA 94105-1596
   Tel:   +1.415.442.1000
5  Fax:   +1.415.442.1001

6  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
7  ashlee.cherry@morganlewis.com
   1400 Page Mill Road
8  Palo Alto, CA 94304
   Tel:   +1.650.843.4000
9  Fax:   +1.650.843.4001

10 MORGAN, LEWIS & BOCKIUS LLP
   Kassia Stephenson, Bar No. 336175
11 kassia.stephenson@morganlewis.com
   600 Anton Blvd., Ste. 1800
12 Costa Mesa, CA 92626-7653
   Tel:   +1.714.830.0435
13 Fax:   +1.714.830.0700

14 Attorneys for Defendant
   X CORP. f/k/a TWITTER, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:   October 3, 2024<br>Time:   10:00 a.m.<br>Judge:  Hon. Vince Chhabria |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-03007-VC

Pursuant to Civil Local Rule 79-5, Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("Defendant" or "X Corp."), submits this Administrative Motion to Seal Documents Filed in Support of Defendant's Opposition to Plaintiff's Motion for Class Certification. As explained below, Defendant satisfies both the "good cause" and "compelling reasons" standards for sealing limited portions of Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 attached to the Declaration of Brian D. Berry filed in support of Defendant's Opposition to Plaintiff's Motion for Class Certification (the "Motion").

## I. LEGAL STANDARD

A District Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (quoting Fed. R. Civ. P. 26(c)(1)(G)). Under Ninth Circuit law, the sealing of records for non-dispositive motions requires a showing of "good cause," while the sealing of records for dispositive motions requires a showing of "compelling reasons." *See, e.g., Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Ninth Circuit has yet to decide whether a motion for class certification is a dispositive or non-dispositive motion, and courts within the Northern District of California are split on this question. *Compare In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (N.D. Cal. June 8, 2015) (finding that motions for class certification are generally considered non-dispositive and applying the good cause standard), *with Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (applying the "compelling reasons" standard to grant a motion to seal exhibits filed in support of a motion for class certification).

The Court should apply the "good cause" standard here because Plaintiff's class certification motion and briefing related thereto is only tangentially related to the merits of this case. *See, e.g., Rodriguez v. Google LLC*, 2024 WL 42537, at *1 (N.D. Cal. Jan. 3, 2024) ("Districts in the Ninth Circuit generally treat motions for class certification as non-dispositive."); *Parducci v. AMCO Ins. Co.*, 2021 WL 5908379, at *16 (N.D. Cal. Dec. 14, 2021) ("Parducci's first motion to seal was filed with his motion for class certification. Because this motion is at most tangentially related to the underlying cause of action, the good cause standard applies."); *In re High-Tech Emp.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-03007-VC

*Antitrust Litig.*, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate 'good cause' in order to support their requests to seal."). Indeed, the information X seeks to seal has no relevance to Plaintiff's pending Motion for Class Certification. *See* ECF No. 75. In any event, sealing is warranted under either the "good cause" or "compelling reasons" standard.

## II.  ARGUMENT

Defendant has both good cause and compelling reasons to seal the portions of Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 to the Berry Declaration that contain confidential financial information related to X's labor costs as well as information regarding sensitive and non-public business information related to X's financial and strategic planning, and certain private personal information. *See* Declaration of Walter Gilbert ("Gilbert Decl."):

- Exhibit 2 is an email chain that discloses confidential financial figures. Gilbert Decl., ¶ 6. It also discloses a personal telephone number. *Id.*
- Exhibit 7 is an email chain that discloses confidential financial figures. *Id.*, ¶ 7.
- Exhibit 9 is an exchange of direct messages that discloses confidential financial figures. *Id.*, ¶ 8.
- Exhibit 10 is an email chain and attachment that discloses confidential financial figures. *Id.*, ¶ 9.
- Exhibit 12 is an email chain that discloses confidential financial figures. *Id.*, ¶ 10.
- Exhibit 15 is an email chain that discloses confidential financial figures. *Id.*, ¶ 11.
- Exhibit 16 is a document entitled "FY22 PBP" and labeled "CONFIDENTIAL" that discloses financial figures and competitively sensitive business information related to X's financial and strategic planning. *Id.*, ¶ 12.
- Exhibit 17 is an exchange of direct messages that discloses confidential financial figures. *Id.*, ¶ 13.

These documents contain precisely the type of sensitive information that, if published, could cause "unfair advantage and irreparably harm [d]efendant" because it could be used by a competitor

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-03007-VC

to gain competitive advantage. Gilbert Decl. ¶ 14. The financial figures contained in Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 are confidential and non-public. *Id.* Public disclosure of these figures may cause competitive harm to X, and place it at a disadvantage in the market. *Id.* For example, X's competitors could use the information to ascertain the average compensation that X provides to its employees, including the salaries and commissions it offers, and use this information to negatively impact X, including its ability to hire and retain talent. *Id.* In addition, Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 contain sensitive and non-public business information related to X's financial and strategic planning. *Id.* Public disclosure of this information, too, may harm X because third-party vendors could use this information to gain an advantage in negotiating with X for services and X's competitors could use it to gain a competitive advantage on the market. *Id.* The Court therefore has good cause to maintain them under seal. *See, e.g., Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (finding good cause to seal an "internal policy and guideline unique to [d]efendant and not public knowledge" because, if made public, the document "could provide competitors with an unfair advantage and irreparably harm [d]efendant in terms of lost competitive advantage" (alterations and citation omitted)); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting motion to seal to redact names, addresses, telephone numbers, and e-mail addresses of users of the Uber App, as well as e-mail addresses of Uber employees, recognizing that "non-party's privacy interests" are "appropriately balanced with the public's right to access by redacting personal identifying information").

Courts also routinely seal this type of information under the "compelling reasons" standard that applies to dispositive motions. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm [defendant] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. Sept. 3, 2019) (recognizing "[c]ourts have found that 'confidential business information' in the form of . . . **financial terms**, details of confidential licensing negotiations, and **business strategies** satisfies the compelling reasons

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

3

DEFENDANT'S ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-03007-VC

standard" (internal quotations omitted)) (emphasis added); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing lower court's failure to seal financial terms of 2006 licensing agreement because court has power to insure records are not used "as source of business information that might harm a litigant's competitive strategy"); *Optronic Technologies, Inc. v. Ningbo Sunny Elec. Co., Ltd.,* 2018 WL 6592784, *3-4 (N.D. Cal. Dec. 14, 2018) (sealing email chain that discloses pricing details and "reveals business . . . strategies," which, "if disclosed, could cause [] competitive harm," and where also email's "contents (as opposed to the date of its production) are not particularly pertinent to the matters raised in Orion's motion").

### III. CONCLUSION

For these reasons, the Court should maintain under seal the portions of Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 to the Berry Declaration identified in this motion and the Gilbert Declaration. With the Court's permission, X will file more narrowly redacted copies of Exhibits 2, 7, 9, 10, 12, 15, 16, and 17 that redact only the sensitive financial information and personal information identified in this motion to seal and the supporting Gilbert Declaration.

Dated: September 16, 2024

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Brian D. Berry*
Eric Meckley
Brian D. Berry
Ashlee Cherry

Kassia Stephenson
Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S ADMINISTRATIVE
MOTION TO SEAL
CASE NO. 3:23-cv-03007-VC