MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0435
Fax:   +1.714.830.0700

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DECLARATION OF AOIFE FENELON IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:   October 3, 2024<br>Time:  10:00 a.m.<br>Judge:  Hon. Vince Chhabria |

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DECL. OF AOIFE FENELON ISO OPPO. TO
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:23-cv-03007-VC

# DECLARATION OF AOIFE FENELON

I, Aoife Fenelon, declare as follows:

1. I have worked at X Corp. ("X" or the "Company") for more than two years. I currently serve as a Senior Manager, People Operations, and in my role I support global Human Resources operations. I have worked in People Operations since I was hired in May 2022, and was promoted to Senior Manager in March 2024. I make this Declaration based on my personal knowledge and my review and knowledge of X's business records. If called to testify to these facts, I would be competent to do so.

2. In my capacity as a Senior Manager, People Operations, I regularly work with X's Human Resources systems that contain information and data regarding X's employees, including an employee's name, job title, work location, start date, separation date (if applicable), whether they signed a Dispute Resolution Agreement ("DRA"), and if so, whether they subsequently opted out of the DRA, among other things. These records are made and kept in the ordinary course of X's regularly conducted business activity, at or near the time of the activity, and recorded by (or from information transmitted by) someone with knowledge, and making these records was a regular practice of the Company.

3. According to X's records, there were approximately 1,221 active employees of X based in the United States as of March 3, 2023. These employees worked, either in person or remotely, across the following 36 states: Arkansas; Arizona; California; Colorado; Connecticut; Washington, D.C.; Florida; Georgia; Hawaii; Idaho; Illinois; Indiana; Kentucky; Louisiana; Massachusetts; Maryland; Michigan; Minnesota; Missouri; Montana; North Carolina; Nebraska; New Hampshire; New Jersey; Nevada; New York; Ohio; Oklahoma; Oregon; Pennsylvania; South Carolina; Texas; Utah; Virginia; Washington; Wisconsin.[1]

4. According to X's records, of these approximately 1,221 active U.S. employees as of March 3, 2023, 2 employees worked in Arkansas; 7 employees worked in Arizona; 643 employees worked in California; 19 employees worked in Colorado; 3 employees worked in Connecticut; 16 employees worked in Washington D.C.; 27 employees worked in Florida; 41

---

[1] For ease of reference, I refer to the jurisdiction of Washington, D.C. as a state.

employees worked in Georgia; 2 employees worked in Hawaii; 1 employee worked in Idaho; 25 employees worked in Illinois; 2 employees worked in Indiana; 4 employees worked in Kentucky; 1 employee worked in Louisiana; 27 employees worked in Massachusetts; 2 employees worked in Maryland; 11 employees worked in Michigan; 1 employee worked in Minnesota; 2 employees worked in Missouri; 2 employees worked in Montana; 4 employees worked in North Carolina; 1 employee worked in Nebraska; 1 employee worked in New Hampshire; 3 employees worked in New Jersey; 4 employees worked in Nevada; 231 employees worked in New York; 1 employee worked in Ohio; 1 employee worked in Oklahoma; 12 employees worked in Oregon; 3 employees worked in Pennsylvania; 1 employee worked in South Carolina; 30 employees worked in Texas; 1 employee worked in Utah; 5 employees worked in Virginia; 84 employees worked in Washington; and 1 employee worked in Wisconsin.

5. According to X's records, of these approximately 1,221 active U.S. employees as of March 3, 2023, approximately 111 of these employees were hired after April 25, 2022; approximately 98 of these employees were hired after May 19, 2022; approximately 46 of these employees were hired after August 19, 2022; and approximately 32 of these employees were hired after September 2022.

6. According to X's records, of the approximately 1,221 active U.S. employees as of March 3, 2023, approximately 1,162 (i.e., over 95%) of them have signed a DRA requiring that they arbitrate all employment-related disputes on an individual basis and not a class action basis, and these employees have not opted out of the DRA.

7. According to X's records, of the approximately 1,221 active U.S. employees as of March 3, 2023, approximately 117 of them have already filed claims in arbitration against X in accordance with their DRAs.

8. According to X's records, of the approximately 1,221 active U.S. employees as of March 3, 2023, there are approximately 59 employees (i.e., less than 5%) who are not subject to the DRA. Of these 59 employees, only 32 worked in California.

9. According to X's records, (a) about 215 of the approximately 1,221 active U.S. employees as of March 3, 2023 signed a valid and binding severance agreement with a general

1  release of all claims that bars them from pursuing any claims against X; (b) 5 of the 59 employees
2  not subject to a DRA signed such a severance agreement; and (c) 2 of the 32 employees in
3  California who are not subject to a DRA signed such a severance agreement.
4      I declare under penalty of perjury under the laws of the State of California and the United
5  States of America that the foregoing is true and correct.  Executed on September 16, 2024, in
6  Dublin, Ireland.

_____
Aoife Fenelon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4    DECL. OF AOIFE FENELON ISO OPPO. TO
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:23-cv-03007-VC