MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Jonathan D. Lotsoff (admitted *pro hac vice*)
jonathan.lotsoff@morganlewis.com
110 N. Wacker Dr., Ste. 2800
Chicago, IL 60606
Tel:    +1.312.324.1000
Fax:    +1.312.324.1001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0435
Fax:    +1.714.830.0700

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC. and X CORP., <br><br> Defendants. | Case No. 3:23-cv-03007-VC <br><br> **DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION** <br><br> Date:    October 3, 2024 <br> Time:    10:00 a.m. <br> Judge:    Hon. Vince Chhabria |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

1                 Case No. 3:23-cv-03007-VC
DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION

1   Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendant X Corp. ("X" or the "Company," also formerly known as "Twitter") respectfully submits this Administrative Motion for Leave to File *Instanter* a Sur-Reply, attached hereto as **Exhibit A**, to Plaintiff's Reply Memorandum ("Reply," ECF 87) in Support of his Motion for Class Certification ("Motion," ECF 75). In support thereof, the Company respectfully states:

On August 23, 2024, Plaintiff filed his Motion for Class Certification. On September 16, 2024, Defendant filed its Opposition to the Motion. (ECF 84). On September 23, 2024, Plaintiff filed his Reply in support of the Motion. (ECF 87). The hearing on the Motion is set for October 3, 2024. (ECF 74).

A Sur-Reply is warranted here because Plaintiff's Reply:

**(1)** improperly attempts to amend the class definition without giving X a fair opportunity to respond or showing how his revised putative class meets Rule 23's requirements, which it does not (Reply at 13 n.8);

**(2)** falsely states that "Twitter does not state specifically how many employees who may be class members in this case signed and did not sign arbitration agreements … [and] has not provided sufficient evidence to defeat certification based on this ground in any event" (*id.* at 8 n.5) – when in fact the Company provided precisely that information in its Opposition and the supporting Declaration of Aoife Fenelon filed therewith (ECF 86); and

**(3)** makes a new legal argument that the class waiver in the Dispute Resolution Agreements ("DRAs") signed by over 95% of the putative class purportedly only bars *bringing* a class claim but not "passively" participating as a class member (Reply at 11-12) – a claim that is legally wrong and that he lacks standing to make as a DRA opt-out.

Courts recognize all three of these newly raised issues and assertions as proper grounds for a sur-reply – or for barring the plaintiff's new evidence and arguments entirely – given the prejudice to the defendant from having such matters sprung upon it on reply, without a prescribed opportunity to respond:

- <u>Class Definition Revised on Reply</u>**:** *See, e.g.*, *Kumandan v. Google LLC*, 2023 WL 3468312 at

Morgan, Lewis & Bockius LLP
Attorneys at Law

2   Case No. 3:23-cv-03007-VC
DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION

*1 (N.D. Cal. Jan. 6, 2023) (noting prior ruling "declin[ing] to amend the definition of Plaintiffs' Privacy Class because Plaintiffs first raised this proposal in their reply brief, thereby denying [defendant] the opportunity to address the proposed amendment, and Plaintiffs had not presented the Court with sufficient information to assess whether the amendment would result in classes that comply with the requirements of Federal Rule of Civil Procedure 23"); *Phan v. Transam. Premier Life Ins. Co.*, 2023 WL 3468313 at *2 (N.D. Cal. Apr. 17, 2023) (change to class definition depriving defendant of "opportunity to respond to Plaintiff's changed position" was a "fundamental flaw": "It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." (citation omitted)).

- <u>Material Misstatements in the Reply</u>:  *See, e.g.*, *Banga v. Experian Info. Sols., Inc.*, 2013 WL 5539690, at *3 (N.D. Cal. Sept. 30, 2013) (finding sur-reply warranted to address, in part, "misstatements and distortions of the factual record" (citation omitted)).

- <u>New Arguments Raised on Reply</u>:  *See, e.g.*, *McGechie v. Atomos Ltd.*, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) (finding good cause for leave to file sur-reply because "the movant raise[d] new arguments in its reply brief" (quoting *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005))); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (explaining a court "must give [a non-movant] an opportunity to respond" if the court "is to consider . . . new evidence and arguments" introduced "for the first time" on reply); *see also Kumandan*, 2023 WL 3468312 at *1; *Phan*, 2023 WL 3468313 at *2.

Defendant should be afforded an opportunity to address each of the foregoing issues, and its Sur-Reply would be helpful to this Court in ruling on the instant Motion.  Filing the attached Sur-Reply *instanter* also is important given the approaching October 3, 2024 hearing on Plaintiff's Motion.  Accordingly, Defendant respectfully requests that the Court grant Defendant leave to file the attached Sur-Reply to Plaintiff's Reply *instanter*.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

3   Case No. 3:23-cv-03007-VC
DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| Dated: September 30, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Brian D. Berry* |
| | Eric Meckley |
| | Brian D. Berry |
| | Ashlee Cherry |
| | Jonathan D. Lotsoff |
| | Kassia Stephenson |
| | Attorneys for Defendant |
| | X CORP. f/k/a TWITTER, INC. |

4   Case No. 3:23-cv-03007-VC
DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW