# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
THOMAS P. FOWLER×◊
BRADLEY MANEWITH•
KRYSTEN CONNON^■
JEREMY ABAY^■◊
OLENA SAVYTSKA×
───────────────
MATTHEW CARRIERI×
JACK BARTHOLET×
TREVOR BYRNE×
BENJAMIN J. WEBER× OF COUNSEL

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

────────────

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM
────────────

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT

October 4, 2024

**VIA ECF**
Hon. Vince Chhabria
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

RE:   Schobinger v. Twitter, Inc., C.A. No. 23-cv-03007-VC

Dear Judge Chhabria:

In response to your request at yesterday's hearing, I am submitting this letter brief in support of our request that potential class members be notified that this case will not be proceeding as a class action.

As described below, courts have regularly required such notice to be given, particularly when a case has received publicity that may lead potential class members to believe their rights are being protected, without them needing to take any action. Upon its filing, and upon the Court's earlier ruling denying Twitter's motion to dismiss, this case did receive publicity. I have attached here sample news articles about this case that appeared in a number of prominent news sources.[1]

---

[1] See Johnny Diaz, "*Suit Against Twitter Over Unpaid Bonuses Can Proceed*", New York Times (Dec. 24, 2023) (Exhibit 1); Catherine Thorbecke, "*Twitter accused of failing to pay millions in employee bonuses after Musk takeover*", CNN Business (Jun 21, 2023) (Exhibit 2); Kanishka Singh, "*Twitter violated contract by failing to pay millions in bonuses, US judge rules*", Reuters (Dec. 26, 2023) (Exhibit 3); Nick Robertson, "*Judge rules Twitter, now X, breached contract by blocking millions of pay bonuses*," The Hill (Dec. 23, 2023) (Exhibit 4); Zachary Folk, "*Elon Musk's X Breached Twitter Worker Contracts By Refusing Bonuses, Judge Rules*," Forbes (Dec. 23, 2023) (Exhibit 5); Kiera Fields, "*Elon Musk's X will go to court after failing to pay staff millions in annual bonuses*", Business Insider (Dec. 26, 2023) (Exhibit 6).

# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

And, as I explained in court yesterday, our firm has received a number of inquiries from Twitter employees regarding the claims in the case and whether they need to take any action themselves to recover the bonus they were not paid.[2] The fact that some of these employees reached out to the firm through their own devices indicates that many others likely saw and relied on these news stories without believing there was any need for them to take action themselves.

The Ninth Circuit has stated that: "the possibility of reliance on the filing of the class action is enough to require notice," specifically the "likelihood that members of the class had knowledge of the litigation." Diaz v. Tr. Territory of Pac. Islands, 876 F.2d 1401, 1410–11 (9th Cir. 1989).  "Fed. R. Civ. P. 23(d)(1)(B)(i) authorizes a court to require that appropriate notice be given to class members 'of any step in the action,' in order to 'protect class members.' Certainly, the denial of class certification is a 'step in the action.' And, it is a step in the action that, absent notice to putative class members, may injure their interests." Puffer v. Allstate Ins. Co., 614 F. Supp. 2d 905, 910 (N.D. Ill. 2009).

Many other courts that have held that, where class members learn about an action that may affect their rights through media publicity, notice is warranted when the case will not be continuing as a class action that will pursue their claims. See, e.g., O'Connor v. Uber Technologies, Inc., C.A. No. 13-3826-EMC (N.D. Cal. Dec. 23, 2015) (Dkt. 436) (where class action received significant media attention, "the Court agree[d] that notice to drivers who have been excluded from the class is proper"); Bushansky v. Armacost,  2014 WL 2905143, at *5 (N.D. Cal., June 25, 2014) (finding notice necessary where "there has been some media coverage surrounding the legal issues implicated by Chevron's forum selection bylaw, and shareholders were apprised of the bylaw controversy via proxy statements" such that "the possibility remains that Chevron shareholders have relied on the present suit to vindicate their rights..."); Kas v. Chevron Corp., 1992 U.S. Dist. LEXIS 13635 (N.D. Cal. Aug. 20, 1992).

See also Culver v. City of Milwaukee, 277 F.3d 908, 915 (7th Cir. 2002) (notice should be issued the class under Rule 23(e) where a class representative was inadequate)[3]; Doe v. Lexington-Fayette Urban County Government, 407 F.3d 755, 763–

---

[2]     I could provide further evidence of this fact, if the Court found that necessary.

