# EXHIBIT 7

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**23STCV14215**　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 18, 2024
**JORDAN SLAFFEY, et al. vs JOINT VENTURE**　　　　　　　　　　　　　9:00 AM
**RESTAURANT GROUP, INC.**

Judge: Honorable Laura A. Seigle　　　　　CSR: None
Judicial Assistant: Nancy Navarro　　　　　ERM: None
Courtroom Assistant: Valerie Gaytan　　　Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Shannon Liss-Riordan (Telephonic)

For Defendant(s): Jesse M. Caryl (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Dismiss without Prejudice of Named Plaintiff's Claims

Prior to the commencement of the hearing, the parties were informed in this instant action that until further notice, Judge Laura A. Seigle has been assigned to Department 17. Having been so advised, all parties in this action indicated that they accept the assignment of Judge Laura A. Seigle to preside over the case during her assignment to Department 17.

The matter is called for hearing and argued.

On the Court's own motion, the Hearing on Motion to Dismiss without Prejudice of Named Plaintiff's Claims scheduled for 06/18/2024 is continued to 07/22/2024 at 09:00 AM in Department 17 at Spring Street Courthouse.

The parties are to meet and confer regarding the contents of the notice, the procedure for giving notice, and whether or not there will be an administrator. If the parties are unable to agree on the contents of the notice, each side is to submit competing proposed notices by 7/15/2024, accompanied by a brief (not to exceed five (5) pages) that sets forth legal authority as to why their respective proposed notice is proper.

Parties to file a Joint Report with the procedure for notice.

Counsel for Plaintiff is to give notice.

SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

*Attorney for Plaintiffs Jordan Slaffey,
Kara Jobe, Perry Bruno and Dane Hurlburt,
individually and on behalf of all
others similarly situated*

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/15/2024 5:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Drew, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JORDAN SLAFFEY, KARA JOBE, PERRY BRUNO, and DANE HURLBURT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOINT VENTURE RESTAURANT GROUP, INC., J&V GROUP, JON SHOOK, VINNY DOTOLO, L'ESPÉRANCE HOSPITALITY, LUDO LEFEBVRE, AND KRISSY LEFEBVRE,<br><br>Defendants. | Case No. 23STCV14215<br><br>**MOTION TO ISSUE NOTICE TO CLASS (CRC 3.770(C)); MOTION REQUESTING COURT-APPROVAL OF DISMISSAL WITHOUT PREJUDICE OF NAMED PLAINTIFFS' CLAIMS (CRC 3.770(A))**<br><br>Judge:   Hon. Maren E. Nelson<br>Dept:    17<br><br>Date:    May 22, 2024<br>Time:    10:00am<br>Dept.:   SS17<br><br>Complaint Filed:   June 20, 2023 |

**INTRODUCTION**

In this service charge case, Defendants produced signed, enforceable arbitration agreements for the named Plaintiffs approximately six months after Plaintiffs filed this case. Accordingly, Plaintiffs cannot serve as class representatives and thus move to dismiss the case without prejudice, pursuant to California Rule of Court 3.770(a). However, as explained further below, the class would be prejudiced without notice of Defendants' untimely production of arbitration agreements and withdrawal of this action. Given the widespread media coverage of this case and the time elapsed since its filing, countless class members believe their claims are being pursued on a class-wide basis, and failure to notify them of the closure of the case would be prejudicial and potentially cause them to waive their claims. Accordingly, Plaintiffs hereby also seek approval of notice to the class, pursuant to California Rule of Court 3.770(c). [1]

**I.   BACKROUND**

Joint Venture Restaurant Group, Inc., Jon Shook, Vinny Dotolo, L'Esperance Hospitality, Ludo Lefebvre, and Krissy Lefebvre (collectively, "Defendants") and their affiliated legal entities own a number of restaurants in the Los Angeles area. *See generally* First Amended Compl. Each of these restaurants routinely adds an automatic service charge to customers' bills of approximately 18 percent. *Id.* Plaintiffs allege that customers at these restaurants understand this charge to be a gratuity for the service staff, but not all of the charge is remitted to service staff. *Id.* Instead, a portion goes to management, the house, or those not otherwise eligible for tips. *Id.* Plaintiffs allege Defendants' practice violates California Labor Code § 351, which prohibits employers and their agents from sharing in or keeping any portion of a gratuity left for or given to one or more employees by a patron.

Plaintiffs filed this action on June 20, 2023. The lawsuit was widely discussed and covered in the news, receiving publicity from multiple sources, including extensive coverage in the *Los Angeles Times*. Decl. of Shannon Liss-Riordan ("Liss-Riordan Decl.") ¶¶ 3–6. Additional news outlets, including the DailyMail.com, Patch.com, *Los Angeles Magazine*, YahooNews!.com, and

---

[1]   **Defendants** do not oppose Plaintiffs' Motion insofar as it seeks voluntary dismissal without prejudice of the Plaintiffs' claims.

