UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER, <br><br>   Plaintiff, <br><br>  v. <br><br>TWITTER, INC., et al., <br><br>   Defendants. | Case No. 23-cv-03007-VC <br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION** <br><br>Re: Dkt. No. 75 |

  Mark Schobinger was the Senior Director of Compensation for Twitter during the 2022–23 time period, when Twitter was being acquired by Elon Musk. Schobinger was a member of a pool of employees who were eligible for an annual bonus payable in early 2023. It's undisputed that, under the terms of the bonus plan, the company was not required to pay the bonus; it was a matter of discretion for the company. But Schobinger alleges that in April, May, and August 2022, the company promised employees that they would, in fact, get the bonus as long as they stayed through the acquisition. Schobinger alleges that he stayed through the acquisition in reliance on this promise, but that he and his fellow employees never got the bonus. So he has filed this lawsuit. And now he has moved for class certification, seeking to represent the interests of all employees in the pool.

  But some interesting facts have been revealed in discovery. In November 2022—several months after Twitter allegedly made the promises that Schobinger allegedly relied on—Schobinger sent a message to Twitter's "Head of People Experience." In the message, Schobinger asserted that whether to pay the bonus was a matter of Elon Musk's discretion. Schobinger mentioned in this message that he had recommended that the company not pay the

bonus. And in February 2023, Schobinger sent other Twitter executives a "white paper" discussing the issue of whether to pay the bonus. In this document, Schobinger said: "… I believe exercising discretion and not paying a bonus would be prudent …" There is also evidence that Schobinger told Musk directly, in a January 2023 meeting, that Twitter shouldn't pay the bonus.

To describe these facts is to show why Schobinger is not an adequate class representative, and why his claims are not typical of the claims of the members of the proposed class. It would be impossible for him to get on the witness stand and adequately represent the interests of Twitter employees who claim that the company wrongfully withheld the bonus. He might fit nicely into this case as a defendant, but he cannot possibly fit as a named plaintiff.

At his deposition, Schobinger offered a convoluted explanation for how he could possibly have believed he was entitled to the bonus while simultaneously advocating that the company not pay it. It seems likely that Schobinger's explanation is untrue. But even if he is telling the truth, that's beside the point for purposes of this motion. Because even if he is telling the truth, his conduct makes him the worst possible candidate to serve as a litigation representative for the other Twitter employees who didn't get a bonus. While he argues that he is in fact an adequate and typical representative because Twitter's answer asserts unclean hands and estoppel defenses against the entire class, there is no indication that there are any facts to support those defenses against the rest of the class, and it's hard to imagine that any exist that would make the defenses remotely as compelling against the class as against Schobinger himself.

At the hearing, Schobinger's lawyer requested the opportunity to substitute a different plaintiff to serve as a class representative. That request is denied for a variety of reasons. Most importantly, the fact that Schobinger's lawyer thought it was a good idea to file a motion for class certification in the face of this evidence (as opposed to dropping the case or seeking to substitute another plaintiff immediately upon discovering it) shows that she is totally unqualified to serve as class counsel. Moreover, there are many other problems with the motion. For example, it does not take seriously the fact that such a large number of proposed class members

signed arbitration agreements, at least some of which include class action waivers. Schobinger also invokes California law even though Texas law obviously applies to his claims. And Schobinger seeks to certify a nationwide class under California law, without regard to the obvious choice-of-law concerns that are implicated. The list goes on.

Finally, Schobinger's lawyer asks that the Court authorize notice to the prospective class members that class certification has been denied. The Court finds that, on these facts, such notice is unnecessary. *See Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1406 (9th Cir. 1989).

The motion for class certification is denied. Twitter's administrative motion for leave to file a sur-reply is denied. A case management conference is set for October 25, 2024, to set a schedule for summary judgment and trial.

**IT IS SO ORDERED.**

Dated: October 16, 2024

_____
VINCE CHHABRIA
United States District Judge