MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL MATERIAL FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION TO SEAL
MATERIAL ISO MTN FOR CLASS CERT
CASE NO. 3:23-cv-03007-VC

Pursuant to Civil Local Rule 79-5(f)(3) and this Court's Order dated October 16, 2024 (ECF 102), Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("Defendant" or "X Corp."), submits this response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 76. As explained below, Defendant satisfies both the "good cause" and "compelling reasons" standards for redacting selected portions from the publicly filed versions of Exhibits 6, 7, 9, 10, 11, and 12 to Plaintiff's Motion for Class Certification (the "Motion").

## I. LEGAL STANDARD

A District Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (quoting Fed. R. Civ. P. 26(c)(1)(G)). Under Ninth Circuit law, the sealing of records for non-dispositive motions requires a showing of "good cause," while the sealing of records for dispositive motions requires a showing of "compelling reasons." *See, e.g., Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Ninth Circuit has yet to decide whether a motion for class certification is a dispositive or non-dispositive motion, and courts within the Northern District of California are split on this question. *Compare In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (N.D. Cal. June 8, 2015) (finding that motions for class certification are generally considered non-dispositive and applying the good cause standard), *with Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (applying the "compelling reasons" standard to grant a motion to seal exhibits filed in support of a motion for class certification).

The Court should apply the "good cause" standard here because, consistent with analogous Northern District case law, Plaintiff's class certification motion is only tangentially related to the merits of his case. *See*, *e.g.*, *Rodriguez v. Google LLC*, 2024 WL 42537, at *1 (N.D. Cal. Jan. 3, 2024) ("Districts in the Ninth Circuit generally treat motions for class certification as non-dispositive."); *Parducci v. AMCO Ins. Co.*, 2021 WL 5908379, at *16 (N.D. Cal. Dec. 14, 2021) ("Parducci's first motion to seal was filed with his motion for class certification. Because this motion is at most tangentially related to the underlying cause of action, the good cause standard

1  applies."); *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30,
2  2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds
3  that the parties need only demonstrate 'good cause' in order to support their requests to seal."). The
4  information X seeks to redact has no relevance to or bearing upon the ultimate disposition of
5  Plaintiff's Motion; specifically, Plaintiff's Motion does not rely on or cite to the portions of the
6  Exhibits sought to be redacted. *See* ECF No. 75. In any event, redactions are warranted under either
7  standard.

## II. ARGUMENT

Defendant has both good cause and compelling reasons to redact the portions of Exhibits 6, 7, 9, 10, 11, and 12 that contain confidential financial information related to X's labor costs as well as information regarding competitively sensitive business strategies and planning. *See* Declaration of Walter Gilbert ("Gilbert Decl."):

- Exhibit 6 (ECF 76-8) is a copy of an email chain that discloses confidential financial information and competitively sensitive information regarding the accrual for bonuses under Twitter's Performance Bonus Plan. Gilbert Decl., ¶ 6.

- Exhibit 7 (ECF 76-9) is a copy of an email chain that discloses confidential company financial figures and competitively sensitive information. *Id.*, ¶ 7.

- Exhibit 9 (ECF 76-11) is a copy of an email chain that discloses financial figures and competitively sensitive information regarding the accrual for bonuses under Twitter's Performance Bonus Plan. *Id.*, ¶ 8.

- Exhibit 10 (ECF 76-12) is a copy of a document that discloses financial figures and contains competitively sensitive information related to compensation, bonuses, continued benefits, and equity vesting. *Id.*, ¶ 9.

- Exhibit 11 (ECF 76-13) is a copy of a document that discloses detailed headcount information after Elon Musk acquired X and took the company private. *Id.*, ¶ 10.

- Exhibit 12 (ECF 76-14) is a copy of an email chain that discloses information about investments and financial planning, headcount planning, accounts receivable, and credit facilities. *Id.*, ¶ 11.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S MOTION TO SEAL
MATERIAL ISO MTN FOR CLASS CERT
CASE NO. 3:23-cv-03007-VC

These documents contain precisely the type of sensitive information that, if published, could cause "unfair advantage and irreparably harm [d]efendant" because it could be used by a competitor to gain competitive advantage. Gilbert Decl. ¶¶ 12-13. The financial and headcount figures contained in Exhibits 6, 7, 9, 10, 11, and 12 are confidential and non-public. *Id.*, ¶ 12. Public disclosure of these figures may cause competitive harm to X and place it at a disadvantage in the market. For example, X's competitors could use the information to ascertain the average compensation that X provides to its employees, including the salaries and commissions it offers, and the value of its equity and benefits packages, and use this information to negatively impact X, including its ability to hire and retain talent. *Id.* In addition, these exhibits contain sensitive and non-public business information related to X's financial and strategic planning. *Id.*, ¶ 13. Public disclosure of this information, too, may harm X because third-party vendors could use this information to gain an advantage in negotiating with X for services and X's competitors could use it to gain a competitive advantage on the market. *Id.* Good cause exists here to redact certain portions of these exhibits. *See, e.g., Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (finding good cause to seal an "internal policy and guideline unique to [d]efendant and not public knowledge" because, if made public, the document "could provide competitors with an unfair advantage and irreparably harm [d]efendant in terms of lost competitive advantage" (alterations and citation omitted)); ECF 102 (the Court noting that "it will likely grant requests to redact specific financial figures," and granting Defendant's motion to seal exhibits (ECF 83) submitted with its Opposition to class certification containing similar information).

Courts also routinely seal this type of information under the "compelling reasons" standard that applies to dispositive motions. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm [defendant] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. Sept. 3, 2019) (recognizing "[c]ourts have found that 'confidential business information' in the form of . . . ***financial terms***, details of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S MOTION TO SEAL
MATERIAL ISO MTN FOR CLASS CERT
CASE NO. 3:23-cv-03007-VC

confidential licensing negotiations, and **business strategies** satisfies the compelling reasons standard" (internal quotations omitted)) (emphasis added); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing lower court's failure to seal financial terms of 2006 licensing agreement because court has power to insure records are not used "as source of business information that might harm a litigant's competitive strategy"); *Optronic Technologies, Inc. v. Ningbo Sunny Elec. Co., Ltd.,* 2018 WL 6592784, *3-4 (N.D. Cal. Dec. 14, 2018) (sealing email chain that discloses pricing details and "reveals business . . . strategies," which, "if disclosed, could cause [] competitive harm," and where also email's "contents (as opposed to the date of its production) are not particularly pertinent to the matters raised in Orion's motion").

### III.  CONCLUSION

For these reasons, the Court should allow permit Exhibits 6, 7, 9, 10, 11, and 12 identified in this motion and the Gilbert Declaration to be redacted.

Dated: October 23, 2024         MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Eric Meckley
Eric Meckley
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP. as Successor in Interest TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S MOTION TO SEAL
MATERIAL ISO MTN FOR CLASS CERT
CASE NO. 3:23-cv-03007-VC