UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCHOBINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>TWITTER, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03007-VC   (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 111 |

Plaintiff Mark Schobinger and Defendant X Corp. ("Twitter") filed a joint discovery letter on December 9, 2024. [Docket No. 111 ("JDL").] Schobinger seeks to compel (1) further responses to Request for Production ("RFP") 2 and 6, and (2) the deposition of Mason Eaves. Twitter opposes. This dispute can be decided without oral argument. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

Schobinger made class-wide claims that Twitter agreed to pay its employees a portion of the bonus contemplated by the 2022 Performance Bonus Plan, only to renege on that promise. [Docket No. 43 (First Amended Complaint).] On October 16, 2024, the Honorable Vince Chhabria denied class certification, finding that Schobinger was not an adequate class representative in light of the particular weakness of his individual claim. [Docket No. 101 (Cert. Denial).] The court cited facts revealed in discovery that Schobinger repeatedly recommended to Twitter management not to pay the bonus and asserted that paying the bonus was discretionary under the bonus plan. *Id.* at 1-2. The court observed: "At his deposition, Schobinger offered a convoluted explanation for how he could possibly have believed he was entitled to the bonus while simultaneously advocating that the company not pay it. It seems likely that Schobinger's explanation is untrue." *Id.* at 2. At the October 3, 2024 class certification hearing, the court summed up the thrust of the case: "[Schobinger] claims that he was promised a bonus in May-

August of '22. [He] recommended several times after that that the company should not pay the bonus, and now [he] is suing claiming that the company breached the May-August contract [by not giving] him the bonus." [Docket No. 98 (Transcript) at 6-7.] These facts "strongly indicate[] that [Schobinger] has no breach of contract claim; that he is going to lose." *Id.* at 4.

To be clear, Judge Chhabria has not ruled on the merits of the case. However, as discussed below, his assessment bears on the proportionality of the disputed discovery under Federal Rule of Civil Procedure 26.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A.  RFP 2

RFP 2 requests "copies of all emails, Slack messages, and other communications by and among Twitter management personnel (including, but not limited to, Ned Segal and Elon Musk) regarding paying employees an annual bonus for 2022." JDL Ex. A. Schobinger argues this discovery is relevant "to show that Twitter management was well aware that [the] promise had been made—and to learn what they said amongst themselves in deciding not to pay it." JDL 2.

Twitter responds that "'internal,' non-employee facing communications" are irrelevant to Schobinger's claims, "which are based exclusively upon alleged statements the Company made *to employees*." JDL 4. Twitter therefore agreed to produce only "non-privileged communications sent to or from Plaintiff's email address and Slack address relating to paying employees an annual bonus for 2022," and represents it also produced "*all* of the communications that were made to employees" regarding the 2022 bonus. JDL 4, fn. 6; Ex. A. Twitter states that the request for communications involving "Twitter management personnel" is also ambiguous and overbroad; it

argues that even if the discovery were relevant, it would be an "expensive, unduly burdensome, overbroad and redundant search" that is not proportional to the needs of the case, especially in light of the weakness of Schobinger's claim. JDL 4.

To be discoverable, the requested materials must be both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The disputed discovery is arguably relevant. Twitter is correct that the alleged contract or promise would be in the form of communications made to employees, but management communications might contain corroborating evidence of the existence of the contract as well as its breach. The problem is that RFP 2 is not proportional. Among other things, Rule 26(b)(1) requires consideration of "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Here, Schobinger's individual claims are weak while the scope of RFP 2 is broad. Schobinger's request encompasses "all communications by and among Twitter management personnel" about the subject matter, without defining that amorphous and potentially large group. The court denied class certification two months before the JDL was filed. Schobinger could have addressed proportionality by refining his request during the required meet and confer process. Instead, he has doubled down, and fails to identify any proposed compromise even though it is required by the court's standing order. This has the feel of a last-ditch fishing expedition, the burden of which outweighs the likely benefit. RFP 2 is not proportional to the needs of the case, and Twitter need not produce responsive documents beyond what it has already agreed to provide.

**B.     RFP 6**

RFP 6 seeks "copies of all financial records and other documents regarding the accrual of funds by Twitter towards the payment of employees' bonuses during the period of January 2022 through June 2023." JDL Ex. A. As a compromise, Twitter offered to stipulate to facts about the funds accrued for paying the employee bonuses in 2022. JDL 3. Schobinger rejected the offer, arguing he wants "the actual documents showing that the accrual was made, showing who those documents were shown to, what discussion there was about it, etc. . . . [S]uch documents may be particularly helpful to show the concreteness of the prior plan to pay the bonus and also to shed

3

1   light on the discussions and thinking surrounding the company's ultimate decision not to pay the
2   bonus." *Id.* Once again, Schobinger offers no compromise, even though his request broadly seeks
3   "all financial records and other documents" regarding the accrual of funds to pay bonuses in the
4   disputed time frame.

5       Twitter responds that it already produced all documents provided to employees regarding
6   the accrual, such as a company-wide email stating the bonus pool accrual percentage. JDL 5.
7   Twitter also produced Compensation Committee minutes and communications regarding the
8   accrual. *Id.* It argues that the fact of the accrual is not in dispute because Twitter does not contest
9   it and because it has no impact on Schobinger's claims. According to Twitter, the accrual is
10  merely an "accounting accrual," not a "legal obligation," and is not relevant to the existence of a
11  contract or Twitter's breach. *Id.* Twitter also argues that producing the requested documents
12  would be unduly burdensome because they contain "highly confidential financial information
13  having nothing to do with this case." *Id.*

14      Again, considering the weakness of Plaintiff's remaining individual claims and his
15  apparent refusal to tailor his broad request, a further response to RFP 6 is not proportional to the
16  needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, the parties shall promptly meet and
17  confer to reach a stipulation on the key facts regarding the accrual of funds toward payment of a
18  2022 bonus.

19      **C.**    **Deposition of Mason Eaves**

20      Schobinger noticed the deposition of Mason Eaves, Twitter's Director of Technical
21  Accounting. JDL Ex. B. Eaves was identified in Twitter's interrogatory responses as someone
22  with "knowledge related to, among other things, the terms of the 2022 Global Discretionary
23  Performance Bonus Plan, and the accounting accrual related to the 2022 Global Discretionary
24  Performance Bonus Plan." JDL Ex. C. Twitter objects on the basis that Ned Segal, former
25  Twitter CFO, had knowledge about the same subjects and was already deposed. JDL 5.

26      "A court can limit discovery if it determines, among other things, that the discovery is: (1)
27  unreasonably cumulative or duplicative; (2) obtainable from another source that is more
28  convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed

4

1  discovery outweighs its likely benefit." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 571
2  (C.D. Cal. 2012) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558
3  (D. Conn. 2006)). Twitter argues that a deposition of Eaves would be cumulative and irrelevant
4  because Schobinger already deposed Segal. However, Schobinger points out that Segal had been
5  terminated by the time the bonus was due to be paid, while Eaves was still working for Twitter.
6  JDL 3. As such, it is reasonable to expect that Eaves may have different knowledge about the
7  accrual and the decision not to pay the bonus.

8  Balancing the proportionality considerations, Schobinger may take a three-hour deposition
9  of Mason Eaves.

11  **IT IS SO ORDERED.**

12  Dated: January 9, 2025

_____
Donna M. Ryu
Chief Magistrate Judge