1  Shannon Liss-Riordan (SBN 310719)
   *sliss@llrlaw.com*
2  Bradley Manewith (*pro hac vice*)
   *bmanewith@llrlaw.com*
3  LICHTEN & LISS-RIORDAN, P.C.
   729 Boylston Street, Suite 2000
4  Boston, MA 02116
   Tel: (617) 994-5800
5  Fax: (617) 994-5801
6

7  *Attorneys for Plaintiff Mark Schobinger*

8           **IN THE UNITED STATES DISTRICT COURT**
        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                **SAN FRANCISCO DIVISION**

10

11  MARK SCHOBINGER,                    Case No. 3:23-cv-03007-VC

12         Plaintiff,                   **MOTION TO DISMISS WITH**
                                        **PREJUDICE PURSUANT TO FED. R.**
13         v.                           **CIV. P. 41(a)(2)**

14
    TWITTER, INC. and X CORP.,
15
           Defendants.                  Date: March 6, 2025
16                                      Time: 10:00 a.m.
                                        Judge: Hon. Vince Chhabria
17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)
Case No. 3:23-cv-03007-VC

**I.     INTRODUCTION AND BACKGROUND**

Plaintiff Mark Schobinger hereby moves this Court for an order dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff filed a class action complaint on June 20, 2023, alleging that Defendants Twitter, Inc. and X Corp. (collectively, "Twitter") are liable under theories of breach of contract and promissory estoppel for failing to provide promised bonuses to employees who stayed on at the company following Elon Musk's acquisition in October 2022. (ECF No. 1). The Court denied Twitter's motion to dismiss on December 22, 2023. (ECF No. 37).

On August 23, 2024, Plaintiff moved to certify a class of employees who were employed by Twitter in the first quarter of 2023 but were not paid their annual bonus for 2022. (ECF No. 75). The Court denied Plaintiff's motion for class certification on October 16, 2024. (ECF No. 101). In its order denying the motion, the Court determined that Plaintiff would not be an adequate lead plaintiff for this claim. Also, at the hearing on the motion, as well as at a later status conference, while not ruling on the merits, the Court made clear its belief that Plaintiff should not pursue this claim.

Following that conference, Plaintiff attempted to dismiss this case with prejudice. However, Twitter would not agree to a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Later, Twitter served a Rule 11 "safe harbor" notice on Plaintiff. Again, Plaintiff attempted to dismiss this case with prejudice. However, Twitter has again not agreed to a stipulation of dismissal. Accordingly, Plaintiff now moves to dismiss this case with prejudice in accordance with Rule 41(a)(2).

Because Twitter will not suffer any legal prejudice from such dismissal—especially considering that Plaintiff is moving to dismiss with prejudice—Plaintiff's motion should be granted.

**II.     ARGUMENT**

**A.     Legal Standard**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff, pursuant to an order of the court and subject to any terms and conditions that the court deems proper,

1    may dismiss an action at any time. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th

2    Cir. 1996). "The purpose of the rule is to permit a plaintiff to dismiss an action . . . so long as

3    the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of*

4    *Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted).

5    Accordingly, the Ninth Circuit has held that a district court should grant a motion for voluntary

6    dismissal under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal

7    prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is

8    defined as "prejudice to some legal interest, some legal claim, some legal argument."

9    *Westlands*, 100 F.3d at 97.

10    "Uncertainty because a dispute remains unresolved," "threat of future litigation," and

11    "expense incurred in defending a lawsuit" do not establish legal prejudice. *Id.* at 96–97; *see*

12    *also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982) ("Appellant's

13    contention that appellee should have been estopped from requesting a voluntary dismissal,

14    because appellant was put to significant expense in preparing and filing its pleadings, is without

15    merit."); *In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995) ("[T]he the fact that the

16    defendant has already begun trial preparations does not constitute prejudice." (internal

17    quotation omitted)).

18    **B.    Defendants Will Not Be Prejudiced by Dismissal**

19    Twitter will not be able to contend that it will suffer "legal prejudice" from the dismissal

20    of this action with prejudice. Since Twitter has filed no counterclaims, and Plaintiff seeks to

21    dismiss this action with prejudice, dismissal cannot prejudice any "legal interest," "legal claim,"

22    or "legal argument" of Twitter. On the contrary, dismissal with prejudice ensures that Twitter is

23    protected from any potential subsequent lawsuit by Plaintiff raising this claim and further

24    expense. *See Smith*, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the

25    federal claims so they cannot be reasserted in another federal suit only strengthens our

26    conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion.");

27    *Real Est. Disposition Corp. v. Nat'l Home Auction Corp.*, 2009 WL 764529, at *2 (C.D. Cal.

28    Mar. 19, 2009) ("[W]here a dismissal is with prejudice, such that the claims cannot be reasserted,

1    it is less likely that the dismissed defendants will suffer any legal prejudice[.]"); *SEC v. Am. Bd.*

2    *of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990) ("Because the dismissal will be with

3    prejudice, there can be no adverse effect on defendants here.").

4          Examples of a defendant suffering plain legal prejudice from voluntary dismissal in the

5    Ninth Circuit are clearly not applicable here. For example, the Ninth Circuit has found legal

6    prejudice where a plaintiff seeks to dismiss its case and bring it in another jurisdiction where the

7    statute of limitations has not run, *see Tibbetts ex rel. Tibbetts v. Syntex Corp.*, 996 F.2d 1227,

8    1993 WL 241567, *2 (9th Cir. 1993), where a plaintiff seeks to refile in state court to revive a

9    jury trial right that was forfeited in federal court, *see Koerner v. Aetna U.S. Healthcare, Inc.*, 92

10   F. App'x 394, 396 (9th Cir. 2003), and where the dismissal of a party would have led to the loss

11   of a federal forum and rendered the remaining parties unable to conduct sufficient discovery to

12   adequately defend themselves from fraud, *see Westlands*, 100 F.3d at 97. Here, in contrast,

13   Defendants are not prejudiced because Plaintiff does not seek to refile his claim in another court

14   but is instead seeking a dismissal with prejudice.

15         Moreover, while some discovery has occurred, the litigation has not reached such an

16   advanced stage as to make voluntary dismissal unreasonable.[1] Neither party has submitted a

17   motion on the merits of the case, and the parties have not begun trial preparation. Thus, there is

18   no plain legal prejudice that would result from the voluntary dismissal of Plaintiff's case with

19   prejudice.

20   **III.    CONCLUSION**

21         For the above reasons, Plaintiff respectfully requests that this Motion to Dismiss with

22   Prejudice be granted.

23

24

25   [1]    The discovery that has occurred has consisted of some document production, the
     deposition of Plaintiff, and the deposition of a third-party witness (Ned Segal). The depositions
26   of Plaintiff and Mr. Segal would have been needed regardless of whether this case had been
     brought because those depositions also related to other litigation and arbitrations the same
27   counsel on both sides are engaged in related to Elon Musk's acquisition of Twitter in 2022.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MARK SCHOBINGER,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan (SBN 310719)
*sliss@llrlaw.com*
Bradley Manewith (*pro hac vice*)
*bmanewith@llrlaw.com*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

Dated: January 28, 2025

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Twitter, Inc. and X Corp. via the CM/ECF system on January 28, 2025.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)
Case No. 3:23-cv-03007-VC