MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:     +1.714.830.0435
Fax:    +1.714.830.0700

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants | Case No. 3:23-CV-03007-VC<br><br>**DECLARATION OF ERIC MECKLEY IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND INHERENT POWER OF THE COURT**<br><br>Date:      March 27, 2025<br>Time:     10 a.m.<br>Judge:    Hon. Vince Chhabria |

**DECLARATION OF ERIC MECKLEY**

I, Eric Meckley, declare as follows:

1. I am a partner at Morgan, Lewis & Bockius LLP, attorneys of record for Defendant X Corp. ("Defendant" or "X"), on its own behalf and as successor in interest to Twitter, Inc. I submit this declaration in support of Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), 28 U.S.C. Section 1927, and Inherent Power of the Court. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. Defendant has incurred significant attorneys' fees and costs as a result of Plaintiff's and his counsel's unjustified and sanctionable conduct, including attorneys' fees and costs related to (1) Defendant's preparation for (including without limitation ESI discovery collection, review and production) and taking the depositions of Plaintiff Mark Schobinger and former Twitter Chief Financial Officer Ned Segal; (2) Defendant's researching, analyzing, opposing and arguing Plaintiff's reckless, bad faith and frivolous Rule 23 motion; (3) Defendant's reviewing, analyzing, and responding to Plaintiff's counsel's reckless, bad faith, last-ditch fishing expedition additional discovery requests and deposition notice, including, without limitation, its researching and preparation of a discovery-related joint-letter briefing to the Court concerning Plaintiff's additional discovery requests and deposition notice; (4) Defendant counsel's necessary communications with Plaintiff's counsel, Mr. Segal's counsel and Defendant regarding the litigation post-July 12, 2024; and (5) Defendant's researching, drafting and litigating this Motion as well as its Response to Plaintiff's Motion to Dismiss with Prejudice in an effort to evade sanctions. A further breakdown of the fees incurred from work by my firm, and required fee payments by X to another law firm, Sidley Austin, counsel for Mr. Segal in connection with this case, is as follows:

/ / /

/ / /

/ / /

/ / /

| Category of Work Resulting from Sanctionable Conduct | Attorneys[1] | Attorneys' Fees Amount |
|---|---|---|
| Work related to the deposition of Plaintiff Mark Schobinger, including without limitation a voluminous ESI review, document productions in connection with such deposition, deposition preparation, and attending and taking Plaintiff's deposition. | Eric Meckley<br>Ashlee Cherry<br>Leonard Impagliazzo | $28,413.00 |
| Fees paid by X pursuant to California Labor Code section 2802 and a fee advancement/indemnity agreement and policy to Sidley Austin LLP for work that X understands to involve their representation and defense of former X Chief Financial Officer Ned Segal in connection with his deposition in this case. | Multiple Sidley Austin attorneys | $286,159.50 |
| Work related to the deposition of former X Chief Financial Officer Ned Segal, including without limitation a voluminous ESI | Eric Meckley<br>Ashlee Cherry<br>Leonard Impagliazzo<br>Kassia Stephenson | $45,738.00 |

---

[1] Defendant has taken a conservative approach and excluded fees for certain individuals that, while necessary and appropriate to the litigation, were more minimal in amount and work scope in the context of the overall case.

| Category of Work Resulting from Sanctionable Conduct | Attorneys[1] | Attorneys' Fees Amount |
|---|---|---|
| review, document productions in connection with such deposition, deposition preparation, and attending and taking Segal's deposition. | | |
| Work related to defending against Plaintiff's Motion for Class Certification (ECF No. 84), including without limitation review and analysis of Plaintiff's moving papers, research of relevant case law (including without limitation on a multitude of choice of law and state law issues), external correspondence with client, internal correspondence with colleagues, drafting of opposition and supporting papers, collection and preparation of supporting exhibits, responding to Plaintiffs filing of sealed documents, filing an administrative motion to seal documents in support of Opposition, analysis of Plaintiff's | Eric Meckley<br>Brian Berry<br>Jonathan Lotsoff<br>Ashlee Cherry<br>Kassia Stephenson<br>Carolyn Corcoran<br>Hannah Fisher | $241,731.00 |

