EXHIBIT 3

1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3       Before The Honorable Vince Chhabria, District Judge

4

5  MARK SCHOBINGER,              )
                                 )
6          Plaintiff,            )
                                 )
7  vs.                           )   Case No. C 23-03007-VC
                                 )
8  TWITTER, INC., et al.,        )
                                 )
9          Defendants.           )
   _____)
10

11                              San Francisco, California
                                Friday, October 25, 2024
12

13  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 1:22 - 1:31 = 9 MINUTES
14

15  APPEARANCES:

16  For Plaintiff:
                              Lichten & Liss-Riordan, P.C.
17                            729 Boylston Street
                              Suite 2000
18                            Boston, Massachusetts 02116
                         BY:  SHANNON LISS-RIORDAN, ESQ.
19
    For Defendants:
20                            Morgan, Lewis & Bockius, LLP
                              One Market, Spear Street Tower
21                            San Francisco, California
                                94105
22                       BY:  ERIC MECKLEY, ESQ.
                         BY:  KASSIA A. STEPHENSON, ESQ.
23  Transcribed by:           Echo Reporting, Inc.
                              Contracted Court Reporter/
24                            Transcriber
                              echoreporting@yahoo.com
25

*Echo Reporting, Inc.*

2

1  <u>Friday, October 25, 2024</u>                    <u>1:22 p.m.</u>

2                  P-R-O-C-E-E-D-I-N-G-S

3                      --oOo--

4          THE CLERK:  Now calling Civil Case 23-3007,

5  Schobinger versus Twitter, Inc., et al.

6      Would counsel please state your appearances for the

7  record, starting with the Plaintiff.

8          MS. LISS-RIORDAN (via Zoom):  Shannon Liss-Riordan

9  for Plaintiff.

10         THE COURT:  Hello.

11         MR. MECKLEY (via Zoom):  Eric Meckley appearing on

12 behalf of Defendant.

13         THE COURT:  Hi.

14         MS. STEPHENSON (via Zoom):  Kassia Stephenson for

15 Defendant.

16         THE COURT:  Hi.

17     Okay.  So, what's happening now in this case?  Is Mr.

18 Schobinger continuing to pursue his breach of contract and

19 promissory estoppel claim?

20         MS. LISS-RIORDAN:  He is.

21         THE COURT:  Okay.  So, what -- the -- the next

22 thing we need to do I guess is set up a schedule for

23 Twitter's anticipated summary judgment motion?

24         MR. MECKLEY:  Yes, your Honor.  And one thing we

25 would like to build into that schedule is the opportunity

3

1   for enough time.  We're still considering whether to do a

2   Rule 11 motion, and I want to have the 21 days for that and

3   then, if necessary, the 35 days for hearing to resolve that

4   before we would set the deadline to file a summary judgment

5   motion.

6            THE COURT:  So, you're saying you want to -- you

7   want to build in time to consider a possible Rule 11 motion

8   before -- before we -- before we work up a summary judgment

9   motion?

10           MR. MECKLEY:  Yes.  And my understanding -- I

11  could be wrong, but my understanding is in the Ninth

12  Circuit, you do that before we file the summary judgment

13  motion and you can't do a Rule 11 motion after you've filed

14  for summary judgment.  That's --

15           THE COURT:  Is that right?

16           MR. MECKLEY:  -- my understanding of Ninth Circuit

17  law.

18           THE COURT:  Oh.  I didn't --

19           MR. MECKLEY:  That's my understand -- my

20  understanding of things.

21           THE COURT:  Huh.  I feel like -- I feel like I've

22  had at least one case where Rule -- where we did Rule 11

23  sanctions for filing a frivolous lawsuit after granting

24  summary judgment, but I -- I mean, I don't care.  I'm happy

25  to do it -- I'm happy to do it one way or the other.  I

4

1  mean, I assume that in a -- in a Rule 11 motion, you would

2  -- both sides would have the opportunity to submit whatever

3  evidence -- I mean, it wouldn't -- it wouldn't be that

4  different from a summary judgment motion in some ways,

5  right.  And then both sides would have every opportunity to

6  submit any evidence they have -- they may have in support of

7  their -- of the claims in an -- in an attempt to show that

8  the -- and, in particular, the Plaintiff would have an

9  opportunity to submit any evidence that they have in support

10 of the argument that the lawsuit was not objectively

11 baseless from the start and that it wasn't -- and that it

12 wasn't frivolous to continue the lawsuit upon the discovery

13 of these documents, right.

14       MR. MECKLEY:  I think the -- the standards

15 technically are different.  But, practically speaking, the

16 evidence would be very overlapping.

