MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0435
Fax:   +1.714.830.0700

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DECLARATION OF ERIC MECKLEY IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>Date:     March 6, 2025<br>Time:    10 a.m.<br>Judge:   Hon. Vince Chhabria |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF ERIC MECKLEY
CASE NO. 3:23-cv-03007-VC

# DECLARATION OF ERIC MECKLEY

I, Eric Meckley, declare as follows:

1. I am a partner at Morgan, Lewis & Bockius LLP, attorneys of record for Defendant X Corp. ("Defendant" or "X"), on its own behalf and as successor in interest to Twitter, Inc. I submit this declaration in support of Defendant's Response to Plaintiff's Motion to Dismiss with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify thereto.

2. Plaintiff's counsel Shannon Liss-Riordan offered to dismiss this action *without* prejudice prior to the scheduled October 25, 2024, status conference with the Court. During a telephone conversation with me prior to the conference with the Court, Ms. Liss-Riordan asked me to confirm that our communications regarding a potential dismissal constituted settlement communications that were privileged and confidential under Federal Rule of Evidence ("FRE") 408. I confirmed that they were, and during the October 25 conference, neither party referenced these communications. On behalf of Defendant, on October 25, 2024, at approximately 10:41 am, I emailed Ms. Liss-Riordan and proposed a dismissal *with* prejudice *and* a provision that Defendant would recover its taxable costs pursuant to FRCP 54 and 28 U.S.C. section 1920. Plaintiff's counsel rejected Defendant's counter-proposal that same day. Following the status conference with the Court, Plaintiff served additional burdensome written discovery requests, noticed a deposition, and eventually pursued a motion to compel such discovery with the Magistrate Judge. As a result, Defendant was forced to spend additional time and money responding to this discovery, researching and preparing its portion of the joint letter briefing, engaging in further discovery meet and confer communications as ordered by the Magistrate Judge, and preparing its Sanctions Motion.

3. Prior to serving Plaintiff's counsel with the Rule 11 "safe harbor" letter providing Plaintiff with formal notice of Defendant's contemplated Sanctions Motion, on behalf of Defendant, I asked Ms. Liss-Riordan to re-confirm that the Parties' discussions regarding settlement, including regarding potential dismissal of this case, had been confidential pursuant to FRE 408, which Ms. Liss-Riordan confirmed in writing on January 23, 2025.

4. The law firm of Lichten & Liss-Riordan, P.C., counsel of record for Plaintiff in this matter, represents numerous of former X employees in other civil actions, and thousands of former X employees in arbitrations, that are pending against X. My firm is counsel of record in the defense of many of those lawsuits and arbitrations. Plaintiff's counsel has filed arbitration demands on behalf of many former employees asserting claims for the alleged nonpayment of the 2022 discretionary PBP performance bonus that is the very same 2022 PBP bonus at issue in this case. Plaintiff's counsel has used, and I anticipate will continue to use, Plaintiff's testimony from prior arbitrations in the ongoing arbitrations, and will likely seek additional testimony or assistance from Plaintiff in those particular matters that involve claims for breach of contract and promissory estoppel for the alleged failure to pay the 2022 PBP bonus.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Signed on February 14, 2025, in San Francisco, California.

                                                */s/ Eric Meckley*
                                                 Eric Meckley