Shannon Liss-Riordan (SBN 310719)
sliss@llrlaw.com
Bradley Manewith (*pro hac vice*)
bmanewith@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

*Attorneys for Plaintiff Mark Schobinger*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK SCHOBINGER, | Case No. 3:23-cv-03007-VC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CHANGE HEARING DATE** |
| v. | |
| TWITTER, INC. and X CORP., | |
| Defendants. | |

Pursuant to Local Rule 6-3(b), Plaintiff Mark Schobinger hereby opposes Defendants' administrative motion to reschedule the March 6, 2025, hearing on Plaintiff's Motion to Dismiss with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 115). On January 23, 2025, counsel for Defendants Twitter, Inc. and X Corp. ("Twitter") sent Plaintiff's counsel a letter providing notice of Twitter's intent to file a motion seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's Inherent Power. In compliance with Rule 11's 21-day "safe harbor" provision, Plaintiff promptly filed a Motion to Dismiss within five days of receiving Twitter's notice. In his motion, Plaintiff sought to dismiss this action with prejudice, ensuring that Twitter will suffer no "legal prejudice" that would counsel against dismissal. Notwithstanding Plaintiff's prompt compliance with Rule 11's safe harbor provision, Twitter proceeded to file a Motion for Sanctions on February 14, 2025 (ECF No. 119). Twitter concurrently filed an opposition to Plaintiff's Motion to Dismiss. (ECF No. 120). Plaintiff's deadline to submit a reply brief in support of his Motion to Dismiss is February 25, 2025, and his deadline to submit an opposition to Twitter's Motion for Sanctions is February 28, 2025.

Twitter's two briefs filed on February 14, 2025, conflate the issues presented by the two motions currently pending before the Court. In fact, most of Twitter's opposition to Plaintiff's Motion to Dismiss is devoted to presenting arguments to the Court as to why Twitter's sanctions motion should be granted—ostensibly using the pages of its Motion to Dismiss opposition to make additional arguments that should have been raised in its Motion for Sanctions.

Twitter's obfuscation notwithstanding, Plaintiff's Motion to Dismiss and Twitter's Motion for Sanctions present distinct issues. As noted in Plaintiff's Motion, courts adjudicate voluntary motions to dismiss under Rule 41(a)(2) by determining whether the defendant will suffer "legal prejudice" from dismissal; this is a forward-looking inquiry that evaluates whether dismissal would prejudice "some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Twitter's Motion for

Sanctions, on the other hand, seeks remedies for purported past harms. Furthermore, Twitter's response to Plaintiff's Motion to Dismiss raises the distinct issue of whether the Court may award costs and fees as a condition of voluntary dismissal, which Plaintiff will respond to in his reply brief. Plaintiff requests the benefit of a full separate hearing on his Motion to Dismiss so that these issues can be sufficiently addressed – without Twitter conflating the issues raised in its Motion for Sanctions.

Further, the outcome of Plaintiff's Motion to Dismiss may affect the Court's adjudication of Twitter's Motion for Sanctions. For instance, voluntary dismissal of Plaintiff's claim within the safe harbor period essentially moots Twitter's Rule 11 arguments. *See Gomes v. Am. Century Cos.*, 2010 WL 1980201, at *3 (E.D. Cal. May 17, 2010) ("Under Rule 11, if a plaintiff voluntarily dismisses the action during the safe harbor period they will not be subject to monetary sanctions."); *Westerkamp v. Mueller*, 2023 WL 3792739, at *4 (D. Ariz. June 2, 2023) ("[O]nce Plaintiff moved for voluntary dismissal, Defendant was precluded from filing the Rule 11 motion."). Plus, while 28 U.S.C. § 1927 and the Court's Inherent Power have no safe harbor provision, voluntary dismissal within the safe harbor period is undoubtedly a factor to consider in deciding whether to issue sanctions pursuant to these authorities. *See Pham v. Talkdesk, Inc.*, 2023 WL 6892582, at *3 (C.D. Cal. Sept. 29, 2023) ("[W]here the non-moving party fully complies with the safe harbor provision, the Court generally declines to impose sanctions under § 1927 or its inherent authority absent some unique or extraordinary circumstances."); *Bellistri v. U.S., Drug Enf't Agency*, 1998 WL 337884, at *1 (S.D.N.Y. June 25, 1998) (cautioning that sanctioning via § 1927 a Rule 11-compliant party may "undermine the safe harbor provision of Rule 11 by essentially reading it out of the Rule"). Accordingly, the parties will benefit from arguing Twitter's Motion for Sanctions after the issues presented by Plaintiff's Motion to Dismiss have been addressed.

To ensure that the discrete issues presented by each motion may be fully addressed, and because the outcome of Plaintiff's Motion to Dismiss may affect the adjudication of Twitter's

1  Motion for Sanctions, Plaintiff requests that the Court maintain the current hearing schedule for
2  these motions.

                                      Respectfully submitted,

                                      MARK SCHOBINGER,

                                      By his attorneys,

                                      /s/ Shannon Liss-Riordan
                                      Shannon Liss-Riordan (SBN 310719)
                                      *sliss@llrlaw.com*
                                      Bradley Manewith (*pro hac vice*)
                                      *bmanewith@llrlaw.com*
                                      Lichten & Liss-Riordan, P.C.
                                      729 Boylston Street, Suite 2000
                                      Boston, MA 02116
                                      Tel: (617) 994-5800
                                      Fax: (617) 994-5801

Dated: February 24, 2025

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Twitter, Inc. and X Corp. via the CM/ECF system on February 24, 2025.

<u>/s/ Shannon Liss-Riordan</u>
Shannon Liss-Riordan