MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0435
Fax:   +1.714.830.0700

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OVERSIZE BRIEFS ON DEFENDANT'S (1) MOTION FOR SANCTIONS AND (2) RESPONSE TO PLAINTIFF'S MOTION TO DISMISS, *NUNC PRO TUNC*, OR, IN THE ALTERNATIVE, TO SUBSTITUTE 15-PAGE BRIEFS** |

Pursuant to Civil Local Rule 7-11, Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("Defendant" or "X Corp."), submits this Administrative Motion for Leave to File Oversize Briefs on Defendant's (1) Motion For Sanctions, and (2) Response Brief to Plaintiff's Motion To Dismiss, *Nunc Pro Tunc*, or, in the Alternative, to Substitute 15-Page Briefs.

On February 14, 2025, Defendant filed both its Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and Inherent Power of the Court (the "Sanctions Motion") (ECF No. 119), and its response to Plaintiff's Motion to Dismiss with Prejudice (the "Response Brief") (ECF No. 120). Consistent with Northern District of California, Civil L.R. 7-2(b) and 7-4(b), Defendant's Sanctions Motion was 25 pages long and its Response Brief was 24 pages long. Declaration of Eric Meckley ("Meckley Decl."), ¶ 2. Defendant inadvertently exceeded the 15-page limit provided by this Court's Standing Order for Civil Cases, which differs from the district's local rules and provides that, generally, briefs in response to substantive motions may not exceed 15 pages (with the exception summary judgment motions, class certification motions, motions for approval of class settlements, and motions in patent cases). *Id.*, ¶ 3. Defendant respectfully apologizes for exceeding the page limits in this Court's standing order.

Defendant was made aware of its oversized filings upon reviewing Plaintiff's briefing in response to the same, which each noted the issue in a footnote (ECF Nos. 125 & 126). Meckley Decl., ¶ 4. On February 26, 2025, the day after Plaintiff had filed his reply in support of his Motion to Dismiss, Defendant's counsel contacted Plaintiff's counsel and acknowledged that the oversized briefs were an inadvertent error. *Id.* Defendant proposed stipulating to the oversized Response Brief and also stipulating to provide Plaintiff additional pages for his forthcoming opposition to Defendant's Sanctions Motion (which opposition Plaintiff subsequently filed on Friday, February 28, 2025, ECF No. 126), noting that Defendant was open to discuss other accommodations that Plaintiff might prefer. *Id.* Plaintiff's counsel responded in relevant part that Plaintiff would consent to such an arrangement, "but only so long as the two separate hearing dates are maintained for these [Dismissal and Sanctions] motions." *Id.* Defendant's counsel responded in relevant part that this Court had already consolidated the hearings on the two pending motions on March 27, 2025 (ECF Nos. 123 & 124), which Defendant was not proposing to undo. *Id.* However, Defendant's counsel

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1

DEFENDANT'S ADMINISTRATIVE
MOTION FOR LEAVE *NUNC PRO TUNC*
CASE NO. 3:23-cv-03007-VC

again offered to stipulate to allowing Plaintiff additional pages for his opposition to its Sanctions Motion and, if Plaintiff wished, to stipulate to continue the combined March 27 hearing date and/or the deadlines for Plaintiff's opposition and Defendant's reply in support of its Sanctions Motion. *Id.* Plaintiff's counsel acknowledged that the Court had consolidated the foregoing hearings, stated that Plaintiff did not need additional pages for Plaintiff's Opposition to its Sanctions Motion, and was unwilling to stipulate. *Id.*

This Court has discretion to grant Defendant's request for leave to file oversized briefs, *nunc pro tunc*, including for an inadvertent deviation from this Court's standing orders. *See, e.g., Sanbrook v. Off. Depot, Inc.*, No. C-07-05938RMW, 2009 WL 840020, at *1 (N.D. Cal. Mar. 30, 2009) (district court used its discretion to grant motion to file excess pages *nunc pro tunc* after oversized brief had been filed); *Albany Lime & Cement Co. v. Scottsdale Ins. Co.*, 2008 WL 11342569, at *1 (M.D. Ga. Mar. 31, 2008) ("Defense counsel notes that he inadvertently failed to request leave to file additional pages in the Reply brief. […] Defendant requests leave to file an oversize brief *nunc pro tunc*. […] For good cause shown, Defendant's request is hereby **GRANTED**."); *Colbond, Inc. v. N. Am. Green, Inc.*, 2000 WL 33422746, at *5 (W.D.N.C. May 8, 2000) (granting motion to enlarge the page limitations, *nunc pro tunc*); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 217 F.R.D. 296, 297 (D. Conn. 2002) ("Defendant seeks leave to file a reply brief in excess of ten pages. […] Leave is granted *nunc pro tunc* to do so.").

Here, good cause exists to grant Defendant's request. Defendant's filing of oversized briefs was inadvertent, the briefs did comply with the page limits in the Northern District Civil Local Rules, and upon realizing its briefs were oversize under the Standing Order, Defendant attempted to resolve the issue by promptly contacting Plaintiff's counsel to propose corrective measures including allowing Plaintiff additional pages and/or extensions for Plaintiff's briefing. *See* Meckley Decl., ¶¶ 2-4. In response, Plaintiff indicated that he did not need these accommodations. As a result, Plaintiff suffers no prejudice from the Court allowing Defendant leave to file these oversized briefs.

Defendant acknowledges that, per the Court's Standing Order, "[m]otions to increase page limits will almost never be granted" and that any such motions should be made 72 hours before the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S ADMINISTRATIVE
MOTION FOR LEAVE *NUNC PRO TUNC*
CASE NO. 3:23-cv-03007-VC

brief is due. Defendant respectfully requests an exception under these circumstances. Alternatively, Defendant requests that the Court grant leave to refile versions of each brief within the 15-page limit. *See, e.g., Elec. Frontier Found. v. C.I.A.*, 2012 WL 1123529, at *1 (N.D. Cal. Apr. 3, 2012) (denying motion to file oversized brief but allowing parties "the opportunity to file briefs that conform to the local rules"); *United States ex rel. Aquino v. Univ. of Miami*, No. 14-20372-CIV, 2018 WL 3814517, at *5 (S.D. Fla. Aug. 10, 2018) (denying motion to enlarge the page limit, but granting motion to substitute oversized filing with a "condensed version").

Dated: March 5, 2025      MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Eric Meckley
Eric Meckley
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP. as Successor in Interest TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S ADMINISTRATIVE
MOTION FOR LEAVE *NUNC PRO TUNC*
CASE NO. 3:23-cv-03007-VC