MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:     +1.714.830.0435
Fax:    +1.714.830.0700

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND INHERENT POWER OF THE COURT**<br><br>Date:      March 27, 2025<br>Time:     10:00 a.m.<br>Judge:    Hon. Vince Chhabria |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1     **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2     **PLEASE TAKE NOTICE** that on March 27, 2025, at 10:00 a.m. or as soon thereafter as

3 may be heard in Courtroom 4 on the 17th Floor of the United States Courthouse, located at 450

4 Golden Gate Avenue, San Francisco, California 94102, Defendant X Corp. as successor in

5 interest to Defendant Twitter, Inc., will, and hereby does, move this Court for an order imposing

6 sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11, and 28 U.S.C. Section 1927

7 ("Section 1927"), and the Court's inherent power, as follows:

8     1.     Defendant requests that the Court order sanctions against Plaintiff and his counsel

9 pursuant to Rule 11, for filing and continuing to litigate Plaintiff's frivolous Rule 23 motion for

10 class certification and reply brief filings, despite receiving documents that Defendant produced

11 during discovery on July 12, 2024 revealing that Plaintiff's claims lack any merit. Defendant

12 requests an award of all attorneys' fees and costs that it has incurred in connection with such

13 filings.

14     2.     Defendant requests that the Court order sanctions against Plaintiff's counsel

15 pursuant to Section 1927 for Plaintiff's counsel's reckless and bad faith conduct, and

16 unreasonable and vexatious multiplying of this proceeding since receiving documents that

17 Defendant produced during discovery on July 12, 2024, revealing that Plaintiff's claims lack any

18 merit. Defendant requests an award of all attorneys' fees and costs that it has incurred since July

19 12, 2024, and that it continues to incur in this case going forward.

20     3.     Defendant requests that the Court order sanctions against Plaintiff and his counsel

21 pursuant to the Court's inherent power, based on their reckless and bad faith conduct that has

22 undermined the integrity of this proceeding. Defendant requests an award of all attorneys' fees

23 and costs that it has incurred since July 12, 2024, and that it continues to incur going forward.

24     4.     Defendant respectfully requests that this action be dismissed with prejudice

25 pursuant to Rule 11 and/or the Court's inherent power, based on Plaintiff's and his counsel's bad

26 faith conduct that has undermined the integrity of this judicial proceeding.

27     Defendant's Motion for Sanctions is based on this Notice of Motion, the Memorandum of

28 Points and Authorities, the Declaration of Eric Meckley, the pleadings and briefing on file with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1  the Court and such arguments and admissible evidence as may be presented at the hearing.

2  Dated: March 14, 2025                    MORGAN, LEWIS & BOCKIUS LLP

3                                    By    /s/ Eric Meckley
                                          Eric Meckley
4                                          Brian D. Berry
                                          Jonathan D. Lotsoff
5                                          Ashlee N. Cherry
                                          Attorneys for Defendant X CORP.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                    DEFENDANT'S MOTION FOR SANCTIONS
                     CASE NO. 3:23-cv-03007-VC

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   RELEVANT FACTUAL BACKGROUND ...................................................... 2

   A.    Plaintiff Repeatedly Advised Defendant Not to Pay the Bonus He Sought Here. ................................................................................. 2

   B.    Plaintiff and His Counsel Seek Class Certification Despite All Such Evidence. .............................................................................. 4

   C.    Plaintiff Insisted on Further Harassing Discovery and Litigation. ......... 6

   D.    Plaintiff Belatedly Moved to Dismiss with Prejudice Pursuant to Rule 41(a)(2). ................................................................ 7

III.  ARGUMENT ................................................................................................... 7

   A.    The Court Should Grant Defendant's Sanctions Motion Pursuant to Rule 11. ...................................................................... 7

   B.    The Court Should Award Sanctions Pursuant to 28 U.S.C. § 1927. .................... 10

   C.    The Court Should Grant Sanctions Pursuant to the Court's Inherent Power. ........ 11

   D.    The Court Should Order Dismissal of the Action With Prejudice. ................ 12

   E.    Plaintiff Cannot Avoid Monetary Sanctions By Seeking A Voluntary Dismissal. ........... 13

IV.   CONCLUSION ............................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adriana Int'l Corp. v. Thoeren*,
5      913 F.2d 1406 (9th Cir. 1990).................................................................................................. 13

6
*Anheuser-Busch, Inc. v. Nat. Bev. Distrib.*,
7      69 F.3d 337 (9th Cir. 1995)............................................................................................... 12, 13

8
*Chambers v. NASCO, Inc.*,
      501 U.S. 32 (1991) .......................................................................................................... 11, 12

9
*Chavez v. Wal-Mart Stores Inc.*,
10     2014 WL 12591672 (C.D. Cal. Nov. 14, 2014)................................................................... 15

11
*Combs v. Rockwell Int'l Corp.*,
      927 F.2d 486 (9th Cir. 1991)............................................................................................. 12, 13
12

13
*Cooter & Gell v. Hartmarx Corp.*,
      496 U.S. 384 (1990).......................................................................................................... 13, 14

14
*Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
15     2003 WL 22227956 (S.D.N.Y. Sept. 26, 2003)...................................................................... 8

16
*Diaz v. Messer*,
17     742 F. App'x 250 (9th Cir. 2018) ......................................................................................... 10

18
*Edwards v. Gen. Motors Corp.*,
      153 F.3d 242 (5th Cir. 1998)................................................................................................. 11

19
*El-Dada v. Oil Mart Corp.*,
20     1995 WL 562125 (N.D. Ill. Sept. 20, 1995) .......................................................................... 8

21
*EscapeX IP LLC v. Google LLC*,
      2024 WL 557729 (N.D. Cal. Feb. 12, 2024)........................................................................ 10
22

23
*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
      655 F. Supp. 3d 899 (N.D. Cal. 2023) ............................................................................... 2, 11

24
*Fink v. Gomez*,
25     239 F.3d 989 (9th Cir. 2001)............................................................................................ 11, 12

26
*Gallego v. Hunts & Henriques, CLP*,
      2020 WL 5576134 (N.D. Cal. Sept. 17, 2020) ...................................................................... 9

