EXHIBIT 3

```
1                UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3     Before The Honorable Vince Chhabria, District Judge
4
5  MARK SCHOBINGER,              )
                                 )
6            Plaintiff,          )
                                 )
7  vs.                           )   Case No. C 23-03007-VC
                                 )
8  TWITTER, INC., et al.,        )
                                 )
9            Defendants.         )
   _____)
10
11                                   San Francisco, California
                                     Friday, October 25, 2024
12
13  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 1:22 - 1:31 = 9 MINUTES
14
   APPEARANCES:
15
   For Plaintiff:
16                              Lichten & Liss-Riordan, P.C.
                                729 Boylston Street
17                              Suite 2000
                                Boston, Massachusetts 02116
18                         BY:  SHANNON LISS-RIORDAN, ESQ.

19  For Defendants:
                                Morgan, Lewis & Bockius, LLP
20                              One Market, Spear Street Tower
                                San Francisco, California
21                                94105
                           BY:  ERIC MECKLEY, ESQ.
22                         BY:  KASSIA A. STEPHENSON, ESQ.

23  Transcribed by:             Echo Reporting, Inc.
                                Contracted Court Reporter/
24                              Transcriber
                                echoreporting@yahoo.com
25
```

*Echo Reporting, Inc.*

```
                                                          2
 1  Friday, October 25, 2024                        1:22 p.m.
 2                    P-R-O-C-E-E-D-I-N-G-S
 3                          --oOo--
 4          THE CLERK:  Now calling Civil Case 23-3007,
 5  Schobinger versus Twitter, Inc., et al.
 6      Would counsel please state your appearances for the
 7  record, starting with the Plaintiff.
 8          MS. LISS-RIORDAN (via Zoom):  Shannon Liss-Riordan
 9  for Plaintiff.
10          THE COURT:  Hello.
11          MR. MECKLEY (via Zoom):  Eric Meckley appearing on
12  behalf of Defendant.
13          THE COURT:  Hi.
14          MS. STEPHENSON (via Zoom):  Kassia Stephenson for
15  Defendant.
16          THE COURT:  Hi.
17      Okay.  So, what's happening now in this case?  Is Mr.
18  Schobinger continuing to pursue his breach of contract and
19  promissory estoppel claim?
20          MS. LISS-RIORDAN:  He is.
21          THE COURT:  Okay.  So, what -- the -- the next
22  thing we need to do I guess is set up a schedule for
23  Twitter's anticipated summary judgment motion?
24          MR. MECKLEY:  Yes, your Honor.  And one thing we
25  would like to build into that schedule is the opportunity
```

*Echo Reporting, Inc.*

3

1  for enough time.  We're still considering whether to do a
2  Rule 11 motion, and I want to have the 21 days for that and
3  then, if necessary, the 35 days for hearing to resolve that
4  before we would set the deadline to file a summary judgment
5  motion.
6          THE COURT:  So, you're saying you want to -- you
7  want to build in time to consider a possible Rule 11 motion
8  before -- before we -- before we work up a summary judgment
9  motion?
10          MR. MECKLEY:  Yes.  And my understanding -- I
11 could be wrong, but my understanding is in the Ninth
12 Circuit, you do that before we file the summary judgment
13 motion and you can't do a Rule 11 motion after you've filed
14 for summary judgment.  That's --
15          THE COURT:  Is that right?
16          MR. MECKLEY:  -- my understanding of Ninth Circuit
17 law.
18          THE COURT:  Oh.  I didn't --
19          MR. MECKLEY:  That's my understand -- my
20 understanding of things.
21          THE COURT:  Huh.  I feel like -- I feel like I've
22 had at least one case where Rule -- where we did Rule 11
23 sanctions for filing a frivolous lawsuit after granting
24 summary judgment, but I -- I mean, I don't care.  I'm happy
25 to do it -- I'm happy to do it one way or the other.  I

4

1  mean, I assume that in a -- in a Rule 11 motion, you would
2  -- both sides would have the opportunity to submit whatever
3  evidence -- I mean, it wouldn't -- it wouldn't be that
4  different from a summary judgment motion in some ways,
5  right.  And then both sides would have every opportunity to
6  submit any evidence they have -- they may have in support of
7  their -- of the claims in an -- in an attempt to show that
8  the -- and, in particular, the Plaintiff would have an
9  opportunity to submit any evidence that they have in support
10 of the argument that the lawsuit was not objectively
11 baseless from the start and that it wasn't -- and that it
12 wasn't frivolous to continue the lawsuit upon the discovery
13 of these documents, right.
14          MR. MECKLEY:  I think the -- the standards
15 technically are different.  But, practically speaking, the
16 evidence would be very overlapping.
17          THE COURT:  Yeah.  And, so, the sanction you would
18 be asking for, I assume you'd be seeking sanctions both
19 against counsel and -- monetary sanctions both against
20 counsel and the -- the Plaintiff himself.  Would you also be
21 seeking dismissal of the action as a sanction?
22          MR. MECKLEY:  It would be dismissal with prejudice
23 as the -- the action, yeah.
24          THE COURT:  Yeah.  Okay.  Yeah.  That's -- that
25 sounds fine.  Do you want to just -- so, you haven't -- you

