MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0435
Fax:   +1.714.830.0700

Attorneys for Defendant
X CORP. as Successor in Interest to
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK SCHOBINGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-03007-VC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>Date:    March 27, 2025<br>Time:   10:00 a.m.<br>Judge:  Hon. Vince Chhabria |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND .......................................................................... 2

    A. Plaintiff Repeatedly Advised Defendant Not to Pay the Bonus He Sought Here. ........................................................................................................................... 2

    B. Plaintiff and His Counsel Seek Class Certification Despite All Such Evidence. ..................................................................................................................... 4

    C. Plaintiff Insisted on Further Harassing Discovery and Litigation. ........................ 6

    D. Plaintiff Belatedly Moved to Dismiss with Prejudice Pursuant to Rule 41(a)(2). ...................................................................................................................... 7

    E. Plaintiff's Counsel Misused and Misstated the Parties' Confidential Discussions. ................................................................................................................. 7

III. ARGUMENT ........................................................................................................................ 8

    A. The Court Should Award Sanctions In Addition to Dismissal With Prejudice. ..................................................................................................................... 8

    B. Alternatively, the Court Can and Should Award the Attorneys' Fees and Costs Sought Pursuant to Rule 41(a)(2) as a Term in Its Dismissal Order. ........... 12

IV. CONCLUSION ................................................................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chavez v. Northland Grp.*,
  2011 WL 317482 (D. Ariz. Feb. 1, 2011) .......................................................................... 9, 13

*Chavez v. Wal-Mart Stores*,
  2014 WL 12591672 at *7 (C.D. Cal. Nov. 14, 2014) ....................................................... *passim*

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ............................................................................................................ 9, 10

*Heckethorn v. Sunan Corp.*,
  992 F.2d 240 (9th Cir. 1993) .............................................................................................. 12, 15

*Herman v. Zamora*,
  178 F.3d 1299 (9th Cir. 1999) .................................................................................................. 13

*Ke v. J R Sushi 2 Inc.*,
  2022 WL 1496576 (S.D.N.Y. Feb. 7, 2022) ............................................................................ 10

*Ke v. J R Sushi 2 Inc.*,
  2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) ........................................................................... 10

*Leon v. IDX Systems Corp.*,
  464 F.3d 951 (9th Cir. 2006) ...................................................................................................... 9

*Lotito v. Knife River Corp.-S.*,
  391 S.W.3d 226 (Tex. App. 2012) .............................................................................................. 6

*Mireskandari v. Assoc. News., Ltd.*,
  665 F. App'x 570 (9th Cir. 2016) ............................................................................................. 10

*Orian v. Fed'n Int'l des Droits de L'Homme*,
  2011 WL 13220921 (C.D. Cal. Dec. 13, 2011) .......................................................................... 9

*Rodriguez v. Serv. Emps. Int'l*,
  2011 WL 4831201 (N.D. Cal. Oct. 12, 2011) ................................................................. 9, 13, 14

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ............................................................................................... 11, 12

*Song v. Drenberg*,
  2021 WL 4846779 (N.D. Cal. Oct. 18, 2021) ............................................................................ 9

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
  889 F.2d 919 (9th Cir. 1989) .................................................................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

*Strike 3 Holdings, LLC v. Doe*,
   2019 WL 935389 (E.D. Cal. Feb. 26, 2019) ................................................................. 9

*Thomas v. Early Cty.*,
   GA, 360 F. App'x 71 (11th Cir. 2010) ........................................................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ..................................................................................................... 6

*Westlands Water Dist. v. U.S.*,
   100 F.3d 94 (9th Cir. 1996) ....................................................................................... 14

**Statutes**

28 U.S.C. § 1927 .................................................................................................... 9, 10, 15

**Other Authorities**

Fed. R .Civ. P., 97 F.R.D. 165, 192 (1983) ................................................................... 10

FRE 408 ............................................................................................................................ 8

Rule 11 ..................................................................................................................... *passim*

Rule 11(c)(2) ..................................................................................................................... 7

Rule 16(f) ........................................................................................................................ 10

Rule 23 .............................................................................................................................. 7

Rule 23(a) .......................................................................................................................... 6

Rule 41 ............................................................................................................................ 10

Rule 41(a)(1) .................................................................................................................. 10

Rule 41(a)(1)(i) ................................................................................................................ 9

Rule 41(a)(1)(A) ............................................................................................................. 10

Rule 41(a)(1)(A)(ii) .......................................................................................................... 8

Rule 41(a)(2) .......................................................................................................... *passim*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