[3]     At the hearing, the Court noted that he was aware of cases authorizing class notice when there is a voluntary settlement or dismissal of the named plaintiff's claims. There is no reason the same reasoning would not apply where class certification is denied, including based upon the Court's determination that the lead plaintiff is not adequate, as shown in the Culver case.  The California Court of Appeal has reached the same conclusion:

# LICHTEN & LISS-RIORDAN, P.C.

764 (6th Cir. 2005) ("[T]he local media devoted substantial coverage to the abuse… include[ing] coverage of the *Guy* and *Doe I* lawsuits. Such public attention presumably led putative class-action members to believe that their rights were being adequately represented by the *Guy* and *Doe I* plaintiffs. Without notice that these actions had been dismissed, the putative class members were likely lulled into believing that their claims continued to be preserved."); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765 (8th Cir. 2001) ("Dismissal without notice might . . . prejudice potential members who have been relying on the named plaintiff to protect their interests, by leaving them to fend for themselves without knowledge that they should do so."); In re Cardizem CD Antitrust Litig., 2000 WL 33180833, at *6–7 (E.D. Mich. Sept. 21, 2001) (observing that a "reliance interest can become a danger when the filing of a class action complaint receives attention by the news media," and finding that putative class members were prejudiced in part because "[t]hese consolidated actions have received publicity, both nationally and in the areas where the suits were initially filed"); Gupta v. Penn Jersey Corp., 582 F. Supp. 1058, 1061 (E.D. Pa. 1984) (finding that coverage of the litigation in newspapers shortly after the suit was filed warranted notice to the class); Ross v. Warner, 80 F.R.D. 88, 91 (S.D.N.Y. 1978) (finding that "serious and newsworthy allegations" in the case "made against a huge corporation[,] force the Court to consider the probability that many of the soon-to-be-abandoned class members received actual notice of the institution of this suit through national publicity and were perhaps deterred from instituting their own suits in reliance on their class membership"); Yaffe v. Detroit Steel Corp., 50 F.R.D. 481, 483 (N.D. Ill. 1970) (finding likelihood of reliance where "[t]his lawsuit, and the acquisition it challenges, have received publicity in the financial press and, on at least one occasion, counsel for plaintiffs issued a press release which found its way into the Wall Street Journal").

      As described in Plaintiff's motion for class certification, had this case been certified as a class action, notice should have been issued to class members who signed arbitration agreements, as well as those who opted out of arbitration. We expect that Twitter may argue that any such notice that may be issued now should be limited to employees who may have been potential class members who opted out of arbitration. However, those employees likewise do not have reason to know that the case will not

---

> If, however, **the court concludes that the named plaintiffs can no longer suitably represent the class**, it should at least afford plaintiffs the opportunity to amend their complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative. (See Cal. Gas. Retailers v. Regal Petroleum Corp. 50 Cal.2d 844, 850–851); "If, after the court has thus extended an opportunity to amend, the class still lacks a suitable representative, the court may conclude that it must dismiss the action." (Ibid.) **Even then, the Supreme Court held, the trial court must notify the class of the proposed dismissal**. (Ibid.)

Shapell Industries, Inc. v. Superior Court, 132 Cal.App.4th 1101, 1110 (2005) (emphasis added).

# LICHTEN & LISS-RIORDAN, P.C.

be pursued now on their behalf. Indeed, following the Ninth Circuit's decision reversing class certification in O'Connor v. Uber Technologies, Inc., I believe the court ordered notice to be issued to drivers who had signed arbitration agreements that had then been determined to be enforceable.[4]

Similarly, in a recent California state court case, where the defendant requested dismissal of the case at the outset based on employees having signed arbitration agreements, the court ordered that notice be issued to class members who signed arbitration agreements informing them of the dismissal - because of the media attention that the case received and class members' likely reliance on that publicity. See Slaffey v. Joint Venture Restaurant Group, Inc., No. 23STCV14215 (Cal. Sup. Ct.) (June 18, 2024, order and motion requesting notice attached as Exhibit 7).[5]

In contrast to these cases, in cases where courts have denied plaintiffs' requests for notice to class members when requests for certification were denied, courts have noted the lack of media attention as the reason for denying the request. See, e.g., Rodriguez v. Nationwide Mutual Insurance Company, 2017 WL 7803796, at *3 (C.D. Cal., Nov. 16, 2017) (noting that "no putative class members have contacted counsel of either Party to inquire about the status of the case or the filing of additional claims…Because it is unlikely that any putative class members have relied on this suit, this factor favors dismissal."); Vargas v. Central Freight Lines, Inc., 2017 WL 4271893, at *5 (S.D. Cal., Sept. 25, 2017) ("[T]he putative class members are unlikely to suffer any prejudice due to reliance on this class action. Plaintiff's counsel declares that there has been no publicity on this case. … Further, Plaintiff's counsel represents that he has not been contacted by any putative class member about this case."); Tombline v. Wells Fargo Bank, N.A., 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (noting that there is unlikely to be reliance when "no one purporting to be a putative class member [has] contacted plaintiffs' counsel about this case"); Maddox & Starbuck, Ltd. v. British Airways, 97 F.R.D. 395, 397 (S.D.N.Y. 1983) ("There has been neither actual court notice nor substantial publicity"); Wertheim Schroder & Co., Inc. v. Avon Products, Inc., 1994 WL 48794, at *2 (S.D.N.Y., Feb. 14, 1994) (denying notice because "there has been neither individual notice to class members of the existence of the instant class action nor sufficient publicity").

In light of these authorities, we request that the Court authorize notice to potential class members in this case.

Sincerely,

/s/ Shannon Liss-Riordan

---

[4] Given the short deadline to file this letter brief, I have not yet located this citation but will provide it on the Court's request.

[5] Further briefing from that matter can be submitted if the Court requests it.