Eater Los Angeles all covered the lawsuit as well. *Id.* ¶ 7. It is also apparent from online forums discussing the *Los Angeles Times* article that news of the lawsuit was widespread. *Id.* ¶ 8. Current and former employees of Defendants' restaurants also shared information about the lawsuit with current and former colleagues, further encouraging many class members to rely on the filed action to pursue their claims. *Id.* ¶ 9. Indeed, dozens of Defendants' current and former employees contacted the undersigned counsel to learn more about the action and offer support. *Id.* ¶ 10.

On December 18, 2023, six months after the widely publicized and discussed filing of the action, Defendants produced signed arbitration agreements for the named Plaintiffs. *Id.* ¶ 11. Plaintiffs did not contest the validity or enforceability of the agreements and attempted to find a substitute Plaintiff who did not sign an enforceable agreement. *Id.* ¶ 12. Plaintiffs were unsuccessful. *Id.* Accordingly, Plaintiffs now seek Court approval of the dismissal of the named Plaintiffs claims without prejudice pursuant to CRC 3.770(a) upon the filing notice of pendency of action pursuant to CRC 3.770(c). *Id.* ¶ 14. Plaintiffs are now pursuing their claims individually in arbitration, as required by their arbitration agreements.

Following notice to putative members and a hearing, Plaintiffs request that this Court dismiss named Plaintiffs' claims in this action without prejudice. *Id.*

## II.     ARGUMENT

### A.     Legal Standard

California Rule of Court 3.770(a) requires that the parties obtain court approval of "dismissal of an entire class action, or of any party or cause of action in a class action…." CRC 3.770(a).

Additionally, California Rule of Court 3.770(c) provides that "[i]f the court has not ruled on class certification, or if notice of the pendency of the action has not been provided to class members in a case in which such notice was required, notice of the proposed dismissal may be given in the manner and to those class members specified by the court, or the action may be dismissed without notice to the class members **if the court finds that the dismissal will not prejudice them**." CRC 3.770(c) (emphasis added). "This rule of court is consistent with the principle that 'California courts recognize and preserve the rights of absent class members, even

3

before the issue of certification has been determined.'" *Fid. Nat'l Home Warranty Co. Cases* (2005) 46 Cal. App. 5th 812, 826 (quoting *Shapell Indus., Inc. v. Superior Ct.* (2005) 132 Cal. App. 4th 1101, 1109, *as modified on denial of reh'g* (Oct. 18, 2005)).

Accordingly, a court *must* exercise its discretion and evaluate the risk of prejudice to class members prior to dismissing a putative class action. *Id.* at 827. The risk of prejudice is greater where the pending action received publicity, if putative class members are not given notice of the dismissal, so that they may take action to preserve their rights.

**B.  Analysis**

The California Supreme Court has recognized the rights of unnamed class members for more than half a century. In *La Sala v. Am. Sav. & Loan Assn.* (1971) 5 Cal. 3d 864, 489 P.2d 1113, 1115, the California Supreme Court held "that whenever the dismissal of a class action stems from a defendant's grant of benefits to the representative plaintiffs, which are not provided to the class as a whole, the court may not dismiss the action without notice to the class . . . ." The Court's holding rested on the settled principle that "[w]hether the named plaintiffs will fairly and adequately protect that class frames an issue that rests in the discretion of the trial court," and that "plaintiffs who have nothing at stake often will not devote sufficient energy to the prosecution of the action." *Id.* at 1117. Accordingly, if a court determines named plaintiffs are no longer adequate representatives, the named plaintiff should be afforded the opportunity to amend, add new plaintiffs, or redefine the class "in order to establish a suitable representative." *Id.*[2]

The California Court of Appeal affirmed this principle in *Shapell Indus., Inc.* 132 Cal. App. 4th at 1101. In *Shapell*, the named plaintiff in an uncertified class action sought to add an additional plaintiff and dismiss the action as to himself. *Id.* While the court recognized that dismissing the named plaintiff "meant that there was no named representative plaintiff of the putative class," it found that the "putative class remained extant, awaiting proper amendment of the complaint to add a new representative plaintiff." *Id.* at 1108. The court held "[a] dismissal by

---

[2] When *La Sala* was decided, no California rule governed the "dismissal of class actions generally," so courts also "utilize[d] the class action procedures of the federal rules," including Rule 23(e), which requires court approval of dismissal. *Id.*

only some of the plaintiffs means the court is not divested of subject matter jurisdiction and the suit continues." *Id.* at 1108 (citing *Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1192). Citing both *La Sala* and the California Rules of Court 3.770,[3] it further affirmed that "alleged putative class members are the parties interested in prosecuting the action, such that an actual, justiciable controversy exists, pending amendment to add a named representative plaintiff." *Id.* at 1111.