| Category of Work Resulting from Sanctionable Conduct | Attorneys[1] | Attorneys' Fees Amount |
|---|---|---|
| reply brief, drafting of administrative motion to file sur-reply in response to reply brief and research in support of the same, preparation for hearing on motion for class certification and attendance of hearing on motion, and review of Court's order denying motion. | | |
| Work related to Plaintiff's Discovery Requests After the Court's Order Denying Class Certification, including without limitation preparation and arguing of a joint discovery letter to the Magistrate Judge concerning Plaintiff's eleventh-hour discovery requests (ECF No. 111), external correspondence with opposing counsel and client, internal correspondence with colleagues, review of discovery responses and documents produced to date. | Eric Meckley  Jonathan Lotsoff  Ashlee Cherry  Leonard Impagliazzo  Kassia Stephenson  Hannah Fisher | $19,341.00 |
| Work related to Defendant's Motion for Sanctions, including | Eric Meckley  Jonathan Lotsoff | $57,645.00 |

| Category of Work Resulting from Sanctionable Conduct | Attorneys[1] | Attorneys' Fees Amount |
|---|---|---|
| without limitation research of relevant case law, analysis of pleadings and hearing transcripts, drafting of motion for sanctions, external correspondence with client, and internal correspondence with colleagues. | Ashlee Cherry<br>Kassia Stephenson | |
| Work related to general defense strategy and litigation tasks, including without limitation external correspondence with client and opposing counsel, and internal correspondence with colleagues; drafting of case management statements, stipulations and status updates to Court; and attending Court conferences. | Eric Meckley<br>Jonathan Lotsoff<br>Kassia Stephenson<br>Carolyn Corcoran<br>Hannah Fisher | $13,923.00 |
| Work related to Defendant's Response to Plaintiff's Motion to Dismiss with Prejudice, including without limitation research of relevant case law, drafting of response brief, external correspondence with client, and | Eric Meckley<br>Jonathan Lotsoff<br>Kassia Stephenson | $17,577.00 |

5

| Category of Work Resulting from Sanctionable Conduct | Attorneys[1] | Attorneys' Fees Amount |
|---|---|---|
| internal correspondence with colleagues. | | |

**Total:  $710,527.50**

3. Of the foregoing total amount, Defendant incurred approximately $241,731 in attorneys' fees and $289.35 in costs attributable to litigating and arguing Plaintiff's Rule 23 motion to certify a class and related proceedings.  Substantial work by several litigation team members was required for these tasks arising from Plaintiff's filings.  For example, Plaintiff sought to apply California law to a putative nationwide class including putative class members who worked in approximately thirty-six (36) different states.  Defendant's Opposition needed to address and explain why Plaintiff could not meet the Rule 23 requirements in relevant part because numerous material issues associated with his breach of contract and promissory estoppel claims were governed by myriad different laws of the states in which putative class members worked.[2]  *See* ECF 84 § V.A.  These complexities required significant legal research and analysis by a litigation team across several of the various states at issue, as well as substantial preparation for the oral argument.  Moreover, Defendant had to research, analyze and brief these issues under two distinct choice of law tests – California Civil Code Section 1646 as to contract interpretation issues, and the three-part Governmental Interest Test as to all other issues.  The Court's Order denying Plaintiff's class certification motion acknowledged these complex issues.  ECF 101, at 3 ("And Schobinger seeks to certify a nationwide class under California law, without regard to the obvious choice-of-law concerns that are implicated.").  Furthermore, Defendant filed an

---

[2] These varying state-specific issues included, for example, the admissibility and use of extrinsic evidence and differing standards for contractual ambiguity in contract interpretation matters; whether continued at-will employment constitutes legal consideration to support a contract; standards for contract modification or novation; applicability of the statute of frauds to Plaintiff's claims premised upon oral promises; the viability of promissory estoppel claims, particularly in the employment context; requirements for the clarity of a promise necessary to support a promissory estoppel claim; and the availability of a jury trial for promissory estoppel claims. *See* ECF 84, at 12-15.

administrative motion for leave to file a sur-reply in response to Plaintiff's improper reply brief to the Court, arguing that Plaintiff's reply (1) improperly attempted to amend the class definition; (2) made material misstatements that directly contradicted Defendant's Opposition briefing; and (3) contained new legal arguments. ECF 92. The foregoing amounts also include fees incurred on Defendant's motion to seal certain exhibits filed in connection with the briefing.