17       THE COURT:  Yeah.  And, so, the sanction you would

18 be asking for, I assume you'd be seeking sanctions both

19 against counsel and -- monetary sanctions both against

20 counsel and the -- the Plaintiff himself.  Would you also be

21 seeking dismissal of the action as a sanction?

22       MR. MECKLEY:  It would be dismissal with prejudice

23 as the -- the action, yeah.

24       THE COURT:  Yeah.  Okay.  Yeah.  That's -- that

25 sounds fine.  Do you want to just -- so, you haven't -- you

5

1  haven't decided whether you're going to file one or not, is

2  that the deal?

3          MR. MECKLEY:  Correct.  So, we're not 100 percent

4  committed to that right now.  We're just sort of evaluating

5  it and want to make sure we build enough time into the

6  schedule to allow for the potential for that before we would

7  have to file a summary judgment.

8          THE COURT:  Okay.  So, do you -- is all the

9  discovery complete?

10          MS. LISS-RIORDAN:  No, it's not.  In our initial

11  scheduling proposal -- I looked back at the docket -- I

12  don't think you actually put a full schedule into place.  We

13  had requested that --

14          THE COURT:  Just up to -- up to class

15  certification, right.

16          MS. LISS-RIORDAN:  Right.  We asked for discovery

17  to proceed until either 60 days after the opt out period or

18  60 days after the denial of class certification.  I think

19  Twitter asked for longer than that.  So, we haven't yet.  We

20  just did the discovery that we needed for class cert.

21          THE COURT:  So -- so, let's -- let's set a

22  discovery cutoff and a last day for dispositive -- for a

23  hearing on dispositive motions, and then, you know, Twitter

24  can file a Rule 11 motion whenever it wants.

25          So, what -- what -- Mr. Meckley, what do you -- when do

6

1  you want the fact discovery cutoff to be?  Will there be any

2  expert discovery in this?

3          MS. LISS-RIORDAN:  No.

4          MR. MECKLEY:  Not that we (Zoom glitch).

5          THE COURT:  Okay.  So, when does -- when -- Mr.

6  Meckley, when do you want the discovery cutoff to be?

7          MR. MECKLEY:  From Defendants' perspective, we've

8  done all the discovery we need to do.  So, I'm not sure what

9  Ms. Liss-Riordan wants to do, but that might inform when we

10 want the discovery to go.

11         THE COURT:  Probably feel pretty good with the

12 discovery you have now.

13         MR. MECKLEY:  It's the Plaintiff's deposition.

14         THE COURT:  Well, and the documents, the internal

15 documents.

16     So, what other discovery do you need, Ms. Liss-Riordan?

17         MS. LISS-RIORDAN:  Well, I'd like the 60 days that

18 I had requested initially.

19         THE COURT:  Okay.  So, discovery cutoff in roughly

20 two months?

21         MS. LISS-RIORDAN:  Yes.

22         THE COURT:  Okay.  Bhavna, when's that?

23     (Pause.)

24         THE CLERK:  December 23rd.

25         THE COURT:  All right.  Let's say -- let's call it

7

1    December 19th, discovery cutoff December 19th, and last day

2    for -- well, let's just schedule a hearing on Twitter's

3    summary judgment motion.

4              MR. MECKLEY:  And, your Honor, this is where I

5    think building in the time frame.  I'm -- I'm estimating 60

6    days after discovery cutoff if we were to do the Rule 11,

7    till after -- 21 safe harbor, 35 for the Court's normal

8    briefing schedule.  That's roughly 60.  So, that would take

9    us -- December 19, January, February 18.  So, I think the

10   earliest we -- we would be able to file all the summary

11   judgment motions in that scenario would be early March.  So,

12   if the Court was willing to set a hearing date sometime in

13   the second half of April, that would probably fit that time

14   frame.

15             THE COURT:  Okay.  We'll -- we'll have the --

16   we'll have it -- on April 17th will be the hearing on

17   Twitter's summary judgment motion.  And, I mean, I guess

18   it's sort of not clear to me why you can't just file a Rule

19   11 motion based on what you have now, but obviously I'll

20   leave that up to you, and that will be the schedule for now.

21   So, discovery cutoff is December 19th, and hearing on

22   Twitter's summary judgment motion will be April 17th.  Is

23   there anything else we can do for you all right now?

24             MR. MECKLEY:  Not from Defendant, your Honor.

25             THE COURT:  Okay.  All right.  Thank you.  Have a

8

1   good weekend.

2          MR. MECKLEY:  Thank you.  You too.

3       (Proceedings adjourned at 1:31 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Thursday, November 7, 2024