27
*Hendrix v. Wayne Napthal & First Family Homes*,
28     971 F.2d 398 (9th Cir. 1992)........................................................................................ 2, 8, 9, 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

*Insta Ent., Inc. v. Bizzy Ent., Inc.*,
No. CV 10-632 SVW (EX), 2010 WL 11597511 (C.D. Cal. July 20, 2010) .......................... 8

*Ke v. J R Sushi 2 Inc.*,
2022 WL 1496576 (S.D.N.Y. Feb. 7, 2022), *report and recommendation
adopted*, 2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) .......................................... 14

*In re Keegan Mgmt. Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) .............................................................. 10

*Kendrick v. Zanides*,
609 F. Supp. 1162 (N.D. Cal. 1985) ............................................. 8, 9, 11, 12

*Lahiri v. Universal Music & Video Distribution Corp.*,
606 F.3d 1216 (9th Cir. 2010) ........................................................ 10

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006)........................................... 12, 13, 14, 15

*Lotito v. Knife River Corp.*,
391 S.W.3d 226 (Tex. App. 2012) ....................................................... 6

*MHC Inv. Co. v. Racom Corp.*,
323 F.3d 620 (8th Cir. 2003) .......................................................... 8

*Mireskandari v. Assoc. News., Ltd.*,
665 F. App'x 570 (9th Cir. 2016) ..................................................... 14

*Nursing Home Pension Fund v. Oracle Corp.*,
254 F.R.D. 559 (N.D. Cal. 2008) ...................................................... 13

*Orian v. Fed'n Int'l des Droits de L'Homme*,
2011 WL 13220921 (C.D. Cal. Dec. 13, 2011) ......................................... 14

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
339 F. Supp. 2d 1081 (E.D. Cal. 2004), *aff'd*, 457 F.3d 963 (9th Cir. 2006) .......... 8

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) ................................................................. 11

*S. Bravo Sys., Inc. v. Containment Techs. Corp.*,
96 F.3d 1372 (Fed. Cir. 1996) ......................................................... 8

*Smith v. Lenches*,
263 F.3d 972 (9th Cir. 2001)......................................................... 14

*Sneller v. City of Bainbridge Island*,
606 F.3d 636 (9th Cir. 2010).......................................................7, 10

ii

*Song v. Drenberg*,
    2021 WL 4846779 (N.D. Cal. Oct. 18, 2021) ........................................................................ 14

*Strike 3 Holdings, LLC v. Doe*,
    2019 WL 935389 (E.D. Cal. Feb. 26, 2019) ......................................................................... 14

*Thomas v. Early Cty.*,
    GA, 360 F. App'x 71 (11th Cir. 2010) .................................................................................. 14

*Townsend v. Holman Cons. Corp.*,
    929 F.2d 1358 (9th Cir. 1990) ......................................................................................... 7, 8

*Truesdell v. So. Cal. Permanente Med. Grp.*,
    293 F.3d 1146 (9th Cir. 2002) ............................................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................................... 6

**Statutes**

28 U.S.C. § 1927 ............................................................................................................... *passim*

**Other Authorities**

Federal Rule of Evidence 408 .................................................................................................. 7

Rule 11 ............................................................................................................................ *passim*

Rule 11(b) ................................................................................................................................ 8

Rule 11(c)(1) ........................................................................................................................... 7

Rule 11(c)(2) ........................................................................................................................... 7

Rule 11(c)(4) ......................................................................................................................... 10

Rule 16(f) .............................................................................................................................. 14

Rule 23 ............................................................................................................................ *passim*

Rule 23(a) ................................................................................................................................ 6

Rule 41(a)(1)(i) ..................................................................................................................... 14

Rule 41(a)(1)(A) ................................................................................................................... 15

Rule 41(a)(2) ............................................................................................................ 2, 7, 13, 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

## I.    INTRODUCTION

During the October 3, 2024 hearing on Plaintiff's motion for class certification, the Court asked Plaintiff's counsel to "take a step back here and just reflect on the fact that your client has filed a lawsuit claiming that it was a breach of contract not to pay him a bonus that he recommended that the company not pay."  *See* Declaration of Eric Meckley in support of this Motion ("Meckley Decl."), Ex. 2 (October 3, 2024, Motion for Class Certification Hearing Transcript) (hereinafter "Hr'g Tr."), ECF No. 98, at 6:8-11.  On July 12, 2024, Defendant X Corp. produced documents that were no secret to Plaintiff as their author, which clearly showed him *repeatedly* advising Twitter that it *should not*, and *was not obligated to*, pay the challenged bonuses.

Plaintiff disclosed none of this to the Court in his Complaint or his motion to certify a class. During the hearing on class certification, the Court observed that "there is a question of whether [Plaintiff] committed perjury in his deposition," and that Plaintiff's counsel may "have put him in legal jeopardy."  Hr'g Tr. at 11:19-21, 12:21-25.  The Court also noted that "the actual evidence" produced in discovery was "very different from what [Plaintiff] alleged in the complaint," and that these facts "strongly indicate[d] *that [Plaintiff] has no breach of contract claim; that he is going to lose.*"  *Id.* at 4:14-16, 9:13-14 (emphasis added).  The Court asked Plaintiff's counsel when she learned of these documents, including if it was *before* filing the lawsuit.  *Id.* at 13:1-3.  Plaintiff's counsel responded evasively that she could not recall "exactly when [she] saw what[.]"  *Id.* at 13:4-5.  The Court observed that "*99 percent of Plaintiffs' lawyers […] once they saw these documents […] would have immediately either dropped the case or scrambled to find a different Plaintiff*" and "*the fact that that wasn't done here speaks volumes.*"  *Id.* at 18:13-23 (emphasis added).

Unlike "99 percent of plaintiff's lawyers," Plaintiff's counsel "doubled down" on pursuing meritless claims on behalf of Plaintiff *and* a putative class.  In its October 16, 2024 Order denying their Rule 23 class certification motion, the Court found Plaintiff's explanations for his repeated prior admonitions *against* paying 2022 bonuses to be "convoluted" and likely "untrue" given the evidence.  ECF 101.  Defendant previewed at the October 25, 2024 case management conference ("CMC") that it planned to seek sanctions against Plaintiff and his counsel.  October 25, 2024 CMC Transcript ("CMC Tr."), ECF 110 at 2-5.  Yet Plaintiff and his counsel *still* pursued their baseless

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1    claims for *over three more months*, including serving burdensome discovery and deposition notices,

2    and filing a motion to compel discovery.  Their Motion to Dismiss with Prejudice pursuant to Rule

3    41(a)(2) on January 28, 2025 (the "Dismissal Request") (ECF 115) is "too little, too late," as

4    discussed below and in Defendant's response to that motion ("Response to Dismissal Request").