*Echo Reporting, Inc.*

5

1  haven't decided whether you're going to file one or not, is
2  that the deal?
3          MR. MECKLEY:  Correct.  So, we're not 100 percent
4  committed to that right now.  We're just sort of evaluating
5  it and want to make sure we build enough time into the
6  schedule to allow for the potential for that before we would
7  have to file a summary judgment.
8          THE COURT:  Okay.  So, do you -- is all the
9  discovery complete?
10         MS. LISS-RIORDAN:  No, it's not.  In our initial
11 scheduling proposal -- I looked back at the docket -- I
12 don't think you actually put a full schedule into place.  We
13 had requested that --
14         THE COURT:  Just up to -- up to class
15 certification, right.
16         MS. LISS-RIORDAN:  Right.  We asked for discovery
17 to proceed until either 60 days after the opt out period or
18 60 days after the denial of class certification.  I think
19 Twitter asked for longer than that.  So, we haven't yet.  We
20 just did the discovery that we needed for class cert.
21         THE COURT:  So -- so, let's -- let's set a
22 discovery cutoff and a last day for dispositive -- for a
23 hearing on dispositive motions, and then, you know, Twitter
24 can file a Rule 11 motion whenever it wants.
25         So, what -- what -- Mr. Meckley, what do you -- when do

```
                                                                   6
 1  you want the fact discovery cutoff to be?  Will there be any
 2  expert discovery in this?
 3            MS. LISS-RIORDAN:  No.
 4            MR. MECKLEY:  Not that we (Zoom glitch).
 5            THE COURT:  Okay.  So, when does -- when -- Mr.
 6  Meckley, when do you want the discovery cutoff to be?
 7            MR. MECKLEY:  From Defendants' perspective, we've
 8  done all the discovery we need to do.  So, I'm not sure what
 9  Ms. Liss-Riordan wants to do, but that might inform when we
10  want the discovery to go.
11            THE COURT:  Probably feel pretty good with the
12  discovery you have now.
13            MR. MECKLEY:  It's the Plaintiff's deposition.
14            THE COURT:  Well, and the documents, the internal
15  documents.
16        So, what other discovery do you need, Ms. Liss-Riordan?
17            MS. LISS-RIORDAN:  Well, I'd like the 60 days that
18  I had requested initially.
19            THE COURT:  Okay.  So, discovery cutoff in roughly
20  two months?
21            MS. LISS-RIORDAN:  Yes.
22            THE COURT:  Okay.  Bhavna, when's that?
23        (Pause.)
24            THE CLERK:  December 23rd.
25            THE COURT:  All right.  Let's say -- let's call it
```

7

1  December 19th, discovery cutoff December 19th, and last day
2  for -- well, let's just schedule a hearing on Twitter's
3  summary judgment motion.
4       MR. MECKLEY:  And, your Honor, this is where I
5  think building in the time frame.  I'm -- I'm estimating 60
6  days after discovery cutoff if we were to do the Rule 11,
7  till after -- 21 safe harbor, 35 for the Court's normal
8  briefing schedule.  That's roughly 60.  So, that would take
9  us -- December 19, January, February 18.  So, I think the
10 earliest we -- we would be able to file all the summary
11 judgment motions in that scenario would be early March.  So,
12 if the Court was willing to set a hearing date sometime in
13 the second half of April, that would probably fit that time
14 frame.
15      THE COURT:  Okay.  We'll -- we'll have the --
16 we'll have it -- on April 17th will be the hearing on
17 Twitter's summary judgment motion.  And, I mean, I guess
18 it's sort of not clear to me why you can't just file a Rule
19 11 motion based on what you have now, but obviously I'll
20 leave that up to you, and that will be the schedule for now.
21 So, discovery cutoff is December 19th, and hearing on
22 Twitter's summary judgment motion will be April 17th.  Is
23 there anything else we can do for you all right now?
24      MR. MECKLEY:  Not from Defendant, your Honor.
25      THE COURT:  Okay.  All right.  Thank you.  Have a

8

1  good weekend.
2          MR. MECKLEY:  Thank you.  You too.
3      (Proceedings adjourned at 1:31 p.m.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
                                                                    9
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3        I certify that the foregoing is a true and correct
 4   transcript, to the best of my ability, of the above pages of
 5   the official electronic sound recording provided to me by
 6   the U.S. District Court, Northern District of California, of
 7   the proceedings taken on the date and time previously stated
 8   in the above matter.
 9        I further certify that I am neither counsel for,
10   related to, nor employed by any of the parties to the action
11   in which this hearing was taken; and, further, that I am not
12   financially nor otherwise interested in the outcome of the
13   action.
14
15                        [signature]
16
17              Echo Reporting, Inc., Transcriber
18                  Thursday, November 7, 2024
```