## I. INTRODUCTION

Defendant X Corp. (the "Company") opposes Plaintiff and his counsel's attempt to evade monetary sanctions for their bad faith vexatious conduct, which strung out this litigation at great cost and burden long after the facts showed that Plaintiff's claims had no merit. A dismissal request is not a "get-out-of-jail-free card" to evade the consequences of misconduct. This Court has the authority and the grounds to sanction Plaintiff and his counsel, *and* to dismiss this action with prejudice. As explained in Defendant's concurrent Motion for Sanctions ("Sanctions Motion") (ECF 131), Plaintiff's request for dismissal is "too little, too late." More than six months ago, his counsel received documents in discovery showing that (1) Plaintiff's individual claims were completely meritless, and (2) he was an entirely inadequate class representative – specifically, that he, as the Company's then-Senior Director of Compensation, repeatedly advised it *not* to pay the 2022 bonuses he later sued for, and represented that the Company had *no obligation* to pay such bonuses. Plaintiff disclosed none of this to the Court in his Complaint or his motion to certify a class. As this Court aptly noted at the October 3, 2024 class certification hearing: "*99 percent of Plaintiffs' lawyers […] once they saw these documents […] would have immediately either dropped the case or scrambled to find a different Plaintiff*" and "*the fact that that wasn't done here speaks volumes*." ECF 131-3, Meckley Declaration in support of Sanctions Motion ("Meckley Sanc. Decl.") Ex. 2 (Oct. 3, 2024 Hearing Transcript ("Hr'g Tr.")) 18:13-23 (emphasis added).

Unlike "99 percent of plaintiff's lawyers," Plaintiff's counsel here "doubled down" on pursuing entirely meritless claims on behalf of Plaintiff *and* a putative class, needlessly driving up Defendant's attorneys' fees and costs by filing a meritless Federal Rule of Civil Procedure ("Rule") 23 motion for class certification, which the Court denied on October 16, 2024. The Court found Plaintiff's explanations for his repeated prior admonitions *against* paying 2022 bonuses to be "convoluted" and likely "untrue" given the evidence, as well as potentially perjurious. ECF 101; Hr'g Tr. 11:19-21, 12:21-25. During the hearing on Plaintiff's class certification motion, the Court also highlighted that "the actual evidence" produced in discovery was "very different from what [Plaintiff] alleged in the complaint," and that these facts "strongly indicate[d] that [Plaintiff] has no breach of contract claim; that he is going to lose." Hr'g Tr. at 4:14-16, 9:13-14.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

Plaintiff's Motion to Dismiss with Prejudice ("Dismissal Request," ECF 115) concedes that "the Court made clear its belief that Plaintiff should not pursue [his] claim" at the class certification hearing and in its certification denial order, both in October 2024. Dism. Requ. at 1:13-15. But Plaintiff fails to explain why, despite the Court's admonitions, he and his counsel continued to pursue his claims for more than three months thereafter, including burdensome ESI, deposition requests, and a discovery motion. They stubbornly pursued their baseless claims until the last possible moment, moving to dismiss only after Defendant served notice of its Sanctions Motion.

Defendant's Sanctions Motion seeks not only a Court order dismissing this action with prejudice, but also an award of monetary sanctions against Plaintiff and his counsel for the unnecessary attorneys' fees and costs that Defendant has incurred in defending against their frivolous class certification motion, and their continued prosecution of Plaintiff's meritless case for months after the denial of class certification. While Defendant agrees that this action should be dismissed with prejudice, dismissal alone is not enough. A monetary award also is critical to ensure that Plaintiff and his counsel refrain from such improper conduct going forward. Plaintiff's counsel has already asserted claims to recover 2022 bonuses on behalf of many other employees in arbitration. His counsel has used Plaintiff's testimony from prior arbitrations in various ongoing arbitrations, and likely will seek to use his tainted deposition testimony or other assistance from him in any future bonus claim proceedings, even though he was a key architect of the bonus decision being challenged. Sanctions are critical to deter further improper conduct.

Defendant requests that the Court grant its Sanctions Motion *and* dismiss this action with prejudice. Alternatively, the Court should award all Defendant's requested attorneys' fees and costs as a specific term of its dismissal order pursuant to Rule 41(a)(2), which enables a court to dismiss "on terms that the court considers proper."

## II.  RELEVANT FACTUAL BACKGROUND[1]

### A.  Plaintiff Repeatedly Advised Defendant Not to Pay the Bonus He Sought Here.

Plaintiff asserted breach of contract and promissory estoppel claims alleging that Defendant

---

[1] Sections II.A to II.D of this brief are largely similar to Section II of Defendant's Sanctions Motion, for the Court's convenience and because such facts also are directly relevant here.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

promised and then failed to pay discretionary 2022 annual bonuses. ECF 1, 37, 43. He alleges he relied on this purported promise and stayed at Twitter through the first quarter of 2023. *See id.* Plaintiff was Twitter's Senior Director of Compensation, a high-level role that gave him material input and insight into the decision-making behind the payment of this bonus. *See* ECF 87 at 10.