Because "California courts recognize and preserve the rights of absent class members, even before the issue of certification has been determined," *id.* at 1109, it is necessary for the Court to consider whether those absent class members would be prejudiced by dismissal of the action without notice, *see* California Rules of Court 3.770. In analyzing whether notice of a voluntary dismissal is appropriate, federal courts also consider potential prejudice to the class. *See LaVigne v. First Cmty. Bancshares, Inc.*, (D.N.M. Sept. 30, 2021) 2021 WL 4477921, at *3 ("In determining whether to approve a voluntary dismissal under [Federal Rule of Procedure] 23(e), the Court must examine whether the plaintiff class would be prejudiced by the voluntary dismissal.") (citing *In re Phillips Petroleum Sec. Litig.*, (D. Del. 1986) 109 F.R.D. 602, 607, *quoted in Cranley v. Nat'l Life Ins. Co. of Vermont*, (D. Vt. 2001) 144 F. Supp. 2d 291, 304–05, *aff'd*, (2d Cir. 2003) 318 F.3d 105). Notably for the purposes of this motion, "[s]tate courts, when interpreting state law, commonly find federal court interpretations of federal laws that use similar language to be persuasive authority." *Raines v. U.S. Healthworks Med. Grp.* (2023) 15 Cal. 5th 268, 282, 534 P.3d 40, 47.

Federal courts have found that "the possibility of reliance on the filing of the class action is enough to require notice," specifically the "likelihood that members of the class had knowledge of the litigation." *Diaz v. Tr. Territory of Pac. Islands*, (9th Cir. 1989) 876 F.2d 1401, 1410–11. Class members may have learned about the action through the "grapevine", *see, e.g., id.* at 1410, or via the media and news publications, and relied on the complaint and litigation. Where class members learn about an action through media publicity, notice is warranted. *See, e.g., Gupta v.*

---

[3] The Court cited California Rules of Court, rule 1860(a), which is now Rule 3.770(a).

*Penn Jersey Corp.*, (E.D. Pa. 1984) 582 F. Supp. 1058, 1061 (finding that coverage of the litigation in newspapers shortly after the suit was filed warranted notice to the class); *see also Kas v. Chevron Corp.*, Civ. (N.D. Cal. Aug. 20, 1992) 1992 U.S. Dist. LEXIS 13635 (observing that media publicity of the action would warrant notice).

Here, the named Plaintiffs are bound to arbitrate their individual claims and are therefore unable to pursue class claims in court. However, by the time the Court hears this motion, nearly a year will have passed from the filing of the action—a year in which unnamed class members were relying on the action to toll their claims and pursue their rights. Indeed, there is no question class members have relied upon the June 2023 filing of this action, as evidenced by the number of people who reached out to the named plaintiffs and Plaintiffs' counsel following the filing of the action, the extensive discussions of the lawsuit in online forums, and the widespread publicity of the action in the media. *See* Liss-Riordan Decl ¶¶ 3–10. If the Court dismisses the named Plaintiffs without a substitute plaintiff now (nearly a year after filing), class members who began working at any of Defendants' restaurants after June 2019 and left before June 2020 may have no recourse because the statute of limitations will have expired. Thus, at a bare minimum, this Court should issue notice in case a substitute plaintiff can be found to continue pursuing these rights on behalf of the class. Furthermore, even if Plaintiffs cannot find a substitute named plaintiff because all eligible employees are bound to arbitrate their claims, notice is necessary to avoid prejudicing class members who would choose to preserve their rights by pursuing individual arbitration claims in the absence of a class action.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request the dismissal of named Plaintiffs' claims without prejudice pursuant to CRC 3.770(a). Prior to the dismissal, the Court should order issuance of notice of the pendency of the action to putative class members pursuant to CRC 3.770(c). Plaintiffs have attached a proposed notice at Liss-Riordan Decl. ¶ 15, Exhibit G.

| | | |
|---|---|---|
| Dated: March 15, 2024 | | LICHTEN & LISS-RIORDAN, P.C. |
| | By: | _/s/ Shannon Liss-Riordan_ |
| | | SHANNON LISS-RIORDAN |
| | | |
| | | Attorney for Plaintiffs JORDAN SLAFFEY, KARA JOBE, PERRY BRUNO, and DANE HURLBURT |