4. I have reviewed the applicable invoices and time records from which the above figures were generated. I believe that the attorneys' fees and costs reflected in Paragraphs 2 and 3 are reasonable and justified given the needs of the case, the issues presented, the billing rates charged, and the quality and quantity of the work performed. As discussed, the work related to the above generally included (1) time spent preparing for and taking the depositions of Plaintiff and one of Plaintiff's key fact witnesses, former CFO Ned Segal (repeatedly referenced by name in Plaintiff's complaint); (2) time spent analyzing Plaintiff's motion for class certification, conducting legal research, drafting the responsive briefing and supporting declarations, compiling the supporting exhibits and documents in support of Defendant's Opposition to Plaintiff's motion for class certification, and finalizing the papers for filing; (3) time spent preparing for and attending the hearing on Plaintiff's motion for class certification; (4) time spent reviewing and responding to Plaintiff's recent discovery requests, and drafting Defendant's portion of the joint discovery letter in response to Plaintiff's motion to compel discovery; (5) time spent communicating with Plaintiff's counsel, Mr. Segal's counsel, and my clients regarding all of the above, among other related tasks incident to litigation; (6) time spent drafting Defendant's Motion for Sanctions, including time spent conducting legal research, drafting the supporting declaration, and finalizing the papers for filing; and (7) time spent analyzing Plaintiff's Motion to Dismiss with Prejudice, conducting legal research, drafting the responsive briefing and supporting declaration, and finalizing the papers for filing.

5. My current normal hourly rate is $1,450. My colleague Jonathan Lotsoff's current normal hourly rate is $1,350. My colleague Brian Berry's current normal hourly rate is $1,350. My colleague Ashlee Cherry's current normal hourly rate is $1,085. My colleague Leonard Impagliazzo's current normal hourly rate is $875. My colleague Kassia Stephenson's current

normal hourly rate is $830.  My colleague Carolyn Corcoran's current normal hourly rate is $790.  My colleague Hannah Fisher's current normal hourly rate is $740.  Our team's respective standard hourly rates were slightly lower during 2024.  The fees set forth above were all calculated based upon a lesser blended hourly value of $630 for each hour billed by all timekeepers (hours worked can be derived from the above by dividing the totals in Paragraph 2 by $630).  The hourly rates charged (both the normal and as valued blended rate for this litigation) are comparable to the hourly rates charged by other law firms of like experience providing similar services.

6. As noted above, the fees that Defendant paid to Sidley Austin were made pursuant to a fee advancement/indemnity agreement and policy and as required by California Labor Code section 2802 for its representation of Twitter's former CFO Negal Segal in connection with his deposition in this matter.  Based upon the information in the Sidley Austin invoices, numerous Sidley Austin attorneys worked on these issues (including preparing Segal for and defending him during his deposition and reviewing documents and information related to the case), with hourly rates charges ranging from $590 to $2,100 per hour.

7. Defendant incurred necessary and reasonable costs associated with taking the Plaintiff's and Ned Segal's depositions.  Defendant incurred approximately $11,649.65 in costs for the deposition transcript fees, videographer fees, and cancellation fees incurred from Plaintiff's depositions.  Defendant incurred approximately $10,452 in costs for the deposition transcript fees and videographer fees for Ned Segal's deposition.  I verify that this represents actual costs as reflected by my firm's records and invoices to date.

8. The fees amount in Paragraphs 2 and 3 and costs in Paragraph 7 do not include the total full amount of attorneys' fees and costs incurred for post-filing matters, including without limitation further briefing and argument on this Motion for sanctions as well as on Plaintiff's Motion to Dismiss with Prejudice.  A supplemental declaration can be provided to reflect such additional fees and costs incurred once the briefing, argument and ruling on this motion and Plaintiff's dismissal request is completed.

///

9. The reasonable attorneys' fees and costs incurred by Defendant to date as a result of Plaintiff's and his counsel's sanctionable conduct for the work performed by my firm as reflected in Paragraphs 2, 3 and 7 is estimated to be at least approximately $424,368, with an additional $286,159.50 related to work performed by Sidley Austin as noted above, for a total of $710,527.50. Further documentation supporting Defendant's reasonable fees and costs incurred by my firm as a result of Plaintiff's and his counsel's sanctionable conduct can be provided *in camera* at the Court's request if further substantiation is needed.

10. In full compliance with Rule 11, my office served an advance copy of its Motion for Sanctions on Plaintiff's counsel on January 23, 2025. While not required by Rule 11, Defendant also served on Plaintiff the then-current draft copy of my supporting Declaration setting forth Defendant's attorneys' fees and costs incurred between July 12, 2024 and January 15, 2025. Attached hereto as **Exhibit 1** is a true and correct copy of the January 23, 2025 Rule 11 "safe harbor" letter and corresponding exhibits.

11. Attached hereto as **Exhibit 2** is a true and correct copy of the October 3, 2024, transcript from the hearing on Plaintiff's Motion for Class Certification.

12. Attached hereto as **Exhibit 3** is a true and correct copy of the October 25, 2024, transcript from the parties' further case management conference.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Signed on February 14, 2025 in San Francisco, California.

        */s/ Eric Meckley*
        Eric Meckley