5    Sanctions also provide critical deterrence.   Plaintiff's counsel has asserted claims to recover

6    bonuses on behalf of many other employees in arbitration, and (unsuccessfully) sought to substitute

7    a plaintiff in this Court.  His counsel has used Plaintiff's testimony from prior arbitrations in various

8    ongoing arbitrations, and likely will seek to use his tainted deposition testimony or other assistance

9    from him in any future bonus claim proceedings, even though he was a key architect of the bonus

10    decision being challenged.  Defendant thus seeks the following sanctions:

11          <u>First</u>, Rule 11 sanctions against Plaintiff and his counsel for filing and litigating Plaintiff's

12    frivolous Rule 23 class certification motion and reply brief, including all attorneys' fees and costs

13    Defendant has incurred in connection with such filings;

14          <u>Second</u>, sanctions against Plaintiff's counsel pursuant to Section 1927 for counsel's

15    unreasonable and vexatious multiplying of this proceeding since receiving the documents that

16    Defendant produced on July 12, 2024, including all attorneys' fees and costs that Defendant has

17    incurred since that date and continues to incur going forward;

18          <u>Third</u>, sanctions against Plaintiff and his counsel pursuant to the Court's inherent power, in

19    the same amounts as those sought under Section 1927 against Plaintiff's counsel; and

20          <u>Fourth</u>, dismissal of this case with prejudice *in addition* to awarding monetary sanctions.[1]

21    **II.    RELEVANT FACTUAL BACKGROUND**

22          **A.    Plaintiff Repeatedly Advised Defendant Not to Pay the Bonus He Sought Here.**

23          Plaintiff asserted breach of contract and promissory estoppel claims alleging that Defendant

---

[1] The Declaration of Eric Meckley sets forth the estimated attorneys' fees and costs Defendant incurred between July 12, 2024 and February 14, 2025 "because of the misconduct at issue." *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 935 (N.D. Cal. 2023).  As this Court noted, "[t]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection," and courts need not "become green-eyeshade accountants".  *Id.* Further support can be provided *in camera*.  Per Rule 11, Defendant served a copy of this Motion and, while not required, the Meckley Declaration, on Plaintiff's counsel on January 23, 2025, more than 21 days before filing this Motion.  Meckley Decl. ¶ 10, Ex. 1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                    DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1    promised and then failed to pay discretionary 2022 annual bonuses.  ECF 1, 37, 43.  He alleges he

2    relied on this purported promise and stayed at Twitter through the first quarter of 2023.  *See id.*

3    Plaintiff was Twitter's Senior Director of Compensation, a high-level role that gave him material

4    input and insight into the decision-making behind the payment of this bonus.  *See* ECF 87 at 10.

5        On July 12, 2024, Defendant produced documents showing that Plaintiff *repeatedly* advised

6    that Twitter *should not* pay the 2022 bonus and that it was *not obligated* to pay it, including per the

7    terms of the bonus plan that *he* helped draft.  *See, e.g.*, ECF 84-11, 84-17, 84-18 (Pl. Dep. Exs. 13,

8    22, 23).[2]  For example, on October 19, 2022, Plaintiff wrote to another executive that "[t]he [bonus]

9    plan does not specifically contemplate a change of control," and that it was "really unclear to

10   [Plaintiff] if the bonus plan would permit paying out."  ECF 84-10 (Pl. Dep. Ex. 12) (X-

11   SCHOBINGER_00000082).  On November 30, 2022, Plaintiff wrote to Twitter's Head of People

12   Experience that Elon Musk had discretion whether to pay the bonus, and recommended that the

13   Company *not* pay it.  ECF 84-11 (Pl. Dep. Ex. 13) (X-SCHOBINGER_00000083) ("The logical

14   outcome *suggests we would not pay out FY22 bonuses* due to the current environment and the

15   severe underperformance to plan.  So you know, *that is what I recommended previously (when we*

16   *were still public)*") (emphasis added).

17       Plaintiff emailed a Twitter executive on February 13, 2023, stating that "*exercising*

18   *discretion and not paying a bonus would be prudent*" and that the "*optics of paying are not good*"

19   given the Company's precarious financial position.  ECF 84-17 (Pl. Dep. Ex. 22) (X-

20   SCHOBINGER_00000133) (emphasis added).  His email attached his "white paper" to Twitter

21   executives explaining that the bonus plan allowed Twitter the absolute discretion not to pay the

22   bonus.  *See* ECF 84-18 (Pl. Dep. Ex. 23) (X-SCHOBINGER_00000125-131).  At her August 23,

23   2024 deposition, Twitter's former Human Resources manager corroborated that Plaintiff himself

24   told Elon Musk in a January 2023 meeting that Twitter should *not* pay the bonus.  ECF 84-6

25   (Marcotte Dep. at 90:20-91:12) ("I recall Mark Schobinger saying out loud to the group that we

26   should not pay out – that Elon had no obligation to pay out performance bonus plans.").