On July 12, 2024, Defendant produced documents showing that Plaintiff expressly and *repeatedly* advised that Twitter *should not* pay the 2022 bonus, and that it was *not obligated* to pay it. *See, e.g.*, ECF 84-11, 84-17, 84-18 (Pl. Dep. Exs. 13, 22, 23).[2] In fact, Plaintiff repeatedly urged that the 2022 bonus need not and should not be paid according to the terms of the bonus plan, which he helped draft. *See id.* For example, on October 19, 2022, Plaintiff wrote to another executive that "[t]he [bonus] plan does not specifically contemplate a change of control," and that it was "really unclear to [Plaintiff] if the bonus plan would permit paying out." *See* ECF 84-10 (Pl. Dep. Ex. 12) (X-SCHOBINGER_00000082). On November 30, 2022, Plaintiff wrote to Twitter's Head of People Experience that Elon Musk had discretion whether to pay the bonus, and recommended that the Company *not* pay it. ECF 84-11 (Pl. Dep. Ex. 13) (X-SCHOBINGER_00000083) ("The logical outcome *suggests we would not pay out FY22 bonuses* due to the current environment and the severe underperformance to plan. So you know, *that is what I recommended previously (when we were still public)*") (emphasis added).

Plaintiff emailed a Twitter executive on February 13, 2023, stating that "*exercising discretion and not paying a bonus would be prudent*" and that the "*optics of paying are not good*" given the Company's precarious financial position. ECF 84-17 (Pl. Dep. Ex. 22) (X-SCHOBINGER_00000133) (emphasis added). His email attached his "white paper" to Twitter executives explaining that the bonus plan allowed Twitter the absolute discretion not to pay the bonus. *See* ECF 84-18 (Pl. Dep. Ex. 23) (X-SCHOBINGER_00000125-131). At her August 23, 2024 deposition, Twitter's former Human Resources manager corroborated that Plaintiff himself told Elon Musk in a January 2023 meeting that Twitter should *not* pay the bonus. ECF 84-6 (Marcotte Dep. at 90:20-91:12) ("I recall Mark Schobinger saying out loud to the group that we

---

[2] These documents were submitted as exhibits to the Declaration of Brian D. Berry (ECF 84-2) in support of Defendant's Opposition to Plaintiff's Motion for Class Certification. *See* ECF 84.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

3

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

should not pay out – that Elon had no obligation to pay out performance bonus plans.").

Despite this evidence, Plaintiff and his counsel plowed ahead with this litigation. The Company therefore deposed Plaintiff on July 15, 2024 and August 2, 2024, and, on September 5, 2024, deposed Twitter's former Chief Financial Officer, Ned Segal, who Plaintiff alleged had made the promises to pay bonuses. Neither Plaintiff's nor Segal's deposition testimony contradicted the foregoing evidence. Rather, Plaintiff and Segal admitted that no one, including Segal, promised that bonuses would be paid separate and apart from, or independent of, the full terms and conditions of the discretionary bonus plan, thus completely undercutting the merits of Plaintiff's claims. *See* ECF 84-7 (Pl. Dep. at 99:25-100:23, 103:12-22); ECF 84-3 (Segal Dep. at 128:3-18).

### B. Plaintiff and His Counsel Seek Class Certification Despite All Such Evidence.

Turning a blind eye to this evidence, on August 23, 2024, Plaintiff moved to certify a nationwide class brazenly challenging "Twitter's refusal to pay employees their 2022 bonus." ECF 75. Defendant filed its Opposition on September 19, 2024, highlighting his repeated admonitions not to pay the bonus. ECF 84. Plaintiff replied on September 23, 2024, arguing that his executive recommendations somehow were "not relevant" and that, "regardless of what he said, the company had promised to pay the bonus, and as an employee he expected it to be paid." ECF 87.

At the October 3, 2024 class certification hearing, the Court observed: "Your client claims that he was promised a bonus in May-August of '22. *Your client recommended several times after that that the company should not pay the bonus, and now your client is suing claiming that the company breached the May-August contract not to give him the bonus*." ECF 98, Hr'g Tr. 6:23-7:2 (emphasis added), 6:11-14, 2:23-3:4, 3:10-19. It noted that "the *actual* evidence is very different from what [Plaintiff] alleged in the complaint[,]" and that the evidence "strongly indicate[d] that *[Plaintiff] has no breach of contract claim; that he is going to lose*." *Id.* 9:13-14 (emphasis added), 4:3-16, 21-22 (emphasis added), 3:10-22, 9:10-10:7. The Court challenged Plaintiff's typicality and adequacy to represent the purported class, and highlighted the audacity of this lawsuit, asking Plaintiff's counsel to "take a step back here and just reflect on the fact that [her] client has filed a lawsuit claiming that it was a breach of contract not to pay him a bonus *that he recommended that the company not pay*." *Id.* 3:23-4:22, 6:8-10 (emphasis added), 7:3-7, 8:25-10:7.