27   _____

28   [2] These documents were marked as exhibits during Plaintiff's deposition and were submitted as
     exhibits to the Declaration of Brian D. Berry (ECF 84-2) in support of Defendant's Opposition to
     Plaintiff's Motion for Class Certification.  *See* ECF 84.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    DEFENDANT'S MOTION FOR SANCTIONS
                     CASE NO. 3:23-cv-03007-VC

1       Despite this evidence, Plaintiff and his counsel plowed ahead with this litigation.  The

2   Company therefore deposed Plaintiff on July 15, 2024 and August 2, 2024, and, on September 5,

3   2024, deposed Twitter's former Chief Financial Officer, Ned Segal, who Plaintiff alleged had made

4   the promises to pay bonuses.  Neither Plaintiff's nor Segal's deposition testimony contradicted the

5   foregoing evidence.  Rather, Plaintiff and Segal admitted that no one, including Segal, promised

6   that bonuses would be paid separate and apart from, or independent of, the full terms and conditions

7   of the discretionary bonus plan, thus completely undercutting the merits of Plaintiff's claims.  *See*

8   ECF 84-7 (Pl. Dep. at 99:25-100:23, 103:12-22); ECF 84-3 (Segal Dep. at 128:3-18).

9       **B.      Plaintiff and His Counsel Seek Class Certification Despite All Such Evidence.**

10      Turning a blind eye to this evidence, on August 23, 2024, Plaintiff moved to certify a

11  nationwide class brazenly challenging "Twitter's refusal to pay employees their 2022 bonus".  ECF

12  75.  Defendant filed its Opposition on September 19, 2024, highlighting his repeated admonitions

13  not to pay the bonus.  ECF 84.  Plaintiff replied on September 23, 2024, arguing that his executive

14  recommendations somehow were "not relevant" and that, "regardless of what he said, the company

15  had promised to pay the bonus, and as an employee he expected it to be paid."  ECF 87.

16      At the October 3, 2024 class certification hearing, the Court observed: "Your client claims

17  that he was promised a bonus in May-August of '22.  *Your client recommended several times after*

18  *that that the company should not pay the bonus, and now your client is suing claiming that the*

19  *company breached the May-August contract not to give him the bonus*."  ECF 98, Hr'g Tr. 6:23-

20  7:2 (emphasis added), 6:11-14, 2:23-3:4, 3:10-19.  It noted that "the *actual* evidence is very

21  different from what [Plaintiff] alleged in the complaint[,]" and that the evidence "strongly

22  indicate[d] that *[Plaintiff] has no breach of contract claim; that he is going to lose*."  *Id.* 9:13-14

23  (emphasis added), 4:3-16, 21-22 (emphasis added), 3:10-22, 9:10-10:7.  The Court challenged

24  Plaintiff's typicality and adequacy to represent the purported class, and highlighted the audacity of

25  this lawsuit, asking Plaintiff's counsel to "take a step back here and just reflect on the fact that [her]

26  client has filed a lawsuit claiming that it was a breach of contract not to pay him a bonus *that he*

27  *recommended that the company not pay*."  *Id.* 3:23-4:22, 6:8-10 (emphasis added), 7:3-7, 8:25-10:7.

28      Plaintiff's counsel claimed Plaintiff made his repeated incriminating statements because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                              DEFENDANT'S MOTION FOR SANCTIONS
                               CASE NO. 3:23-cv-03007-VC

"[h]e was asked, [to] put together different scenarios so that Mr. Musk can make the decision of what to do; and he responded to the directive he was given to do that." Hr'g Tr. 10:17-20.  But the Court stated that "there is a question of whether [Plaintiff] committed perjury in his deposition, frankly," and that "I think your client might need to read his deposition transcript carefully and *wonder if he is in legal jeopardy for what he said in that deposition.  You know, I seriously wonder if, perhaps, you have put him in legal jeopardy*." *Id.* 11:19-21, 12:21-25 (emphasis added).  This skepticism was justified.  Plaintiff recommended *not* paying 2022 bonuses even *before* the acquisition, and *months* before any purported "directive" (if any) to "put together different scenarios" for Musk.  *See* ECF 84-11 (Pl. Dep. Ex. 13) (X-SCHOBINGER_ 00000083) (Plaintiff's Nov. 30, 2022 recommendation that "*we would not pay out FY22 bonuses*," which "*I recommended previously (when we were still public)*") (emphasis added).  Asked when she first learned of these documents, Plaintiff's counsel evasively said she could not recall.  Hr'g Tr. 13:1-5.  The Court expressed its view that "*99 percent of Plaintiffs' lawyers […] once they saw these documents […] would have immediately either dropped the case or scrambled to find a different Plaintiff*" and that "*the fact that that wasn't done here speaks volumes*." *Id.* 18:13-23 (emphasis added).

On October 16, 2024, the Court issued its Order Denying Motion for Class Certification holding that Plaintiff could not prove adequacy or typicality, noting that "interesting facts ha[d] been revealed in discovery," and highlighting its dim view of his claims and *ex-post* explanations:

> To describe these facts is to show why Schobinger is not an adequate class representative, and why his claims are not typical of the claims of the members of the proposed class. ***It would be impossible for him to get on the witness stand and adequately represent the interests of Twitter employees who claim that the company wrongfully withheld the bonus.  He might fit nicely into this case as a defendant, but he cannot possibly fit as a named plaintiff***.
>
> At his deposition, Schobinger offered a convoluted explanation for how he could possibly have believed he was entitled to the bonus while simultaneously advocating that the company not pay it. ***It seems likely that Schobinger's explanation is untrue.***  But even if he is telling the truth, that's beside the point for purposes of this motion.  Because ***even if he is telling the truth, his conduct makes him the worst possible candidate to serve as a litigation representative for the other Twitter employees who didn't get a bonus***.

ECF 101 at 1-2 (emphasis added).  The Court also concluded that Texas law "obviously applies" to his claims.  *See* ECF 101 at 1-2; ECF 84 at 3 (Defendant's Opposition to Plaintiff's class certification motion explaining lack of viability of Plaintiff's contract and promissory estoppel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

claims under Texas law).  The Court's assessment of the merits, while not binding here, remains highly probative given that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied' …. Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (citations omitted). Besides having no viable contract claims, there is no way Plaintiff could prove his own foreseeable and actual substantial detrimental reliance on any of the supposed bonus "promises" allegedly made.  ECF 84 at 14 & 14 n. 20; *see Lotito v. Knife River Corp.,* 391 S.W.3d 226, 228 (Tex. App. 2012) (concurrence noting that general promissory estoppel elements include "foreseeability of reliance on the promise by the promisor" and "substantial detrimental reliance by the promisee").

The Court's Order also denied Plaintiff's counsel's request to substitute a different class representative for "a variety of reasons," principally because: "Most importantly, the fact that Schobinger's lawyer thought it was a good idea to file a motion for class certification in the face of this evidence (as opposed to dropping the case or seeking to substitute another plaintiff immediately upon discovering it) shows that she is totally unqualified to serve as class counsel."  ECF 101, at 2.