Plaintiff's counsel claimed Plaintiff made his repeated incriminating statements because "[h]e was asked, [to] put together different scenarios so that Mr. Musk can make the decision of what to do; and he responded to the directive he was given to do that." Hr'g Tr. 10:17-20. But the Court stated that "there is a question of whether [Plaintiff] committed perjury in his deposition, frankly," and that "I think your client might need to read his deposition transcript carefully and *wonder if he is in legal jeopardy for what he said in that deposition*. You know, *I seriously wonder if, perhaps, you have put him in legal jeopardy*." *Id.* 11:19-21, 12:21-25 (emphasis added). This skepticism was justified. Plaintiff recommended *not* paying 2022 bonuses even *before* the acquisition, and *months* before any purported "directive" (if any) to "put together different scenarios" for Musk. *See* ECF 84-11 (Pl. Dep. Ex. 13) (X-SCHOBINGER_ 00000083) (Plaintiff's Nov. 30, 2022 recommendation that "*we would not pay out FY22 bonuses*," which "*I recommended previously (when we were still public)*") (emphasis added). Asked when she first learned of these documents, Plaintiff's counsel evasively said she could not recall. Hr'g Tr. 13:1-5. The Court expressed its view that "*99 percent of Plaintiffs' lawyers […] once they saw these documents […] would have immediately either dropped the case or scrambled to find a different Plaintiff*" and that "*the fact that that wasn't done here speaks volumes*." *Id.* 18:13-23 (emphasis added).

On October 16, 2024, the Court issued its Order Denying Motion for Class Certification holding that Plaintiff could not prove adequacy or typicality, noting that "interesting facts ha[d] been revealed in discovery," and highlighting its dim view of his claims and *ex-post* explanations:

> To describe these facts is to show why Schobinger is not an adequate class representative, and why his claims are not typical of the claims of the members of the proposed class. **It would be impossible for him to get on the witness stand and adequately represent the interests of Twitter employees who claim that the company wrongfully withheld the bonus. He might fit nicely into this case as a defendant, but he cannot possibly fit as a named plaintiff**.
>
> At his deposition, Schobinger offered a convoluted explanation for how he could possibly have believed he was entitled to the bonus while simultaneously advocating that the company not pay it. **It seems likely that Schobinger's explanation is untrue.** But even if he is telling the truth, that's beside the point for purposes of this motion. Because **even if he is telling the truth, his conduct makes him the worst possible candidate to serve as a litigation representative for the other Twitter employees who didn't get a bonus**.

ECF 101 at 1-2 (emphasis added). The Court also concluded that Texas law "obviously applies" to his claims. *See* ECF 101 at 1-2; ECF 84 at 3 (Defendant's Opposition to Plaintiff's class

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

certification motion explaining lack of viability of Plaintiff's contract and promissory estoppel claims under Texas law). The Court's assessment of the merits, while not binding here, remains highly probative given that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied' …. Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (citations omitted). Besides having no viable contract claims, there is no way Plaintiff could prove his own foreseeable and actual substantial detrimental reliance on any of the supposed bonus "promises" allegedly made. ECF 84 at 14 & 14 n. 20; *see Lotito v. Knife River Corp.-S.,* 391 S.W.3d 226, 228 (Tex. App. 2012) (concurrence noting that general promissory estoppel elements include "foreseeability of reliance on the promise by the promisor" and "substantial detrimental reliance by the promisee").

The Court's Order also denied Plaintiff's counsel's request to substitute a different class representative for "a variety of reasons," principally because: "Most importantly, the fact that Schobinger's lawyer thought it was a good idea to file a motion for class certification in the face of this evidence (as opposed to dropping the case or seeking to substitute another plaintiff immediately upon discovering it) shows that she is totally unqualified to serve as class counsel." ECF 101, at 2.

### C.     Plaintiff Insisted on Further Harassing Discovery and Litigation.

During the October 25, 2024 case management conference ("CMC"), Defendant previewed its planned sanctions motion against Plaintiff and his counsel. *See* ECF 107, CMC Tr. at 2-5 (attached as Ex. 3 to Meckley Sanc. Decl., ECF 131-4). The Court responded, "I assume you'd be seeking sanctions both against counsel and – monetary sanctions both against counsel and the – the Plaintiff himself. Would you also be seeking dismissal of the action as a sanction?", which Defendant's counsel confirmed. *Id.* at 4:17-25 (Mr. Meckley: "It would be dismissal with prejudice as the – the action, yeah." The Court: "Yeah. Okay. Yeah. That's – that sounds fine."). Yet Plaintiff and his counsel *still* pursued this baseless case and served harassing eleventh-hour discovery, seeking ESI as well as 30(b)(6) and fact witness depositions.

On December 9, 2024, the parties filed a joint discovery letter upon Plaintiff's request. On January 9, 2025, Chief Magistrate Judge Donna M. Ryu noted that the Court had not yet ruled on

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

the merits, but that its assessment of the class certification motion "bears on the proportionality of the disputed discovery." ECF 114. Judge Ryu denied Plaintiff's request for searches of "emails, Slack messages, and other communications by and among Twitter management personnel," finding such discovery "not proportional" and that "Schobinger's individual claims are weak while the scope of [the Request] is broad." *Id.* Judge Ryu concluded that the request "ha[d] the feel of a last-ditch fishing expedition, the burden of which outweighs the likely benefit." *Id.* Importantly, this sanctions motion and Plaintiff's frivolous prosecution of this case were not before Judge Ryu.[3]