## C.    Plaintiff Insisted on Further Harassing Discovery and Litigation.

During the parties' October 25, 2024 CMC, Defendant previewed its planned Motion for sanctions against Plaintiff and his counsel.  *See* ECF 107, CMC Tr. at 2-5.  The Court responded, "I assume you'd be seeking sanctions both against counsel and – monetary sanctions both against counsel and the – the Plaintiff himself.  Would you also be seeking dismissal of the action as a sanction?", which Defendant's counsel confirmed.  *Id.* at 4:17-25 (Mr. Meckley: "It would be dismissal with prejudice as the – the action, yeah." The Court: "Yeah. Okay. Yeah. That's – that sounds fine.").  Yet Plaintiff and his counsel *still* insisted on prosecuting this case and served harassing eleventh-hour discovery, seeking ESI as well as 30(b)(6) and fact witness depositions.

On December 9, 2024, the parties filed a joint discovery letter upon Plaintiff's request.  On January 9, 2025, Chief Magistrate Judge Donna M. Ryu noted that the Court had not yet ruled on the merits, but that its assessment of the class certification motion "bears on the proportionality of the disputed discovery."  ECF 114.  Judge Ryu denied Plaintiff's request for searches of "emails,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

Slack messages, and other communications by and among Twitter management personnel," finding such discovery "not proportional" and that "Schobinger's individual claims are weak while the scope of [the Request] is broad." *Id.* Judge Ryu concluded that the request "ha[d] the feel of a last-ditch fishing expedition, the burden of which outweighs the likely benefit." *Id.* Importantly, this sanctions motion and Plaintiff's frivolous prosecution of this case were not before Judge Ryu.[3]

**D.      Plaintiff Belatedly Moved to Dismiss with Prejudice Pursuant to Rule 41(a)(2).**

On January 23, 2025, Defendant sent Plaintiff's counsel notice pursuant to Rule 11(c)(2) of its intention to seek sanctions, including a copy of its Motion. *Supra* note 1. Five days later, Plaintiff and his counsel filed their Dismissal Request to try to dodge sanctions, but failed to explain why they still pursued this litigation for more than three months *after* this Court's reprimands and certification denial in October 2024. They also downplayed the significant burdens and costs on Defendant, stating that only "some discovery has occurred" and that "the litigation has not reached such an advanced stage as to make voluntary dismissal unreasonable."[4] Dism. Requ. at 3.

**III.      ARGUMENT**

**A.      The Court Should Grant Defendant's Sanctions Motion Pursuant to Rule 11.**

"Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638–39 (9th Cir. 2010); Rule 11(c)(1). Representations that are "legally frivolous" – *i.e.*, "both baseless and made without a reasonable and competent inquiry" – or "factually misleading" are sanctionable. *Truesdell v. So. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002); *Townsend v. Holman Cons. Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "Rule 11 requires attorneys to conduct a reasonable inquiry into the law and facts before signing

---

[3] Defendant's good faith cooperation in discovery was subject to its position that Plaintiff's claims are entirely frivolous, and ultimately should not be subject to discovery or proceed.

[4] Adding insult to injury, and as detailed further in Defendant's Response to Dismissal Request, Plaintiff's counsel tries to mislead the Court *again* by selectively revealing and misrepresenting in the Dismissal Request certain *confidential settlement communications* that she herself expressly agreed with Defendant's counsel were privileged pursuant to Federal Rule of Evidence 408. *See* Dismissal Req. at 1:16-20; Declaration of Eric Meckley in Support of Resp. to Dismissal Requ. ("Meckley Dism. Resp. Decl.") Plaintiff and his counsel stonewalled and still have not offered to pay *any* of the substantial attorneys' fees that Defendant incurred, or to cease using his tainted testimony in other proceedings. Plaintiff's counsel's dissembling and blatant violation of the parties' confidentiality agreement are further examples of their vexatious bad faith conduct.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                              DEFENDANT'S MOTION FOR SANCTIONS
                               CASE NO. 3:23-cv-03007-VC

1  pleadings." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 339 F. Supp. 2d 1081, 1089 (E.D. Cal. 2004),

2  *aff'd*, 457 F.3d 963 (9th Cir. 2006); Rule 11(b).  Insufficient diligence and blind reliance on a

3  client's statements can support sanctions.  *See Townsend*, 929 F.2d at 1362 ("reasonable and

4  competent inquiry" required); *Hendrix v. Wayne Napthal & First Family Homes*, 971 F.2d 398,

5  399-400 (9th Cir. 1992) (stating, "blind reliance on a lay client's ability to decide the legal question

6  of domicile does not constitute a reasonable inquiry under Rule 11," and a "basic interview [by his

7  counsel] … should have elicited the facts" contradicting his material assertions); *S. Bravo Sys., Inc.

8  v. Containment Techs. Corp.*, 96 F.3d 1372, 1375 (Fed. Cir. 1996) (finding that, if plaintiff's

9  attorneys conducted no investigation other than to rely on plaintiff's lay opinion, "it would be

10 difficult to avoid the conclusion that sanctions are appropriate"); *Dangerfield v. Merrill Lynch,

11 Pierce, Fenner & Smith, Inc.*, 2003 WL 22227956 at *12 (S.D.N.Y. Sept. 26, 2003); *El-Dada v.

12 Oil Mart Corp.*, 1995 WL 562125, at *1 (N.D. Ill. Sept. 20, 1995) ("*Counsel cannot blindly accept

13 statements that are implausible without attempting some corroboration*.") (emphasis added).

14      Asserting claims that are not "justifiable in law or in fact" also supports Rule 11 sanctions.

15 *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 627 (8th Cir. 2003) ("[E]ven those attorneys with the

16 highest credentials can violate Rule 11 by pursuing claims and defenses that do not have merit");

17 *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985) (alleging facts based on recollection

18 "without more, do[es] not satisfy the duty of inquiry, particularly where at the time counsel has in

19 hand documents refuting those allegations").  Importantly, a filing that may have been appropriate

20 initially can be sanctionable if made *after* subsequent information has been learned: "[O]nce an

21 attorney is on notice that the allegations may not have evidentiary support, it must make some effort

22 at a further investigation and cannot persist in asserting allegations that do not have factual support

23 in later pleadings."  *Insta Ent., Inc. v. Bizzy Ent., Inc.*, 2010 WL 11597511, at *3 (C.D. Cal. July

24 20, 2010) (citing Comm. Notes to Amend's. to Fed. R. Civ. P. (1993), 146 F.R.D. 401, 585-86).