### D. Plaintiff Belatedly Moved to Dismiss with Prejudice Pursuant to Rule 41(a)(2).

On January 23, 2025, Defendant sent Plaintiff's counsel notice pursuant to Rule 11(c)(2) of its intention to seek sanctions, including copies of its Motion. Five days later, Plaintiff and his counsel filed their Dismissal Request to attempt to dodge sanctions, but failed to explain why they continued to pursue this litigation for more than three months *after* this Court's reprimands and certification denial in October 2024. They also downplayed the significant burdens and costs imposed on Defendant, stating that only "some discovery has occurred" and that "the litigation has not reached such an advanced stage as to make voluntary dismissal unreasonable." Dism. Requ. at 3. To the contrary, the parties exchanged written discovery and meet and confer letters, submitted discovery letters to the Court, and Defendant conducted an ESI review and produced relevant documents. Defendant also took Plaintiff's deposition and another key fact witness' deposition. And, for several months, the parties briefed a complicated Rule 23 motion for class certification, which the Court ultimately denied in October 2024. Just prior to the filing of Plaintiff's Dismissal Request, this action was on the cusp of dispositive motion practice and, if need, a jury trial.

### E. Plaintiff's Counsel Misused and Misstated the Parties' Confidential Discussions.

Plaintiff's counsel also seeks to mislead the Court and evade sanctions by selectively revealing *confidential settlement communications* that she herself expressly agreed with Defendant's counsel were privileged pursuant to Federal Rule of Evidence ("FRE") 408. *See* Dism.

---

[3] Defendant's good faith cooperation in discovery was subject to its position that Plaintiff's claims are entirely frivolous, and that Defendant ultimately should not be subject to discovery.

Requ. at 1:16-20; Declaration of Eric Meckley submitted with this Response ("Meckley Decl.") at ¶¶ 2-3. She suggests that *Defendant* somehow acted unreasonably here, stating that "Plaintiff attempted to dismiss this case with prejudice" following the October 25, 2024 CMC, but that "Twitter would not agree to a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii)." Dism. Requ. at 1:16-17. The Dismissal Request further states that Plaintiff again attempted to dismiss this case with prejudice following Defendant's serving a "Rule 11 'safe harbor' notice in Plaintiff" but that Twitter again did not agree to a stipulation of dismissal. *Id.* at 1:18-20. Because Plaintiff's counsel has now opened the door, Defendant provides the full context to correct the record.

Plaintiff's counsel initially offered to dismiss this action *without* prejudice prior to the October 25, 2024 CMC, after specifically informing Defendant's counsel that those discussions were confidential – no doubt to prevent Defendant from raising them with the Court. Meckley Decl. at ¶ 2. In response, Defendant reasonably proposed dismissal *with* prejudice *and* that Plaintiff pay Defendant's taxable costs – which Plaintiff rejected. *Id.* Plaintiff then proceeded with additional burdensome discovery, including noticing depositions and filing a motion to compel with the Court. *Id.* Plaintiff's counsel had fair notice at the October 25, 2024 CMC of Defendant's contemplated sanctions motion, yet forced Defendant to spend additional time and money litigating this pointless case for several months, and belatedly offered to dismiss this case with prejudice only after being served with notice of its Sanctions Motion. *Id.* Even then, she failed to offer to pay any of the substantial attorneys' fees that Defendant has incurred, or to cease using Plaintiff's tainted testimony in other proceedings. Prior to serving notice of its Sanctions Motion, Defendant's counsel asked Plaintiff's counsel to confirm that the parties' discussions regarding dismissal had been privileged pursuant to FRE 408, which she confirmed. Meckley Decl. at ¶ 3. But as soon as that mutual commitment no longer suited Plaintiff's counsel, she unilaterally violated it, and again omitted key facts that did not fit her narrative – just the latest examples of Plaintiff's counsel's vexatious bad faith conduct.

### III.   ARGUMENT

#### A.   The Court Should Award Sanctions In Addition to Dismissal With Prejudice.

In addition to dismissing this case with prejudice, this Court can and should award

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

8

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

Defendant the monetary sanctions sought in its Sanctions Motion for the reasons discussed in that Motion. *See* ECF 131. A district court retains jurisdiction to adjudicate a motion for, and to award, sanctions even after a plaintiff voluntarily dismisses their case. For example, a court in this District acknowledged that various "courts have held that, in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under 'exceptional circumstances' or pursuant to Fed.R.Civ.P. 11".[4] *Rodriguez v. Serv. Emps. Int'l*, 2011 WL 4831201, at *3 (N.D. Cal. Oct. 12, 2011) (quoting *Chavez v. Northland Grp.*, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011)); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending," and "the imposition of a Rule 11 sanction … requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); *see generally Orian v. Fed'n Int'l des Droits de L'Homme*, 2011 WL 13220921, at *3 (C.D. Cal. Dec. 13, 2011) ("[A] court may retain jurisdiction to consider collateral issues such as statutory sanctions and attorney fees.") (citing *Cooter*).