25      Here, Plaintiff's and his counsel's class certification briefing advanced misleading claims

26 that are contradicted by the evidence and applicable law, including documents proving that Plaintiff

27 advised that Twitter *should not* and *need not* pay the very bonuses he claims were owed.  *See, e.g.*,

28 ECF 75.  There was no good faith way Plaintiff or his counsel could believe he could represent the

putative class, much less that he had a claim himself. Their efforts to escape his own prior statements – *e.g.*, saying that his recommendations were "not relevant" and were made solely at the request of leadership – are frivolous. *See Hendrix*, 971 F.2d at 399–400 (filing was frivolous where "'[a] basic interview with [the client] ... should have elicited the facts'" undermining contention). Plaintiff advised Twitter not to pay bonuses even before the October 2022 merger, and many months before his February 2023 "white paper." *See supra* at 3-4. The Court found Plaintiff had "offered a convoluted explanation for how he could possibly have believed he was entitled to the bonus while simultaneously advocating that the company not pay it," which it deemed very likely "untrue" and potential "perjury in his deposition," putting him in "legal jeopardy." ECF 101, at 2; Hr'g Tr. at 11:19-21, 12:21-25. This case is a textbook example of a party and his attorney barreling ahead with groundless litigation despite knowing facts that gut their claims, as this Court's statements reflect. *See* ECF 101, at 2 ("the fact that [Plaintiff's] lawyer thought it was a good idea to file a motion for class certification in the face of this evidence (as opposed to dropping the case or seeking to substitute another plaintiff immediately upon discovering it) shows that she is totally unqualified to serve as class counsel."); s*ee also*, *e.g.*, Hr'g Tr. at 18:13-23, 2:23-3:4, 3:10-22, 4:3-11, 6:8-14, 6:23-7:2, 21-22, 9:13-14, 11:19-21, 12:21-25.

The Court should impose Rule 11 sanctions and award Defendant the fees and costs it incurred having to defend against Plaintiff's frivolous motion to certify a class. *See Gallego v. Hunts & Henriques, CLP*, 2020 WL 5576134, at *1–2 (N.D. Cal. Sept. 17, 2020) (granting Rule 11 motion for sanctions against counsel where counsel "made no effort [to] support his allegations as the lawsuit progressed" and ordering Rule 11 sanctions in the form of payment to opposing counsel of their attorneys' fees and costs); *Kendrick*, 609 F. Supp. at 1173 (ordering plaintiff and his attorneys "to pay all of the reasonable expenses, including reasonable attorneys' fees, incurred by defendants" as a result of the sanctionable conduct"). Monetary sanctions are important to deter future bad faith vexatious conduct by Plaintiff and his counsel, including without limitation because Plaintiff's counsel has filed arbitration demands against Defendant on behalf of several former employees asserting claims for a 2022 bonus. Meckley Dism. Resp. Decl. ¶ 4. His counsel has used Plaintiff's testimony from prior arbitrations in various ongoing arbitrations, and likely will

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1    seek to use his tainted deposition testimony or other assistance from him in any future bonus claim

2    proceedings, even though he was a key architect of the bonus decision being challenged. *Id.*; Rule

3    11(c)(4) ("The sanction may include…if imposed on motion and warranted *for effective deterrence*,

4    an order directing payment to the movant of part or all of the *reasonable attorney's fees and other*

5    *expenses directly resulting from the violation*.") (emphasis added).

6    **B.    The Court Should Award Sanctions Pursuant to 28 U.S.C. § 1927.**

7    When an attorney unreasonably or vexatiously multiplies the proceedings via reckless *or*

8    bad faith conduct, courts may require the attorney under Section 1927 to personally satisfy "the

9    excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *EscapeX*

10   *IP LLC v. Google LLC*, 2024 WL 557729, at *1 (N.D. Cal. Feb. 12, 2024); *Sneller*, 606 F.3d at

11   640; *Lahiri v. Univ. Music & Video Dist. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (recklessness

12   suffices for § 1927 sanctions); *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (same).  "Bad

13   faith is present when an attorney knowingly or recklessly raises a frivolous argument[.]" *In re*

14   *Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

15   Here, Plaintiff's counsel engaged in reckless *and* bad faith conduct.  *See Diaz v. Messer*,

16   742 F. App'x 250, 251 (9th Cir. 2018) (affirming Section 1927 sanctions against counsel that

17   advanced arguments in a "slipshod and misleading manner" that were "'a gross deviation from the

18   standard of' legal arguments one would expect under these circumstances").  Plaintiff's personal

19   and purported class representative claims should have ended *at the latest* when his documented

20   admissions were produced on July 12, 2024.  He indisputably knew of his own communications,

21   and would have conveyed those facts to his counsel had counsel performed a minimally reasonable

22   investigation.  *See Hendrix*, 971 F.2d at 399–400.  Instead, Plaintiff's counsel ignored a mountain

23   of "inconvenient" facts and law, causing the Court to "seriously wonder if, perhaps, [his counsel]

24   have put him in legal jeopardy" regarding his deposition testimony as to his claims, and to deem

25   counsel "totally unqualified to serve as class counsel."  Hr'g Tr. 12:24-25; ECF 101, at 2.  His

26   counsel compounded these wrongs by insisting on burdensome discovery that Judge Ryu found

27   "ha[d] the feel of a last-ditch fishing expedition," despite this Court's warning that Plaintiff likely

28   would lose on the merits.  *See* Hr'g Tr. 4:14-16; ECF 101; ECF 114 (Judge Ryu denying ESI

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1   searches: "Schobinger's individual claims are weak while the scope of [the Request] is broad.").