The same is true under Section 1927 and a court's inherent authority. *See, e.g.*, *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958-61 (9th Cir. 2006) (affirming sanctions pursuant to the court's "inherent authority" of both dismissal with prejudice and monetary award); *Thomas v. Early Cty.*, *GA*, 360 F. App'x 71, 75 (11th Cir. 2010) ("For the same reasons [enumerated in *Cooter*], motions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal"); *Song v. Drenberg*, 2021 WL 4846779, at *2 (N.D. Cal. Oct. 18, 2021) ("[Plaintiff] suggests that this Court lacks jurisdiction to decide a motion for sanctions [under § 1927] because plaintiffs voluntarily dismissed the underlying claims before the motion was filed. […] He is not correct. […] 'In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal.'") (quoting *Cooter*); *Strike 3 Holdings, LLC v. Doe*, 2019 WL

---

[4] The court in *Chavez v. Wal-Mart Stores* correctly noted that any "exceptional circumstances" requirement – as an alternative to an award "pursuant to Fed.R.Civ.P. 11" – applies at most to an award against *a party*, and does not limit the court's ability to award sanctions against *counsel* under Rule 11 and other grounds. 2014 WL 12591672 at *7 (C.D. Cal. Nov. 14, 2014).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

935389, at *3 (E.D. Cal. Feb. 26, 2019) (stating, in discussing court's inherent authority, "'[A] voluntary dismissal does not expunge the ... [underlying] violation' or bad faith conduct. […] Nor does a voluntary dismissal remove the court's inherent authority to impose sanctions."); *Ke v. J R Sushi 2 Inc.*, 2022 WL 1496576, at *14 (S.D.N.Y. Feb. 7, 2022), *rep't and rec. adopted*, 2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) ("[A]fter a voluntary dismissal pursuant to Rule 41(a)(1)(A) – with or without prejudice – the Court retains discretion whether to impose sanctions under its inherent power or § 1927."); *see also Cooter*, 496 U.S. at 412 (Stevens, J., concurring in part and dissenting in part) (a court "may impose sanctions for contempt on a party who has voluntarily dismissed his complaint or impose sanctions under 28 U.S.C. § 1927 against lawyers who have multiplied court proceedings vexatiously"); *cf. Mireskandari v. Assoc. News., Ltd.*, 665 F. App'x 570, 572 (9th Cir. 2016) (stating in the context of Rule 16(f) sanctions: "We see no justification for holding that a voluntary dismissal precludes issuance of a sanctions order. […] The district court had authority to sanction [plaintiff] for his actions prior to the voluntary dismissal.").

> As the Supreme Court explained in *Cooter & Gell*:
>
> As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and investigate more carefully before serving and filing papers." Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (Mar. 9, 1982).

496 U.S. at 395, 398. While the facts of *Cooter* happened to involve a voluntary dismissal *without* prejudice pursuant to Rule 41(a)(1), neither the language of *Cooter* nor the important policies it discusses warrant a different result where a party seeks to evade sanctions via a voluntary dismissal *with* prejudice under Rule 41(a)(2). A litigant certainly cannot escape sanctions for harm inflicted where it drags a case out and continues its sanctionable conduct to the point where the only remaining voluntary dismissal option is under Rule 41(a)(2). A court's authority to award Rule 11 sanctions is distinct from and independent of Rule 41 even when the sanction is a refiling bar that also could have been ordered (*e.g.*, via a dismissal with prejudice) under Rule 41(a)(2). *Cooter*,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

496 U.S. at 396-97 ("even if the Rule 11 sanction imposed by the court were a prohibition against refiling the complaint … the preclusion of refiling would be neither a consequence of the dismissal (which was without prejudice) nor a "term or condition" placed upon the dismissal (which was unconditional), see Rule 41(a)(2)).

This Court implicitly acknowledged these principles at the October 25, 2024 CMC: "[S]o, the sanction [Defendant] would be asking for, I assume you'd be seeking sanctions both against counsel and – monetary sanctions both against counsel and the – the Plaintiff himself. Would you also be seeking dismissal of the action as a sanction?" CMC Tr., ECF 107, at 4:17-25; *see id.* (Mr. Meckley: "It would be dismissal with prejudice as the – the action, yeah." The Court: "Yeah. Okay. Yeah. That's – that sounds fine."). As the foregoing discussion and Defendant's Sanctions Motion make clear, monetary sanctions are necessary and appropriate to compensate Defendant for the needless and costly attorneys' fees and costs that have resulted from Plaintiff's and his counsel's reckless and bad faith conduct in this action, *and* to deter future similar conduct. For example, in addition to numerous other court actions that Plaintiff's counsel has filed against Defendant and her (unsuccessful) attempt to substitute a plaintiff in this case, his counsel has filed arbitration demands on behalf of several former employees asserting claims for the 2022 PBP bonus, and used Plaintiff's testimony from prior arbitrations in various ongoing arbitrations. Meckley Decl. ¶ 4. His counsel likely will seek to use his tainted deposition testimony or other assistance from him in any future bonus claim proceedings. *Id.*