2        Plaintiff's counsel thus should be sanctioned, including an award of Defendant's attorneys'

3   fees and costs incurred since July 12, 2024 for: (1) taking Plaintiff's and former CFO Ned Segal's

4   depositions; (2) litigating Plaintiff's Rule 23 motion; (3) addressing and responding to Plaintiff's

5   counsel's fishing expedition discovery; (4) litigating this Motion; and (5) all other time spent to

6   bring this case to a conclusion.  Courts have awarded sanctions under Section 1927 in similar

7   instances where a party "deliberately kept her meritless case alive for no purpose other than to force

8   [defendant] to settle or to defend it."  *See Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th

9   Cir. 1998); *Kendrick*, 609 F. Supp. at 1173 ("[T]he maintenance of this action *in the face of the*

10  *facts known or available to [plaintiff] both before and after the filing of defendants' motions*

11  multiplied the proceedings unreasonably and vexatiously, entitling defendants to recover the

12  resulting costs, expenses and attorneys' fees under 28 U.S.C. § 1927") (emphasis added).

13       C.    **The Court Should Grant Sanctions Pursuant to the Court's Inherent Power.**

14       Courts also have inherent power to impose monetary and other sanctions against a party

15  and/or its counsel to control the conduct of the proceedings, protect the "orderly administration of

16  justice," and maintain "the authority and dignity of the court."  *Roadway Express, Inc. v. Piper*,

17  447 U.S. 752, 764-67 (1980) (citations omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

18  "While a court should ordinarily rely on 28 U.S.C. § 1927 and the Federal Rules of Civil Procedure

19  to impose sanctions, if neither is 'up to the task, the court may safely rely on its inherent power.'"

20  *In re Facebook,* 655 F. Supp. 3d at 926 (citing *Chambers*, 501 U.S. at 50); *Fink*, 239 F.3d at 994

21  ("the district court may, in its informed discretion, rely on inherent power rather than the federal

22  rules or § 1927.").  Where misconduct could be sanctioned under Rule 11 but is "intertwined within

23  conduct that only the inherent power [can] address," sanctions under the court's inherent powers

24  are appropriate.  *In re Facebook*, 655 F. Supp. 3d at 926 (citing *Chambers*, 501 U.S. at 51).

25       Monetary sanctions under the court's inherent powers are available "if the court specifically

26  finds bad faith or conduct tantamount to bad faith."  *Fink*, 239 F.3d at 994.  "Sanctions are available

27  for a variety of types of willful actions, including recklessness when combined with an additional

28  factor such as frivolousness, harassment, or an improper purpose."  *Id.*  For example, an "attorney's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Id.*

Plaintiff's and his counsel's continued prosecution of this action checks all of these boxes – reckless disregard and misstatements of law and fact, frivolousness, harassment, and improper purpose.  The Court thus should award Defendant its attorneys' fees and costs incurred after July 12, 2024, the latest date when Plaintiff and his counsel should have known that his personal and class claims were baseless.  *Kendrick*, 609 F. Supp. at 1173 ("[t]he Court has inherent power to award attorneys' fees to the prevailing party in an action…brought in bad faith, vexatiously, wantonly and for oppressive reasons"); *Chambers*, 501 U.S. at 50–51 ("conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address.").

### D.    The Court Should Order Dismissal of the Action With Prejudice.

Irrespective of Plaintiff's Dismissal Request, and in addition to monetary sanctions, this Court has authority to dismiss this case with prejudice as a sanction under Rule 11 or the Court's inherent powers: "'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'"  *Anheuser-Busch, Inc. v. Nat. Bev. Dist.*, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488-89 (9th Cir. 1991).  In determining whether dismissal is an appropriate sanction, courts consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc.*, 69 F.3d at 348).

Here, Plaintiff and his counsel have engaged in bad faith deceptive practices that have undermined the integrity of this judicial proceeding, including Plaintiff's potentially perjurious deposition testimony.  *See* Hr'g Tr. at 11:19-21, 12:21-25.  The Ninth Circuit held that "[d]ismissal is an appropriate sanction for falsifying a deposition" under Rule 11 or the court's inherent powers, and affirmed the district court's use of the dismissal sanction after finding that the plaintiff,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1   "whether or not in collusion with counsel," had "attempted to deceive the district court on material

2   matters before it." *Combs*, 927 F.2d at 488. The *Anheuser-Busch* factors also warrant dismissal

3   with prejudice pursuant to the Court's inherent power. Dismissal is more expeditious, including

4   for the Court's docket, than having this case proceed, particularly since Plaintiff is most likely

5   "going to lose" including under Texas law (factors (1) and (2)). *See* Hr'g Tr. 4:14-16; ECF 101 at

6   3. Because Plaintiff and his counsel acted in bad faith, prejudice is unnecessary but is evident from

7   the additional costs Defendant has faced and will face from other claims in which counsel uses his

8   tainted testimony (factor (3)). *See, e.g.*, *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D.

9   559, 564–65 (N.D. Cal. 2008) ("a district court need not consider prejudice to the party moving for

10  sanctions" when acting pursuant to its inherent power). There are no less drastic non-monetary

11  sanctions that will adequately admonish and incentivize Plaintiff and his counsel going forward,

12  including due to Plaintiff's counsel's other pending and potential future bonus claims likely relying

13  on Plaintiff's corrupted testimony (factors (4) and (5)). *See also Leon*, 464 F.3d at 960–61 (public

14  policy "is not sufficient to outweigh the other four factors").[5]

15          **E.      Plaintiff Cannot Avoid Monetary Sanctions By Seeking A Voluntary Dismissal.**

16          As detailed in Defendant's Response to Dismissal Request, *both* a monetary award of

17  Defendant's requested attorneys' fees and costs, *and* dismissal with prejudice, are warranted here.

18  *See id.* at 963 (affirming imposition of both dismissal and monetary sanctions); *Adriana Int'l Corp.*

19  *v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990) (affirming entry of default and monetary

20  sanctions). Plaintiff's Dismissal Request under Rule 41(a)(2) is "too little, too late." As the

21  Supreme Court explained in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 398 (1990):

22          As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless
            filing puts the machinery of justice in motion, burdening courts and individuals alike with
23          needless expense and delay. Even if the careless litigant quickly dismisses the action, the
            harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates
24          Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions
            on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation
25          of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and
            investigate more carefully before serving and filing papers." Amendments to Federal Rules
26

27  _____
    [5] When considering the availability of less drastic sanctions, courts analyze: (1) the feasibility of
28  less drastic sanctions and why such alternate sanctions would be inappropriate; (2) whether the
    court implemented alternative sanctions before ordering dismissal; and (3) whether the court
    warned the party of the possibility of dismissal before ordering dismissal. *Leon*, 464 F.3d at 960.

of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (Mar. 9, 1982).