Notably, only one of the cases cited in Plaintiff's Dismissal Request involved the filing of a motion for sanctions (*Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)), making the remainder of these cites irrelevant. *Smith* is distinguishable and supports a district court's authority to adjudicate a sanctions motion even after a voluntary dismissal with prejudice. *See id.* at 975. In what the Ninth Circuit described as "a rare case," the defendant objected to the plaintiff's Rule 41(a)(2) voluntary dismissal of federal claims with prejudice, and to the court's dismissal without prejudice of defendant's "counterclaim seeking a declaration that their alleged conduct did not violate *state law*—an issue that was pending in *state court*." *Id.* at 974-75 (emphasis added). The defendant also sought sanctions under Rule 11 and other grounds, which the district court separately

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

denied as unwarranted on the facts. *Id.* at 974-75, 979.  The Ninth Circuit first affirmed the district court's Rule 41(a)(2) dismissal and its dismissal of defendant's counterclaim. *Id.* at 976-78.  It then affirmed the denial of sanctions. *Id.*  In doing so, the court *never* questioned the district court's authority to award sanctions notwithstanding the plaintiff's Rule 41(a)(2) voluntary dismissal with prejudice.  *See id.* at 975, 978.  To the contrary, the Ninth Circuit emphasized that "the district court has 'broad fact-finding powers' to grant or decline sanctions and that its findings warrant 'great deference[.]'" *Id.* at 978.  Rather, it deferred to the district court's finding that the parties' counsel in that case had "taken actions that were appropriate in light of their responsibility zealously to represent their clients' interests" and showed "good lawyering on both sides and not bad faith on either side" (*id.* at 979) – in stark contrast to Plaintiff's and his counsel's conduct in this case.

For these reasons, and for the reasons explained in Defendant's Sanctions Motion (*see* ECF 131), Defendant respectfully submits that the Court should grant its Sanctions Motion independent of Rule 41(a)(2), in addition to dismissing this case with prejudice.

      **B.**     **Alternatively, the Court Can and Should Award the Attorneys' Fees and Costs Sought Pursuant to Rule 41(a)(2) as a Term in Its Dismissal Order.**

Even if the Court believed it no longer could grant Defendant's Sanctions Motion (which it can), it still can and should award the attorneys' fees and costs sought in that Motion as a condition of a dismissal with prejudice.  Per Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*" (emphasis added).  "Rule 41(a)(2) permits [a district court] to impose fees and costs on the plaintiff as a condition of dismissal as a matter of course or pursuant to a fee-shifting statute, but fees and costs may be imposed on counsel only if there is an independent statutory basis for imposing sanctions." *Chavez*, 2014 WL 12591672 at *2 (citing, *inter alia*, *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993)).

The Ninth Circuit has not addressed whether attorneys' fees and costs may be awarded as a condition of dismissal with prejudice under Rule 41(a)(2).  *Chavez*, 2014 WL 12591672 at *3.  However, district courts in the Ninth Circuit have recognized that they may condition a dismissal *with* prejudice on a fee and cost award.  *See id.* (stating, "We think dismissal with prejudice is at least a factor to be considered in deciding whether to condition dismissal on the payment of fees

and costs," but *not* ruling that fees and costs are *per se* unavailable upon such a dismissal); *Rodriguez*, 2011 WL 4831201, at *3 ("these courts have held that, in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under 'exceptional circumstances' or pursuant to Fed.R.Civ.P. 11") (quoting *Chavez*, 2011 WL 317482, at *4); *supra* note 4 ("exceptional circumstances" need not be shown for award against counsel). An award of fees and costs sought in Defendant's Sanctions Motion is warranted as a dismissal term under Rule 41(a)(2):

As the court in *Chavez v. Wal-Mart Stores* observed in discussing whether to condition a Rule 41(a)(2) voluntary dismissal with prejudice on payment of fees and costs by the *plaintiff*:

> Whether to impose costs and attorney's fees as a condition of dismissal is within our discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Factors that have been recognized by the Ninth Circuit as relevant to this decision include, but are not limited to, the conduct of the opposing party and the closeness of the legal issues that the case presented. *See Herman v. Zamora*, 178 F.3d 1299 (9th Cir. 1999) (finding no abuse of discretion where court refused to award costs and fees because defendant had been uncooperative during litigation); *Stevedoring Servs. of Am.*, 889 F.2d at 922 (no abuse of discretion in refusing to award costs and fees because plaintiff sought dismissal only after losing on a legal issue that "presented a close question"). Factors that have been recognized by other circuit courts of appeals include "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending."