*See Orian v. Fed'n Int'l des Droits de L'Homme*, 2011 WL 13220921, at *3 (C.D. Cal. Dec. 13, 2011) ("[A] court may retain jurisdiction to consider collateral issues such as statutory sanctions and attorney fees."). The same is true under Section 1927 and the Court's inherent power. *See Leon*, 464 F.3d at 958-61 (affirming dismissal with prejudice and monetary sanctions pursuant to the court's "inherent authority").[6] Nothing warrants a different result for dismissal *with* prejudice.

This Court implicitly acknowledged these principles at the October 25, 2024 CMC. ECF 107, CMC Tr. at 4:17-25 (Court: "I assume you'd be seeking … monetary sanctions both against counsel and the – the Plaintiff himself. Would you also be seeking dismissal of the action as a sanction?" Mr. Meckley: "It would be dismissal with prejudice as the – the action, yeah." Court: "Yeah. Okay. Yeah. That's – that sounds fine."). Other courts recognize that voluntary dismissal *with* prejudice does not impact a court's ability to award sanctions. For example, in *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001), the Ninth Circuit affirmed the district court's Rule 41(a)(2) dismissal with prejudice. While it also affirmed the denial of defendant's sanctions motion based on the facts of the case, it *never* questioned the district court's authority to consider or award sanctions despite the plaintiff's Rule 41(a)(2) voluntary dismissal with prejudice. Rather, the Ninth Circuit emphasized that "the district court has 'broad fact-finding powers' to grant or decline sanctions and that its findings warrant 'great deference[.]'" *Id.* at 975, 978; *see also, e.g., Ke v. J*

---

[6] *See also Thomas v. Early Cty.*, GA, 360 F. App'x 71, 75 (11th Cir. 2010) ("For the same reasons [as in *Cooter*], motions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal"); *Song v. Drenberg*, 2021 WL 4846779, at *2 (N.D. Cal. Oct. 18, 2021) ("[Plaintiff] suggests that this Court lacks jurisdiction to decide a motion for sanctions [under § 1927] because plaintiffs voluntarily dismissed the underlying claims before the motion was filed. […] He is not correct. […] 'In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal.'") (citing and quoting *Cooter*); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 935389, at *3 (E.D. Cal. Feb. 26, 2019) (stating, in discussing court's inherent authority, "'[A] voluntary dismissal does not expunge the ... [underlying] violation' or bad faith conduct [… or] remove the court's inherent authority to impose sanctions."); *Cooter*, 496 U.S. at 412 (Stevens, J., concurring and dissenting in part) (a court "may impose sanctions for contempt on a party who has voluntarily dismissed his complaint or impose sanctions under 28 U.S.C. § 1927 against lawyers who have multiplied court proceedings vexatiously"); *cf. Mireskandari v. Assoc. News., Ltd.*, 665 F. App'x 570, 572 (9th Cir. 2016) (stating in the context of Rule 16(f) sanctions: "We see no justification for holding that a voluntary dismissal precludes issuance of a sanctions order. […] The district court had authority to sanction [plaintiff] for his actions prior to the voluntary dismissal.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S MOTION FOR SANCTIONS
CASE NO. 3:23-cv-03007-VC

1    *R Sushi 2 Inc.*, 2022 WL 1496576, at *14 (S.D.N.Y. Feb. 7, 2022), *rep't and rec. adopted*, 2022

2    WL 912231 (S.D.N.Y. Mar. 28, 2022) ("[A]fter a voluntary dismissal pursuant to Rule 41(a)(1)(A)

3    – with or without prejudice – the Court retains discretion whether to impose sanctions under its

4    inherent power or § 1927."); *cf. Chavez v. Wal-Mart Stores Inc.*, 2014 WL 12591672 at *3 (C.D.

5    Cal. Nov. 14, 2014) (stating, "We think dismissal with prejudice is at least a factor to be considered

6    in deciding whether to condition dismissal on the payment of fees and costs," but *not* ruling that

7    fees and costs are *per se* unavailable upon dismissal); *Leon*, 464 F.3d at 958-61 (affirming sanctions

8    pursuant to the court's "inherent authority" of both dismissal with prejudice and monetary award).

9          Monetary sanctions are necessary to compensate Defendant for the attorneys' fees and costs

10   that have resulted from Plaintiff's and his counsel's reckless and bad faith conduct in this action,

11   and to deter further similar conduct including Plaintiff's counsel's prosecution of other 2022 bonus

12   claims that Plaintiff himself caused, likely using his tainted testimony and/or assistance.

13   **IV.    CONCLUSION**

14         The Court should grant Defendant's Motion for Sanctions and: (1) pursuant to Rule 11,

15   award Defendant all attorneys' fees and costs it has incurred due to Plaintiff's frivolous Rule 23

16   motion for class certification, currently estimated at approximately $241,731; (2) pursuant to

17   Section 1927 and/or the Court's Inherent Authority, award Defendant all attorneys' fees and costs

18   it has incurred since July 12, 2024, currently estimated at approximately $710,527.50 through

19   February 14, 2025 (which includes $286,159.50 in legally required payments to Sidley Austin LLP

20   due to that firm's representation of former Twitter CFO Ned Segal in connection with this case);

21   (3) award Defendant all further attorneys' fees and costs it incurs after the date of this Motion

22   through the final termination of this case; and (4) dismiss this action in its entirety with prejudice.

23   Dated: March 14, 2025              MORGAN, LEWIS & BOCKIUS LLP

24

25                                     By   */s/ Eric Meckley*
                                           Eric Meckley
26                                         Brian D. Berry
                                           Jonathan D. Lotsoff
27                                         Ashlee N. Cherry
                                           Attorneys for Defendant X CORP.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15                            DEFENDANT'S MOTION FOR SANCTIONS
                              CASE NO. 3:23-cv-03007-VC