2014 WL 12591672 at *2.

Here, requiring Plaintiff Schobinger to pay Defendant's requested fees and costs as a condition of a dismissal with prejudice is fully warranted under the circumstances. As detailed *supra* and in Defendant's Sanctions Motion, Plaintiff's conduct at his deposition and in seeking to represent a class – knowing that he was a material cause of the very non-payment he was challenging – rises to the level of sanctionable conduct. *See, e.g.*, Hr'g Tr. 11:19-21 (Court: "there is a question of whether [Plaintiff] committed perjury in his deposition, frankly…."); Hr'g Tr. 12:21-25 (Court: "I think your client might need to read his deposition transcript carefully and *wonder if he is in legal jeopardy for what he said in that deposition.* You know, *I seriously wonder if, perhaps, you have put him in legal jeopardy.*") (emphasis added). Nor was there any "closeness of the legal issues that the case presented" in this litigation. *See Chavez*, 2014 WL 12591672 at *2; Hr'g Tr. 4:14-16 (Court stating that the factual record "strongly indicate[d] that *[Plaintiff] has no*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

*breach of contract claim; that he is going to lose*.") (emphasis added); ECF 101, at 2 (Court's class certification denial: "[Plaintiff] might fit nicely into this case as a defendant, but he cannot possibly fit as a named plaintiff.").

This sanctionable conduct warrants a fee and cost award against Plaintiff as a condition of a Rule 41(a)(2) dismissal with prejudice. *See Rodriguez*, 2011 WL 4831201, at *3 ("in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under 'exceptional circumstances' **or** pursuant to Fed.R.Civ.P. 11") (emphasis added). It also constitutes "exceptional circumstances," an independent ground. *Id.* This action is miles from a garden-variety case where a party acts with diligence and seeks to dismiss due to new information learned, or some personal circumstance. *Compare Chavez*, 2014 WL 12591672 at *1 (plaintiff sought dismissal "'in light of certain new facts which were revealed for the first time in her deposition on August 27, 2014, and after discussions with her counsel, [she] no longer wishes to pursue her claims against' Walmart."); *Rodriguez*, 2011 WL 4831201, at *1 ("Plaintiffs [sought dismissal because they] could no longer afford to prosecute the action and were not willing to risk the possibility that they might be held liable for Defendants' attorneys' fees and/or costs if they did not prevail at trial."). Other factors exacerbate these issues, including the fact that Plaintiff dragged this litigation out for more than six months after production of documents (which he already knew about) that sank his claims, costing Defendant well over half a million dollars in fees and costs. *Compare, e.g.*, *Chavez*, 2014 WL 12591672 at *3 (finding a fee and cost award against plaintiff not warranted upon voluntary dismissal with prejudice where – in marked contrast to this case – "[t]his litigation was still in its early stages. No class certification had been filed and the end of discovery is many months away. Walmart has not indicated that it spent any time preparing for trial yet.").

Nor can Plaintiff argue that dismissal with prejudice would obviate the need for deterrence through a fee and cost award. *Compare, e.g.*, *Chavez*, 2014 WL 12591672 at *3 ("By seeking voluntary dismissal with prejudice, Chavez is forever surrendering her claim, which means there is no need for us to impose conditions as a way of protecting Walmart from incurring duplicative expenses in future litigation."); *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996) (noting that "defendants' interests can be protected by conditioning the dismissal without prejudice

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC

upon the payment of appropriate costs and attorney fees"). Plaintiff's counsel has already asserted arbitration claims to recover the 2022 PBP bonus on behalf of many other employees (in addition to seeking to substitute a plaintiff here). Meckley Decl. ¶ 4. It is almost certain that his counsel will unfairly use his potential perjurious deposition testimony or seek other assistance from him as additional bonus-related claims proceed. *Id.* An award of fees and costs therefore is critically necessary to ensure that he avoids further vexatious conduct against Defendant going forward.

In addition, an award of attorneys' fees and costs is also warranted against Plaintiff's counsel Ms. Liss-Riordan as a condition of the requested voluntary dismissal with prejudice under Rule 41(a)(2). As noted, such an award against legal counsel is appropriate "if there is an independent statutory basis for imposing sanctions." *Chavez*, 2014 WL 12591672 at *2; *Heckethorn*, 992 F.2d at 242. As the foregoing facts and Defendant's Sanctions Motion abundantly demonstrate, Plaintiff's counsel's pattern of bad faith and vexatious conduct warrants robust sanctions, including an award of Defendant's requested attorneys' fees and costs, under Rule 11, 28 U.S.C. Section 1927, and/or the Court's Inherent Power. Such an award is necessary to ensure that Plaintiff's counsel exercises far greater prudence and responsibility in litigating other claims for payment of the 2022 PBP bonuses than she exercised in this case.

**IV.   CONCLUSION**

In addition to dismissing the Complaint with prejudice, the Court should order Plaintiff and his legal counsel to pay Defendant its legal fees and costs as detailed in its Sanctions Motion.

Dated: March 14, 2025                MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Eric Meckley
Eric Meckley
Brian D. Berry
Jonathan D. Lotsoff
Ashlee N. Cherry
Attorneys for Defendant X CORP.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

15

DEFENDANT'S RESPONSE TO MOTION
TO DISMISS WITH PREJUDICE
CASE NO. 3:23-cv-03007-VC